

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 28, 2023

**BY ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York NY 10007

    Re:    *United States v. Kevin Perez et al.*, 23 Cr. 99 (LJL)

Dear Judge Liman:

    The Government respectfully submits this letter to request that the Court enter the proposed protective order attached as Exhibit A (the "Proposed Protective Order"). As all parties agree, there is "good cause" for the Court to enter the order, including the portion of the order designating certain disclosure material as "sensitive" and restricting its use. *See* Fed. R. Crim. P. 16(d).

    Pursuant to Federal Rule of Criminal Procedure 16, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "While protective orders related to judicial documents and criminal proceedings are subject to constitutional and common law scrutiny, protective orders related to discovery are not. This is because experience and logic show that there is no right of access to discovery materials." *United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013); *see also id.* ("pre-trial discovery, unlike the trial itself, is usually conducted in private") (internal quotation and citation omitted). Protective orders in criminal cases are standard and serve important functions, particularly where, as here, the Government plans to "provide . . . [an] array of discovery materials," *id.* at 546, in an expeditious manner. "[T]he Supreme Court has held that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Id.* at 521 (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

    Significantly, in determining whether there is good cause to issue a protective order, courts "have recognized the pitfalls in allowing unfettered public access to discovery materials," including the risks that the "purpose of the discovery rules—to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field—might be undermined," and "that disclosure of some of the discovery materials could taint a trial." *Id.* at 520. Courts in this District have also held that "countervailing law enforcement concerns and the privacy interests of third parties" may justify the issuance of a protective order. *United States v. Kerik*, No. 07 CR 1027 (LAP), 2014 WL 12710346, at *2 (S.D.N.Y. July 23, 2014); *see also Smith*, 985 F. Supp. 2d at 524 ("[C]ourts have recognized that the interests of third parties may justify restrictions on public access to judicial and other documents and materials."); *id.* ("courts have

repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might adversely affect law enforcement interests") (internal quotation and citation omitted).

Here, as all parties agree, there is "good cause" for the Court to restrict dissemination of the disclosure material described in the Proposed Protective Order. The Government's disclosure material may include material that affects the privacy and confidentiality of individuals and entities; would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; would risk prejudicial pretrial publicity if publicly disseminated; and that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. In addition, certain disclosure material (deemed "sensitive") could lead to the identification of witnesses—who may be subject to intimidation or the risk of harm.

The Government understands that counsel for defendants Kevin Perez, Devon Mason, and Nicholas Johnson all consent to the entry of the Proposed Protective Order. Counsel for defendant Sean Smith objects only to one portion of one sentence of the Proposed Protective Order, and counsel for defendant Jossi Castro joins in that objection. The sentence in question states the following:

> Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses <u>who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm</u> absent the protective considerations set forth herein.

Proposed Protective Order at 1-2 (emphasis added). Counsel for Smith and Castro object to the portion of the sentence underlined above—namely, "who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm." They propose that this portion of the sentence be removed and that the Proposed Protective Order otherwise be entered as is. According to counsel for Smith and Castro, the fact that information "identifies, or could lead to the identification of, witnesses . . . absent the protective considerations" set out in the order is sufficient—on its own—to constitute "good cause."

Notably, therefore, counsel for Smith and Castro are *not* contending that there is insufficient "good cause" justifying the designation of certain materials as sensitive or the proposed restrictions on the dissemination of such materials. In fact, their position is that the good cause standard would be satisfied even absent *any* indication that potential witnesses may be subject to intimidation or the risk of harm. All parties therefore agree that there is "good cause" justifying the issuance of the Proposed Protective Order.

The only dispute is whether there is a factual basis for the statement that potential witnesses in this case may be subject to intimidation or the risk of harm. The Government included this language in order to ensure compliance with Rule 16(d)'s good cause requirement. And contrary to the claims of counsel for Smith and Castro, there is ample basis for the conclusion that potential

witnesses in this case may be subject to intimidation or the risk of harm absent the restrictions in the Proposed Protective Order.

As reflected in the Indictment (and as found by the Grand Jury), the defendants and their co-conspirators are members and associates of a violent street gang called Sev Side/DOA. In furtherance of this gang, the defendants and their co-conspirators have engaged in many acts of violence, including murders, assault, and robberies. Members of Sev Side/DOA regularly possess firearms and ammunition. *See* Indictment ¶ 5d. And one purpose of Sev Side/DOA is "[k]eeping victims and potential victims in fear of the [gang] and its members and associates through acts and threats of violence." *See* Indictment ¶ 4b. The defendants are facing lengthy sentences in this case that may lead to their incarceration for the rest of their lives. And while most of the defendants are currently detained, other members of Sev Side/DOA are still in the community and capable of harming, threatening, or intimidating potential witnesses.

In light of the above, there is ample basis for the Court to find—for purposes of the Proposed Protective Order—that potential witnesses "*may* be subject to intimidation or obstruction" and that their "lives, persons, and property" may be subject to the risk of harm. This is not a close case. *Of course* potential witnesses against violent gang members with a history of intimidating victims and committing acts of violence, including murder, and who are facing life in prison, *may* be subject to violence and the risk of harm. The Court does not have to wait until a potential witness is *actually* harmed or threatened before reaching this conclusion in the context of a protective order.

Smith and Castro would not be prejudiced by the entry of the order. The disputed language does not say that *Smith* or *Castro* would harm potential witnesses—it merely states that potential witnesses *may* be intimidated or put at risk by *someone*. Of course, the Government would not (and could not) use any finding by the Court in this regard against Smith, Castro, or anyone else at trial or any other proceeding. The defendants are presumed innocent, and the Government is not asking for a final determination that they present a risk of harm to others. *See, e.g.*, *United States v. Baker*, 20-CR-288 (LJL), 2020 WL 4589808 (S.D.N.Y. Aug. 10, 2020). The Court does not need to hold an evidentiary hearing before entering a protective order—it can base its finding with respect to good cause for the protective order on the allegations in the Indictment and the Government's proffer. *See id.*[1]

Moreover, as noted above, counsel for Smith and Castro have already agreed that "good cause" exists and that the restrictions in the Proposed Protective Order should be imposed. Accordingly, Smith and Castro will not be prejudiced in any way by the entry of the Proposed

---

[1] The Government has no objection to the Court adding language to the Proposed Protective Order indicating that its finding that potential witnesses may face intimidation or the risk of harm is based on the Indictment and the Government's proffer, *e.g.*, "Certain of the Government's disclosure material, referred to herein as 'sensitive disclosure material,' contains information that identifies, or could lead to the identification of, witnesses who based on the Indictment and the Government's proffer may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein."

Protective Order.  The Government therefore requests that the Proposed Protective Order be entered in its entirety.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney


by: _____/s/_____
     Elizabeth Espinosa
     Jim Ligtenberg
     Ni Qian
     Assistant United States Attorneys
     (212) 637-2216/2665/2364