**Andrew G. Patel**
Attorney-at-Law
15 Chester Avenue
White Plains, New York 10601
apatel@apatellaw.com                                                                                           Telephone 212-349-0230

**By Email and ECF**

March 31, 2023

The Honorable Lewis J. Liman
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                              Re:    <u>U.S. v. Perez et al, including Sean Smith</u>
                                          23 Cr. 99 (LJL)

Dear Judge Liman:

      New York State authorities arrested Kevin Perez more than one year ago for the murder charged in this indictment.  Sean Smith, fully aware of the charges against Mr. Perez, remained at liberty until he voluntarily surrendered to federal authorities earlier this month.  In the interim, there have been no allegations of threats of harm to witnesses by either Mr. Perez or Mr. Smith.  Those are facts.

      Rule 16, Fed. R. Crim. P., requires a showing of good cause to obtain a Protective Order.  "Good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury. A finding of harm must be based on a particular factual demonstration of potential harm, not on conclusory statements."  *United States v. Smith*, 985 F. Supp.2d 506, 523 (S.D.N.Y 2013) (internal citations and quotation marks omitted).

      All defense counsel agree that good cause has been established for the Court to issue a Protective Order and to file the Order on the public record.  We object to language in the Order proposed by the Government because the proposal implicates, with no showing of "a particular factual demonstration of potential harm," that individuals subject to this Order might threaten any witness or anyone or anything related to any witness.  No Complaint was filed in this case.  The Government's reliance on boiler plate language of the indictment does not meet the factual standard for a showing of good cause.

      The defendants are prejudiced by the issuance of an Order that implies they could be guilty of a crime for which they have never been charged.  The presumption of innocence requires a greater showing before such an Order is issued. We ask that the objectionable language in the Government's Proposed Order be stricken as follows: "Certain of the Government's disclosure material, referred to herein as 'sensitive disclosure material,'

**The Honorable Lewis J. Liman**
United States District Judge
March 31, 2023
Page 2

contains information that identifies, or could lead to the identification of, witnesses ~~who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm~~ absent the protective considerations set forth herein."

The Government is not prejudiced by removing this language. The Government still gets all the protection it seeks for "sensitive disclosure material" after the offensive language is deleted. There is precedent in this District for issuing Protective Orders that do not contain this language. *See United States v. Adames*, 18 Cr. 776 (CS) (Dkt. # 220) (narcotics); *United States v. White*, 23 Cr. 40 (JRS) (Dkt. # 12) (multi-victim fraud); *United States v. Grant*, 21 Cr. 655 (AKH) (Dkt. # 15) (murder); *United States v. Sampson*, 22 Cr. 640 (KMK) (Dkt. # 46) (RICO conspiracy).

Accordingly, we respectfully request that the Court issue a Protective Order without the objectionable language and further Order the Government and defense counsel to meet and confer about redactions that would permit the defendants greater access to sensitive disclosure material. *See United States v. Baker*, 2020 WL 4589808 at *2 (S.D.N.Y. Aug. 10, 2020) (Liman, J.).

Respectfully submitted,

/s/Andrew Patel
Andrew G. Patel

cc: All counsel by ECF and Email

MEMO ENDORSEMENT.
All parties agree that there constitutes good cause for the issuance of the protective order. The Court also finds by a preponderance that, based upon the indictment and the Government's proffer, that there exists a risk that certain of the Government's disclosure material could lead to the identification of witnesses who might be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of love ones, will be subject to risk of harm absent the protective considerations set forth in the protective order. Accordingly, the Court has signed the protective order as modified and, to that extent, overrules the objections of Perez and Smith. The Court's findings, of course, do not constitute an admission by any defendant nor will they be admissible against the defendants at trial.

3/31/2023   SO ORDERED.

LEWIS J. LIMAN
United States District Judge