```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          23 Cr. 99 (LJL)

KEVIN PEREZ, DEVON MASON,
ERVIN BEAMON, NICHOLAS
JOHNSON, SEAN SMITH, AND JOSSI
CASTRO,
                                        Conference
            Defendants.
------------------------------x
                                        New York, N.Y.
                                        September 19, 2023
                                        12:15 p.m.

Before:

                    HON. LEWIS J. LIMAN,

                                        District Judge

                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
ELIZABETH ESPINOSA
NI QIAN
     Assistant United States Attorneys

DAVID TOUGER
     Attorneys for Defendant Perez

RAYMOND ELVIS GAZER
     Attorney for Defendant Mason

RAOUL ZALTZBERG
     Attorney for Defendant Beamon

DAVID BERTAN
     Attorney for Defendant Johnson and stand-in for Smith

STEPHEN TURANO
     Attorney for Defendant Castro
```

1             (Case called)
2             MS. ESPINOSA:  Good afternoon, your Honor.  Elizabeth
3    Espinosa and Ni Qian, for the government.
4             THE COURT:  Good afternoon.
5             MR. TOUGER:  Good afternoon, your Honor.  David
6    Touger, for Mr. Kevin Perez, who's in the second row all the
7    way to the right closest to you.
8             MR. TURANO:  Good afternoon, your Honor.  Steven
9    Turano on behalf of Jossi Castro, who is in the first row.
10            MR. GAZER:  Good afternoon, your Honor.  Raymond Gazer
11   on behalf of Devon Mason who's seated in the first row in the
12   middle.
13            MR. BERTAN:  Good afternoon, your Honor.  David
14   Bertan, for Mr. Johnson.  I'm also appearing on behalf of
15   Mr. Patel for Mr. Sean Smith.
16            THE COURT:  Afternoon.
17            MR. ZALTZBERG:  Raul Zaltzberg.  I'm here for
18   Mr. Beamon, who's seated furthest away from you in the jury
19   box.
20            THE COURT:  Welcome, and apologies that we're getting
21   started a little bit late.  I just wanted to get through those
22   preliminary instructions for the prior civil jury.
23            Let me hear from the government where things stand
24   with respect to discovery in the case generally.
25            MS. ESPINOSA:  Your Honor, the government had produced

1    discovery in June to the discovery coordinator.  It's your
2    understanding that that has been produced to the defendant
3    sometime thereafter.  At this point, from the government's
4    perspective, assuming defense counsel are ready to do so, we
5    think it makes sense to set a motion schedule going forward.
6            THE COURT:  I contemplate doing that and setting a
7    date for trial, understanding that the date for trial may be
8    some time out, but with this number of lawyers involved and
9    this number of defendants, I think it's important to have a
10   date on the calendar.
11           How long do you expect the government's case to run?
12           MS. ESPINOSA:  Your Honor, I think if all six
13   defendants remain in the case, we would likely have something
14   on the lines of three or four weeks.  If less defendants are
15   still going to trial at that point, it would be correspondingly
16   shorter.
17           THE COURT:  I think we need to assume that everybody
18   who's seated here is going to trial, so three or four weeks.
19           MS. ESPINOSA:  Then I think we should assume three or
20   four weeks, which is a conservative estimate.  We can make a
21   more specific estimate in the future, but let's just assume
22   four weeks.
23           THE COURT:  Who wants to go first from the defense
24   side?  Identify yourself for the record when you're speaking.
25           MR. TOUGER:  Your Honor, David Touger.  We'd like to

