**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL DOCKET NO. 1:23-cr-00099-1 |
| | : |
| KEVIN PEREZ | : HONORABLE LEWIS J. LIMAN |

**MOTION TO SET BAIL AND CONDITIONS OF RELEASE**

**AND NOW**, the Defendant, Kevin Perez, by and through counsel, Jack McMahon,

Esquire, hereby submits this Motion to Set Bail and Conditions of Release, and avers the

following:

1.  Defendant was indicted on February 21, 2023 and charged with five counts involving

Racketeering Conspiracy (18 U.S.C. 1962), Racketeering - Murder (18 U.S.C. 1959), Violent

Crime/Drugs - Death (18 U.S.C. 924), Assault/Attempt Murder (18 U.S.C. 1959) and Violent

Crime/Drugs/Machine Gun (18 U.S.C. 924C).

2.  On February 23, 2023, before Magistrate Judge Valerie Figueredo, pretrial detention

order was granted on consent without prejudice.

3.  Trial is currently scheduled for September 9, 2024 over a half a year from today.

4.  Defendant has now been in custody pretrial on this indictment for almost a year.

5.  The Government has been providing voluminous discovery in connection with these

charges.

6.  On March 31, 2023, this Court issued a protective order on a showing of good cause.

7.  Working as effective counsel with three things, 1) incarcerated defendant, 2)

protective order and 3) voluminous discovery is extraordinarily difficult.  Although the Speedy

Trial Act, 18 U.S.C. §3161 et seq., is designed to ensure that criminal matters are brought to trial expeditiously, in reality, it often takes many months before a complex case can be tried. Preventive detention for many months, without a finding of guilt, raises a serious constitutional question and the length of the defendant's detention must be considered in a bail application such as the present one.  Given the voluminous amount of discovery in this case and Mr. Perez's intention to go to trial, there is a very high risk that continued pretrial detention would result in a due process violation.

Pretrial detention constitutes punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," Salerno, 481 U.S. at 746–47, or "ensur[ing] [a defendant's] presence at trial," Bell v. Wolfish, 441 U.S. 520, 536, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Due process sets no bright-line limit on the length of pretrial confinement, but courts have found prolonged pretrial detention to violate due process when insufficiently justified by other factors. See, e.g., United States v. Ojeda Rios, 846 F.2d 167, 168–69 (2d Cir. 1988) (holding unconstitutional pretrial detention for thirty-two months without trial date); United States v. Gatto, 750 F. Supp. 664, 665 (D.N.J. 1990) (although court still considered defendants dangerous to community, 15-month detention had become punitive under due process clause and required release on conditions pending trial); United States v. Khashoggi, 717 F. Supp. 1048, 1051 (S.D.N.Y. 1989) (finding that likelihood of a somewhat prolonged pretrial detention weighed in favor of defendant's bail application); United States v. Lofranco, 620 F. Supp. 1324, 1326 (N.D.N.Y. 1985) (while releasing defendant would create potential dangers to the public and to the integrity of his trial, danger was outweighed by liberty interest of defendant who had

already been held for six months); <u>Gonzales Claudio</u>, 806 F.2d at 341.  Continued detention then

for Mr. Perez may prevent him from meaningful participation in his own defense and a fair trial.

8.  It is clear pursuant to 18 U.S.C. §3142(c)(f)(1) that this is a rebuttable presumption

case.

9.  A rebuttable presumption is not a mandate for detention nor conclusive evidence that a

defendant should be detained.

10.  The court must consider the factors in 18 U.S.C. §3142(g) to determine whether there

are conditions of release for Mr. Perez that would "reasonably assure" Mr. Perez's appearance

and the safety of the community, and the burden of proof remains on the government.

11.  The presumption for firearm - offender places upon the defendant only the burden of

production; the burden of persuasion remains with the government.  Even if presumption is not

rebutted, a court must still consider the factors listed in §3142(g) to determine if there are

conditions that can reasonably assure the appearance of the defendant and reasonably protect the

safety of the community.

12.  Any evidence favorable to a defendant that comes under items listed in §3142(g) can

rebut the presumption.

13.  A defendant does not have to show that he is innocent of the charged crime or that

the alleged offense is not dangerous.  All crimes enumerated in the rebuttable presumption are by

definition dangerous but the analysis does not stop at that determination.

14.  Dangerousness authorizing pretrial detention requires that the court find that the

defendant is likely to commit one of the offenses specified in §3142(f).

15.   The Supreme Court in <u>U.S. v. Salerno</u>, 481 U.S. 739 (1987) found that a finding of dangerousness must be supported "by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community."

16.   Before detention is ordered, the court must consider all reasonable less-restrictive alternatives to detention.

17.   Detention is mandated if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" 18 U.S.C. §3142(c).

18.   Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community."  <u>United States v. Madoff</u>, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. §3142(c)(1)(B).  It is properly viewed as a permissible regulatory, or preventative, measure for use by the courts, rather than being punitive in nature.  See <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101 (1987).  Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'"  <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. 1986) cert. dismissed 479 U.S. 978, 107 S.Ct. 562 (1986).  Accordingly, the Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Salerno</u>, 481 U.S. at 755, 107 S.Ct. at 2105.

"Because the law thus generally favors bail release, the government carries a dual burden in seeking pretrial detention.  First, it must establish by a preponderance of the evidence that the

- 4 -

defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal citations omitted). The government carries an even higher burden if it seeks to prove that the defendant is dangerous, in which case its burden is proof by clear and convincing evidence. United States v. Vasconcellos, 519 F. Supp. 2d 311, 316 (N.D.N.Y. 2007).

