MEMO ENDORSEMENT.
Motion to adjourn the trial is granted in part. Counsel asks for a delay until March 2025. The Court cannot accommodate that request consistent with its trial calendar. The trial is adjourned to January 21, 2025 at 9:00AM in Courtroom 15C. Such adjournment shall give Defendant at least three months to prepare for trial. Should Defendant need assistance from the Court in obtaining Rule 16 discovery from the Government, Defendant has leave to make a motion seeking Rule 16 discovery.                SO ORDERED.

10/4/2024

LEWIS J. LIMAN
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,  :

v.  :

KEVIN PEREZ,  :

          Defend*ant.*  :

**CRIM. DOCKET NO. 1:23-cr-00099-1**

**HON. LEWIS J. LIMAN, U.S.D.J.**

## MOTION FOR AN EXTENSION AND TO CONTINUE TRIAL FROM NOVEMBER 12, 2024 TO MARCH OF 2025

**AND NOW**, the Defendant, Kevin Perez, by and through his attorney, Thomas R. Ashley, Esq., hereby submits this Motion in the above entitled case for an Extension of Time in which to represent the defendant and avers the following:

1. Defendant Kevin Perez was indicted on February 23, 2023 and charged with five co-defendants with Racketeering Conspiracy (which includes a "Notice of Special Sentencing Factors") (Count One), Violent Crime in Aid of Racketeering: December 16, 2021 Murder (Count Two), Murder through the Use of a Firearm (Count Three), Violent Crime in Aid of Racketeering: November 10, 2021 Assault with a Dangerous Weapon and Attempted Murder) (Count Four), and a Firearm Offense (Count Five). The Government is also seeking forfeiture as to Defendant Perez (the Indictment is annexed to this Motion at Da1-15).

1

2. Defendant is the only Defendant in this Indictment who has not entered into a plea agreement with the Government.[1]

3. Defendant is also the only Defendant facing a murder count and the potential of a life sentence in prison.

4. As to prior counsel, on May 17, 2023, Jeffrey Einhorn, Esq. (Law Offices of Jeffrey Lichtman, Esq.), entered an appearance on behalf of Defendant. (Da16).

5. On July 31, 2023, the Honorable Lewis J. Liman, U.S.D.J., granted the application for Mr. Lichtman to withdraw as counsel for Defendant and appointed attorney David Touger, Esq., under the Criminal Justice Act (CJA). (Da17).

6. On December 14, 2023, Judge Liman granted the pro hac vice application of attorney John J. McMahon, Jr., as attorney for Defendant. (Da18).

7. On July 24, 2024, Mr. McMahon, for personal reasons explained in his Motion, moved to continue the scheduled September 9, 2024 trial. On September 25, 2024, Judge Liman granted Thomas R. Ashley's request to substitute as counsel and on September 26, 2024, terminated Mr. McMahon as the attorney. (Da21).

---

[1] Co-defendants were charged with Violent Crime in Aid of Racketeering: February 10, 2022 Assault with a Dangerous Weapon and Attempted Murder) (Mason in Count Six), a Firearm Offense (Mason in Count Seven), Violent Crime in Aid of Racketeering: June 26, 2020 Assault with a Dangerous Weapon and Attempted Murder (Johnson in Count Eight), a Firearm Offense (Johnson in Count Nine), and Possession of a Firearm with Defaced Serial Number (Mason in Count Ten) and Possession of a Firearm After a Felony Conviction (Smith in Count Eleven).

8. On September 26, 2024, the Government (AUSAs Michael R. Herman, James A. Ligtenberg, and Patrick R. Moroney) wrote to Judge Liman opposing any trial adjournment from the scheduled trial date of November 12, 2024. (Da22). The Government writes: "In the event that Mr. Ashley states that he is unable to begin trial on November 12, the Government anticipates asking the Court to reconsider its order relieving Mr. McMahon." *Id.* at Da22-23.

