```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                            23 Cr. 99 (LJL)

KEVIN PEREZ,
                                        Conference
               Defendant.

------------------------------x
                                        New York, N.Y.
                                        October 2, 2024
                                        3:00 a.m.


Before:

                    HON. LEWIS J. LIMAN,

                                        District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  JAMES ALAN LIGTENBERG
     PATRICK RYAN MORONEY
     ELIZABETH ANNE ESPINOSA
     MICHAEL ROSS HERMAN
     Assistant United States Attorneys

LAW OFFICE OF THOMAS R. ASHLEY, ESQ.
     Attorneys for Defendant
BY:  THOMAS R. ASHLEY
     HUSAIN GATLIN

JOHN J. McMAHON, JR., ESQ.
     Previous CJA Counsel for Defendant
```

1           (Case called)
2           MR. LIGTENBERG:  Good afternoon, your Honor.  Jim
3   Ligtenberg for the government.  I'm joined by my colleagues
4   Patrick Moroney, Michael Herman, and Elizabeth Espinosa.
5           THE COURT:  Good afternoon.
6           MR. ASHLEY:  Thomas R. Ashley, your Honor, on behalf
7   of Mr. Perez.  With me is Husain Gatlin, and he will be
8   assisting me in the case.  And my son is not here.  He is in
9   New Orleans at a funeral, but he will also be assisting me.
10          THE COURT:  Good afternoon, Mr. Ashley, and Good
11  afternoon, Mr. Perez.
12          I called this conference because of the government's
13  letter of September 26 alerting me to the potential, the risk,
14  that you, Mr. Ashley, were going to—now that I relieved
15  Mr. McMahon—ask for an adjournment of the conference.  That's
16  not what I had in mind in relieving Mr. McMahon, and not at all
17  what I had in mind when I granted your motion to appear *pro*
18  *hac*.  So let me hear from you in terms of whether we're on
19  schedule to proceed to trial on October 12.
20          MR. ASHLEY:  To answer your question on the record,
21  the answer is no.  I haven't received any discovery.  So I just
22  received discovery today.  So the answer would be no.  So I'm
23  subject to whatever schedule the Court sees fit, but definitely
24  I would not be ready by November 12 for a trial.
25          THE COURT:  Do we have Mr. McMahon in the courtroom?

|  |  |
|---|---|
| 1 | MR. McMAHON:  I'm here, your Honor. |
| 2 | THE COURT:  Good afternoon, Mr. McMahon.  Mr. McMahon, |
| 3 | why shouldn't I reappoint you in this case so that we can go to |
| 4 | trial on November 12? |
| 5 | MR. McMAHON:  Well, a couple of things, your Honor. |
| 6 | Number one, the defendant has requested counsel of his choice, |
| 7 | and he chose new counsel.  I think that in a matter of this |
| 8 | seriousness, it should be honored for him to do that. |
| 9 | And second of all, I don't really feel comfortable |
| 10 | going to trial with somebody who doesn't really want me to be |
| 11 | his lawyer, wants somebody else to be his lawyer. |
| 12 | Number three, as a result of being relieved from the |
| 13 | case, as the Court was aware when we rescheduled this, I told |
| 14 | the Court then that I had a homicide on November 12 that I |
| 15 | would try to move and whatnot.  As a result of being removed, |
| 16 | that homicide now is going forward on November the 12th.  I |
| 17 | told counsel this:  If I, in fact, was somehow put back on the |
| 18 | case, I'm not sure how that works, to be honest with you.  But |
| 19 | I would be scheduled on a two-defendant homicide in |
| 20 | Philadelphia, codefendant homicide. |
| 21 | So for those reasons, your Honor, and I think most |
| 22 | importantly constitutionally, the defendant should have counsel |
| 23 | of his choice in a matter where his life is on the line, and I |
| 24 | don't see any great prejudice to the government if the |
| 25 | defendant is waiving a speedy trial and the defendant wants |

1  that.  He is in custody.  He is not looking to be out longer or
2  whatnot.  He wants counsel of his choice, and I think that
3  should be honored.
4          THE COURT:  I'm going to hear again from Mr. Ashley.
5  You've got a very, very, very unhappy judge right now; very
6  unhappy with respect to the candor of the two counsel in this
7  case.  When a notice of substitution is filed, the assumption
8  is that the new counsel is going to come in and there won't be
9  delay.  Otherwise, under the local rules, the question that I
10 ask before I relieve counsel is:  Is there going to be
11 prejudice to the prosecution of the case?  And if the answer
12 was, yes, there's going to be prejudice; there's going to be
13 delay, the answer would be, Mr. McMahon, you're in the case.
14 The defendant has a right to counsel.  He doesn't have a right
15 to necessarily select who his counsel is going to be.
16         So now, let me address myself to you, Mr. Ashley.
17 You've been in this case since July.  That's when you filed
18 your notice of appearance.  So I don't know what you've been
19 doing.
20         MR. ASHLEY:  Judge, I don't recall filing a notice of
21 appearance in July.
22         MR. LIGTENBERG:  Your Honor, I think the info I have
23 is that the first *pro hac* motion was filed on September 16.
24 We, like the Court, initially assumed that these were
25 additional counsel along with Mr. McMahon.  But I will say as