1     set a motion schedule also.  Some of us have motions already we
2     know we're going to make and others are still contemplating
3     their motions.  However, as the Court is aware, I'm sort of
4     newly into the case, so I haven't gotten through all the
5     discovery yet.  So if we could just extend out the motion
6     schedule a little bit, that would be preferable for now.
7               THE COURT:  Tell me, when you say extend it out a
8     little bit, what you have in mind.
9               MR. TOUGER:  Let me just talk to my cocounsel.
10              THE COURT:  OK.  While you're conferring, you might
11    also confer on a trial date.  OK, Mr. Touger?
12              (Counsel confer)
13              MR. TOUGER:  I've spoke to all my cocounsel.  As far
14    as — let's work our way from the end to backwards.
15              As far as trial date, between all of us and the trials
16    that are already scheduled, September of '24 is probably the
17    earliest date that we could get.  That being said, since the
18    trial's September of '24, if we could have two months to file
19    defense motions, that would be what we would request.
20              THE COURT:  Does the government have — first of all,
21    let me ask, thank you, Mr. Touger.  Anything else from you,
22    Mr. Touger?
23              MR. TOUGER:  Not about that, your Honor, no.
24              THE COURT:  Does any other defense counsel want to be
25    heard about those dates?  I'm going to assume, if nobody's

N9JHPERC

standing up to heard, that you all consent and will be prepared to exclude time, but anybody who wants to stand up and be heard, now would be the time.

All right. Does the government have a view about those dates?

MS. ESPINOSA: Your Honor, those dates work for the government. I think, in light of a potentially large number of defense motions, we would ask for about four weeks to respond, but we're totally fine with two months for the defense to file and a September 2024 trial date.

THE COURT: I think, given the number of defendants and what I understand to be the volume of discovery and the length of the trial, that kind of trial date makes sense, also given the fact that we have to accommodate the schedule of a number of defense lawyers and that there will be a summer that intervenes.

So looking at the calendar, does November 30 work for the — actually, let me think about this. Hang on one moment.

MR. TOUGER: November 30 is fine for defense motions to be filed, your Honor.

THE COURT: OK. Ms. Espinosa, that would put the — if I gave you four weeks, would give you around December 29. I realize that it's right around the holidays. Does that work for you?

MS. ESPINOSA: Your Honor, could we have an extra

1   week, then, into the end of the first week of January?
2              MR. TOUGER:  No objection, your Honor.
3              THE COURT:  All right.  So January 5.  And if there
4   are going to be replies, why don't we have replies January 19,
5   and I'm going to give you a hearing date sometime the week of
6   January 22.
7              January 25 at 11 a.m., does that not work for any
8   defense counsel?  It's pretty far out.  OK.  I don't see
9   anybody raising their hands.
10             I assume that works for the government?
11             MS. ESPINOSA:  Yes, your Honor.
12             THE COURT:  Let me now look at the trial date for
13  September of 2024.
14             All right.  We can do trial September 9.  Work for the
15  government?
16             MS. ESPINOSA:  Yes, your Honor.
17             THE COURT:  Does that not work for any defense
18  counsel?  OK.  I don't see anybody raising their hands.
19             So trial will begin September 9.  I'm going to do a
20  final pretrial conference –– and I hate to destroy people's
21  August plans, but I think I might –– the week of August 26.
22             What can we do, Matt?  August 27 at 11 a.m.
23             MR. TOUGER:  Is it possible to do that on the 28th,
24  your Honor?
25             THE COURT:  Let me see.  All right.  August 28 at

N9JHPERC

11 a.m.

 Then I'm going to want requests to charge and proposed voir dire and, if there are *in limine* motions, any *in limine* motions on August 9.  Oppositions to the requests to charge, the voir dire, and any *in limine* motions would be due on August 16.

 MR. TOUGER:  Your Honor, as far as motions *in limine* ——

 THE COURT:  Do you want an earlier date?

 MR. TOUGER:  No, I wasn't going to say that.  I was going to say a later date, because when are we going to get trial discovery?  There's probably just going to be more motions *in limine* at that point.  So whenever we get ——

 THE COURT:  I need to build in time for myself to read them.

 MR. TOUGER:  I understand that, your Honor, but ——

 THE COURT:  I understand your point, Mr. Touger.  What if I, as a practical matter, made it August 16?  I think that's the best I can do with —— for the motions *in limine*, with oppositions August 23.  On the request to charge and the oppositions to the requests to charge and the voir dire, the dates I gave you before of August 11 and August 16 will stick.  You don't need to know all of the discovery to be able to put together a charge or the oppositions to the charge or the voir dire.