"In applying the factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." United States v. Shakur, 817 F.2d 189, 195 (2d Cir. 1987) citing S. Rep. No. 225, 98th Cong., 2d Sess. 7, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3189.

19. Section 3142(g) sets forth the factors for the court to consider in determining whether to release or detain the defendant. The factors are:

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

(A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal State, or local law; and

(4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

20.  Kevin Perez is currently twenty years old.  The Racketeering Conspiracy charged begins in 2017 when Mr. Perez would have only been fourteen years old.  The two counts with specific allegations are November 10, 2021 and December 16, 2021.  Mr. Perez was only eighteen years old at time of each of these incidents.

21.  A check of the Defendant's New York state record indicates two arrests, one for the December 16, 2021 homicide which has become a part of the current indictment and a gun arrest of November 12, 2021 which it appears has not been adjudicated as of the date of this filing.  Mr. Perez has an adjudication for a third degree robbery when he was fifteen and received one year probation.  Defendant's prior criminal history is basically incorporated in the charges of indictment.

22.  Mr. Perez was originally charged in state court for the December 16, 2021 homicide. It is important to note, when we look at likelihood to appear, that Mr. Perez turned himself in with counsel shortly after arrest warrant was issued.  If he had any intention of fleeing that would have been the time facing such serious charges.  Instead, Mr. Perez did the responsible thing, hired counsel and surrendered to face the allegations.

23.  Mr. Perez is a life long resident of the Bronx, New York and has never resided anywhere else and owns no residences in any other jurisdiction.

24.  Mr. Perez during much of the relevant time of this indictment was working very successfully in the music industry with a contract with Capitol Records.  Mr. Perez issued his first single in May of 2020 and followed it with numerous other successful songs up until his arrest in December of 2021.

25.  The racketeering activity of fraud and robbery is totally inconsistent with the artistic and financial success Mr. Perez was experiencing during this period.

26.  In addition to all of the above the 3142(g) factors regarding release:

    1)  <u>Nature and circumstances of the offense</u>:

        As stated earlier this clearly an allegation of a crime of violence

    2)  <u>Weight of evidence</u>:

        After beginning to undertake a review of the voluminous discovery it appears that Mr. Perez has significant and viable defenses, particularly to the two substantive events of November 10, 2021 and December 16, 2021

    3)  <u>History and characteristics of Mr. Perez</u>:

        A)  Mr. Perez is only twenty-one years old, eighteen at the time of the alleged crimes.  He has lived in the Bronx his entire life.  The most significant thing regarding his past conduct is the very allegations in this indictment.  He has never failed to appear and, as previously stated, turned himself in almost immediately of New York State homicide warrant.  During this relevant time, Mr. Perez was employed, working full time successfully in the music industry for Capitol Records.

        B)  Mr. Perez was not on probation or parole or other release pending trial at the time of the current offense.

4)      <u>Seriousness of danger to others</u>:

There is no evidence of any threats or intimidation or other violent conduct other than the specific facts of this indictment.

27.  It seems there is certainly less restrictive conditions than pretrial detention for twenty-seven months and another seven months pending before trial date.  Mr. Perez will be incarcerated almost three years before any fair and objective trial on the allegations.

<u>Potential conditions to secure safety and appearance at court</u>:

A) Posting of properties

1)      396 Hemmer Road
        Youngsville, NY 12758

        FMV: $335,000.00
        Mortgage: 0

2)      472 Ridge Road
        Campbell Hall, NY 10916

        FMV: $615,000.00
        Mortgage: 0

3)      520 Eagle Drive
        East Stroudsburg, PA 18034

        FMV: $460,000.00
        Mortgage: 0

4)      <u>Total</u> Real Estate equity of over $1.4 million

B) Strict home confinement with GPS monitoring

C) Third party custodian

Shelby Oliver
DOB: April 6, 1977
Address: 57 Jacoby Run Road
           Mt. Bethel, PA 18343

Occupation: CEO Multiple Advanced Staffing
           200 Broadhollow Road
           Melville, NY 11747

Conclusion: A twenty year old young man with no significant criminal history, who was working at the time of criminal offense, who has lived in New York his entire life, who turned himself in on original homicide charge, who, if not released, will have spent almost three years in pretrial custody damaging his ability to participate in trial preparation seems to be the person who rebuts the presumption.  Strict house arrest, GPS monitoring, posting significant properties and a third party custodian are less restrictive conditions that will clearly protect public and erase all doubt of appearing for court.

    **WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that the Defendant's Motion to Set Bail and Conditions of Release be granted.

                        Respectfully submitted,


Date:  February 15, 2024                 /s/ Jack McMahon_____
                                         Jack McMahon
                                         Attorney for Kevin Perez

## CERTIFICATE OF SERVICE

      The undersigned hereby certify that on this date a copy of the foregoing Motion to Set Bail and Conditions of Release was served by way of the Court's electronic case filing system upon the following:

Elizabeth Anne Espinosa, AUSA
James Alan Ligtenberg, AUSA
Ni Qian, AUSA
Office of the United States Attorney
1 St. Andrew's Plaza
New York, NY 10007


Date:  February 15, 2024                    /s/ Jack McMahon_____
                                            Jack McMahon

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL DOCKET NO. 1:23-cr-00099-1** |
| | : | |
| **KEVIN PEREZ** | : | **HONORABLE LEWIS J. LIMAN** |

**ORDER**

    **AND NOW**, to wit, this      day of         , 2024, it is hereby

ORDERED and DECREED that the Defendant's Motion to Set Bail and Conditions of Release,

in the above-captioned case is hereby GRANTED.

_____
                               J.