9. In this letter the Government also cited the Court's Individual Practices in Criminal Cases at 4(C):

> Where there is a substitution of defense counsel, counsel of record must contact the Courtroom Deputy to schedule a conference as soon as possible. At the conference, the Court will address the application by defense counsel to be relieved. The defendant, replacement counsel, and the AUSA must also attend the conference. (Da22).

10. On October 3, 2024, the Court held a conference (the transcript of this conference is annexed at Da24).

11. Prior counsel for Defendant Perez obtained from the Government a voluminous amount of discovery, including numerous videos.

12. Present counsel Mr. Ashley has not yet even received a copy of this voluminous discovery--his secretary has provided the Government with an external hard drive on which the Government's discovery will be provided. Mr. Ashley has

yet to review the voluminous discovery provided by Mr. McMahon because he only received it this morning.

13. As to the relevant law, "[A] district court has 'a great deal of latitude in scheduling trials.'" *United States v. Griffiths*, 750 F.3d 237, 241–42 (2d Cir. 2014) (quoting *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)); *see also United States v. Budovsky,* No. 13-cr-00368 (DLC), 2016 WL 386133, at *10 (S.D.N.Y. Jan. 28, 2016); *United States v. Al Fawwaz*, 116 F.Supp.3d 194, 209 (S.D.N.Y. 2015); *Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). This is so because of the inherent logistical difficulties in scheduling trials: "Not the least of [trial courts'] problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris*, 461 U.S. at 11, 103 S.Ct. 1610. Therefore, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at 11–12, 103 S.Ct. 1610 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)). Correspondingly, "trial courts enjoy very broad discretion in granting or denying trial continuances." *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013). "Appellate review of a trial court's refusal to delay trial is for abuse of discretion," *id.*, and an appellate court "will find no such abuse unless the denial was an arbitrary action that substantially impaired

4

the defense," *id.* (internal quotation marks omitted) (quoting *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011)). "A defendant must show 'both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance.' " *Id.* at 128 (quoting *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010)). Admittedly, "This test 'is a stringent one.'" *Al Fawwaz*, 116 F.Supp.3d at 208–09 (quoting *United States v. Ellenbogen*, 365 F.2d 982, 985 (2d Cir. 1966)). *See also United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007) (concluding that a new trial was not required where the defendant was "unable to specify with any particularity how he was prejudiced by not receiving a longer [than one-day] continuance"). A decision to deny a defendant's request for a continuance "will not be reversed absent a showing of both arbitrariness and of prejudice to the defendant." *United States v. Arena,* 180 F.3d 380, 397 (2d Cir. 1999). A trial court's denial of a continuance rises to the level of a constitutional violation only when there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. *Morris*, 461 U.S. at 11–12, 103 S.Ct. 1610 (quoting *Ungar*, 376 U.S. at 589, 84 S.Ct. 841).

14. As stated, this RICO Indictment charges murders as predicate acts with the Defendant facing a life prison sentence. It is respectfully submitted that, to compel Defendant's counsel Mr. Ashley to start a trial in barely one month's time when discovery is not only voluminous but, as of this date, has now been provided

to defense counsel, constitutes a violation of Defendant's Fifth Amendment Due Process right to a fair trial along with his Sixth Amendment right to effective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668 (1984); *U.S. v. Cronic*, 466 U.S. 648 (1984).

15. Defendant respectfully submits that a March, 2025 trial date will not prejudice the Government (as Defendant is detained pre-trial) and would preserve Defendant's Fifth and Sixth Amendment constitutional rights.

16. For the foregoing reasons, I request an extension of the November 12, 2024 trial date to a trial date in March of 2025.

Respectfully submitted,

Thomas R. Ashley, Esq.
Attorney for Defendant Kevin Perez

Dated: October 4, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing Motion to Continue Trial was served by way of the Court's electronic case filing system upon the following:

AUSAs Michael R. Herman, James A. Ligtenberg,
and Patrick R. Moroney
Office of the United States Attorney
1 St. Andrew's Plaza
New York, NY 10007

Dated: October 4,    2024

Thomas R. Ashley, Esq.