1   to the discovery point, we learned that it was actually a
2   replacement on September 25.  We immediately asked, you know,
3   incoming counsel for a drive for discovery.  We've yet to
4   receive it.  So there's --
5              THE COURT:  Is that right, Mr. Ashley?
6              MR. ASHLEY:  Pardon me, your Honor?
7              THE COURT:  So why haven't you given them the drive?
8              MR. ASHLEY:  Why haven't I given them the drive?
9              THE COURT:  Yes.  What have you been doing in this
10  case?
11             MR. ASHLEY:  Well, no.  Before I did anything, your
12  Honor, I tried to make sure that I'd be admitted *pro hac vice*.
13  I actually reached out to Mr. McMahon for his file, and he said
14  he could not turn it over until I was counsel of record.  So I
15  did what I could in order to get myself prepared.  So I reached
16  out to Mr. McMahon.  He said -- and rightly so that he said he
17  could not give me any of the discovery or let me have his file,
18  as I recollect, because I was not counsel of record.  And then
19  after that, I then filed *pro hac vice*.  The Court allowed me to
20  come in.  And so, I think I've done all I could reasonably do.
21             THE COURT:  What did you do starting on September 23?
22  What have you done in this case?
23             MR. ASHLEY:  I have advised the government that I was
24  in the case, and the government indicated they would provide me
25  with discovery.  So that's what I've done.

1     THE COURT:  All right.  Did you get them a disk yet?
2     MR. ASHLEY:  I have not given the disk yet because --
3     THE COURT:  Why not?
4     MR. ASHLEY:  Because, your Honor, I can't say why not
5  except that I understood that I would be getting the discovery.
6  So I don't think that's a reason, frankly, to suggest that I'm
7  dilatory in that sense.  I'll be getting discovery tomorrow,
8  and we'll be ready to go reasonably -- in a reasonable amount
9  of time.  I will need some time.
10    MR. McMAHON:  For the record, I have the hard drives,
11 and counsel gave me his card today.  I will overnight mail them
12 immediately to him first thing in the morning or later tonight.
13    THE COURT:  Okay.  Why don't I appoint you,
14 Mr. McMahon, as cocounsel.  Mr. Ashley will try the case, but
15 you are going to be spending time helping him prepare.
16    MR. McMAHON:  Judge, as I said to the Court when I was
17 relieved, I have a commitment on November 12 now with the court
18 in Philadelphia on a double homicide.  That is now being --
19 because I was relieved.  And I told the Court about this the
20 last time.  And I told -- and you said to me, I think the
21 record will reflect that -- well, if that changes, we can move
22 it to December, or you can make a motion to adjourn to
23 December.  That's what I said.  Now that trial is going
24 forward.  On the 12th, I'm unavailable doing that homicide
25 case, which will be about a week.

1           THE COURT:  I'll hear from the government, but here is
2    where I intend to leave it.  You haven't received the
3    discovery, Mr. Ashley.  You haven't made, to me, a convincing
4    explanation for why I should adjourn this case, so I'm not
5    going to adjourn the case.  You can make an application later
6    on and I'll consider it, but right now we've got a November 12
7    trial date.
8           What does the government have to say?
9           MR. LIGTENBERG:  We think that's appropriate for the
10   reasons articulated by the Court.
11          THE COURT:  Okay.  Mr. Ashley, you know, if
12   Mr. McMahon wants to apply to assist you, I'll be receptive to
13   that, but we'll stick with the November 12 trial date.
14          Is there anything else I can do to help you prepare
15   for November 12, Mr. Ashley?
16          MR. ASHLEY:  Not really, your Honor.  My position is
17   that certainly this is a very serious case, obviously, that
18   Mr. Perez -- well, that I will need time to review what has
19   already been indicated on the record as voluminous discovery.
20   So in that sense, your Honor, I just don't see, given the
21   circumstances, that I would be able to provide Sixth Amendment
22   effective assistance of counsel to Mr. Perez because now we're
23   in October.  For me to do all that, look at the discovery,
24   social media, read the reports, I just don't think, frankly, I
25   could be of any assistance at least by November 12.  I just

OA2RPERc

1  don't see how I could do it.
2          THE COURT:  Okay.  Get to work.
3          MR. ASHLEY:  I want to say that with all due respect
4  to the Court.
5          THE COURT:  Get to work, Mr. Ashley.
6          All right.  I'll see you all at the final pretrial
7  conference.
8          MR. McMAHON:  Judge, as far as I am concerned, I'm
9  still out of the case as of right now.
10         THE COURT:  As of right now, but as I indicated, I
11 would be very receptive to your application, but talk about it
12 with Mr. Ashley.
13         MR. McMAHON:  I understand, your Honor.
14         MR. ASHLEY:  Thank you.
15         (Adjourned)
16                              o0o