1          Are there any other dates from the government's
2  perspective that I should set right now?
3          MS. ESPINOSA:  Not from the government, your Honor.
4          THE COURT:  What about from the defense?
5          MR. TOUGER:  No, your Honor.
6          THE COURT:  All right.  Anything else from the
7  government other than the Speedy Trial Act?
8          MS. ESPINOSA:  Not other than the Speedy Trial Act,
9  your Honor.
10          THE COURT:  All right.  What about from the defense?
11  Anybody have any matters to raise?
12          MR. TOUGER:  Your Honor, we did raise with the
13  prosecution, and they said they would check into it, that the
14  defendants, at least the ones in Essex County, they're under
15  separation orders, and that does make it difficult to do
16  codefendant meetings.  So if we could —— the prosecution said
17  they would check on removing those separation orders.
18          THE COURT:  So if there's an issue that you need me to
19  decide or you need my assistance on after conferring with the
20  government, either side can raise that.  I just would encourage
21  you to raise it promptly.
22          MR. TOUGER:  Thank you.
23          The other thing, your Honor, is since we're extending
24  out, at least for my client this includes a homicide and
25  another attempted homicide, would the Court entertain interim

N9JHPERC

1  vouchers?
2          THE COURT:  Yes.
3          Anything else from the defense counsel?
4          MR. GAZER:  Judge, I understand my client, Mr. Mason,
5  is not being regarded adequate time to review discovery at
6  Essex County.  I ask that the government look into that, make
7  sure he has ample time.
8          MR. TOUGER:  I would second that as far as Mr. Perez
9  is concerned.
10         MR. BERTAN:  I would third that on behalf of
11 Mr. Johnson.
12         THE COURT:  All right.  The government has its work
13 cut out.  I'm sure Mr. Espinosa will look into it.
14         MS. ESPINOSA:  I would encourage defense counsel to
15 try to raise these with us as we're happy to help, but we need
16 to be alerted to the existence of an issue, and we will advise
17 the Court if we need an intervention to address any concerns.
18         THE COURT:  All right.  Ms. Espinosa, you want to make
19 your application?
20         MS. ESPINOSA:  Yes, your Honor.  The government moves
21 to exclude time until September 9, 2024, to allow defense to
22 make motions and allow the parties to prepare for trial and, in
23 the event anyone is interested in any pretrial resolution, for
24 those discussions to occur.
25         THE COURT:  Let me hear from each counsel for the

1  defense whether they consent to that exclusion.
2          MR. TOUGER:  We consent, your Honor, on behalf of
3  Mr. Perez.
4          MR. TURANO:  Your Honor, on behalf of Mr. Castro, we
5  consent.
6          MR. GAZER:  We consent on behalf of Mr. Mason.
7          MR. BERTAN:  On behalf of Mr. Johnson and Mr. Smith, I
8  consent.
9          MR. ZALTZBERG:  On behalf of Mr. Beamon, we consent as
10 well, your Honor.
11         THE COURT:  I will skew lime from today until
12 September 9, 2024 under the Speedy Trial Act, 18 U.S.C.
13 3161(h)(7)(A).  I find that the ends of justice outweigh the
14 interests of the defendant and the public in a speedy trial.
15 This is a complex case with a huge amount of discovery, a large
16 number of defense lawyers.  Time is needed to review the
17 discovery, including with defendants who are incarcerated; for
18 the parties to prepare motions; for the parties to prepare for
19 trial; and for the parties to discuss any pretrial resolution.
20 All of those grounds indicate that the ends of justice outweigh
21 the interests of the public and the defendants in a speedy
22 trial.
23         Anything further from the government?
24         MS. ESPINOSA:  No, your Honor.  Thank you.
25         THE COURT:  Anything further from defense counsel?

1             MR. TOUGER:  No, your Honor.
2             THE COURT:  All right.  Thank you all, and see you
3    when we have our motion hearing.
4             (Adjourned)