UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number: 23-cr-099(LJM) |
| Plaintiff, | DECLARATION OF THOMAS R. ASHLEY, ESQ. |
| v. | |
| KEVIN PEREZ, | |
| Defendant. | |

Thomas R. Ashley, Esq., under penalties of perjury pursuant to 28 U.S.C. § 1746, declares as follows:

1. I represent the defendant Kevin Perez in the above-captioned case. I am a member of the bar of New Jersey and my office is located at 50 Park Place, Suite 1400, Newark, New Jersey 07102.

2. I make this Declaration in support of Mr. Perez's pretrial motions.

3. This Declaration is made on information and belief and is based on a review of the Indictment, the discovery material provided by the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, and conversations and correspondence with the assigned Assistant United States Attorneys.

1

4. Attached hereto as **Exhibit A** is a true and correct copy of a discovery letter I sent to the Government on December 6, 2024. On December 13, 2024, I received a response from the Government (the "RICO Enterprise Letter") attached as **Exhibit B**. While this 3-page RICO Enterprise Letter does provide some details related to the predicate acts and "Enterprise," it is far short of the requisite factual details necessary to properly defend the case, as explained in the accompanying memorandum of law in support of the pretrial motions/bill of particulars.

Wherefore, it is respectfully requested that this Court enter an Order granting the relief requested in the Notice of Motion and grant such other, further and different relief as this Court may deem just, equitable and proper.

Dated: Newark, New Jersey
       December 20, 2024

Respectfully submitted,

By: /s/ Thomas R. Ashley
    Thomas R. Ashley
The Law Office of Thomas R. Ashley
50 Park Place, Suite 1400
Newark, New Jersey 07102
TEL: (973) 623-0501
FAX: (973) 623-0329
E-MAIL: Ashleylaw@traesq.com
Attorney for Defendant-Movant
Kevin Perez

# EXHIBIT A

# LAW OFFICE OF THOMAS R. ASHLEY

ROBERT TREAT CENTER
50 PARK PLACE, SUITE 1400
NEWARK, NEW JERSEY 07102
TEL: (973) 623-0501
FAX: (973) 623-0329

December 6, 2024

AUSAs Michael R. Herman, James A. Ligtenberg,
and Patrick Moroney
Office of the United States Attorney
1 St. Andrew's Plaza
New York, NY 10007

Re: *United States v. Kevin Perez*
    23 Cr. 99 (LJL)

In accordance with Local Rule 3, Rule 16, F. R. Crim. P., and the constitutional requirements set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Agurs*, 427 U.S. 97 (1976), I ask the government to furnish or permit discovery, inspection and the right to copy the following:

    1. Count One clearly fails to advise Mr. Perez of the nature of the criminal action against him. It fails to apprise Mr. Perez of either (1) the racketeering acts involved in the § 1962(c) offense that he is alleged to have conspired to commit or (2) the dates, times, locations, participants, or any other information with which to identify and investigate the charged racketeering acts. Mr. Perez will have to move for a Bill of Particulars if these deficiencies are not addressed.

    2. Count One also fails to specify which defendants allegedly agreed to partake in which racketeering act, or which defendants agreed that someone else would commit a particular offense. Not only does this conspiracy section of the

1

Indictment fail to alleged the "who," but it also fails to allege the "when, what, and where" with respect to the purported racketeering acts charged as the object of the criminal conspiracy. This makes the defense of these vague and nebulous charges virtually impossible. Again, Mr. Perez will be forced to move for a bill of particulars if these deficiencies are not addressed.

Mr. Perez also seeks the following:

3. Any statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government. This request includes, without limitation, discovery of written or recorded statements and recordings of defendant's conversations by any means of mechanical recordation or electronic surveillance, whether made before or after arrest and/or indictment and whether or not in response to interrogation. The term "statements" includes the "substantially verbatim" as well as the "mere summary" and encompasses defendant's statements whether before or after arrest and in whatever form preserved. This request also calls for discovery of the time, place and circumstances of such statements.

4. The substance of any oral statement made by the defendant, whether before or after arrest (a) during a conversation with any person who in fact was a government agent or informer or who is now a government witness, or (b) in response to interrogation by any person then known to defendant to be a government agent. This request is designed to reach those statements by defendant which have not been preserved in any writing or recording. This request also calls for discovery of the time, place and circumstances of such statements.

5. Any recorded testimony of defendant before a governmental agency, entity or instrumentality or before a grand jury, state or federal.

6. Defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

7. The case files from Defendant's prior criminal convictions including, without limitation, any conviction that the client has in any Court. This request includes prior charging documents, any transcripts any court proceeding including

pleas, conferences, trials and sentencing, sentencing submissions, discovery material, Department of Correction and/or BOP records.

8. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defense. This request includes but is not limited to any books, papers, documents, photograph or other tangible objects, or copies thereof, which came into the possession, custody or control of the prosecution by subpoena, seizure or request directed to: any person whom the prosecution intends to call as a witness at trial.

This request also specifically includes but is not limited to any books, records or other documentation within the possession, custody or control of the government having to do with financial or business activity or any witness the prosecution intends to call at trial.

9. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are intended for use by the government as evidence at the trial or which are material to preparing the defense. Specific attention is called to any employee, policy or procedural manuals, circulars, advisories, internal memorandum with respect to the management, governance and loan policy as to any federal regulatory agent or agency.

10. Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government and which were obtained from or belong to the defendant, or any co-defendant.

11. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the government that (a) are referred to in the indictment; (b) related to any statement of fact in the indictment; (c) constitute the fruits or means of perpetrating any of the offenses set forth in the indictment; or (d) were presented to the grand jury in its investigation of the criminal offenses referred to in the indictment.

12. All results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due

diligence may become known to any attorney for the government and which are either (a) material to the preparation of the defense or (b) are intended for use by the government as evidence-in-chief at the trial.

13. All charts, summaries or calculations reflecting the contents of voluminous writings which are either (a) material to the preparation of the defense or (b) for use by the government as evidence-in-chief at the trial.

14. A written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts or, if reports have not been made, a description of the opinion and subject matter of the opinion to which each is to testify, and the bases for such opinion. This request includes, without limitation, a written summary of testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence.

15. Any documents reflecting or relating to any wire communications or oral communications intercepted by the government to which defendant was a party to during which defendant was present, or which were obtained by interceptions directed against the defendant, co-defendant or co-conspirator or to which any witness the prosecution intends to call at trial was a party, whether or not such interceptions were authorized or lawful. The terms "wire communications," and "interception" are used here as defined in 18 U.S.C. § 2510. This request includes, without limitation, one-party "consent" aural acquisitions. The request includes, without limitation, logs, transcripts and tapes of the intercepted communications, a list of all communications to which defendant has been identified as a party, all applications to the Court and orders of the Court with respect thereto, all inventory orders, inventories and reports of service thereof and competent evidence of all the facts and circumstances concerning the authorization for the applications to intercept any wire communications involved in this case.

16. The date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure, whether electronic, photographic, mechanical, visual, aural or of any other type, was made of defendant, together with all documents, photographs, recordings, or other materials resulting from or reflecting or relating to such occasions.

17. Any and all written or oral statements or utterances - formal or informal - made to the prosecution, its agents and representatives by any person which are in

any way conceivably contrary to the testimony or expected testimony of that person or any other person whom the prosecution intends to call as a witness at trial or which otherwise reflect upon the credibility, competency, bias or motive of prosecution witnesses.

18. All relevant statements, trial testimony, grand jury testimony, and handwritten or informal notes of interviews in the possession, custody or control of the government which were made by any person who is a witness or prospective witness in this case which was made or given either (a) prior to the time such person was a prospective witness in this case or (b) in connection with an investigation or proceeding other than this case.

19. All statements required to be produced under 18 U.S.C. § 3500, including but not limited to handwritten and other information notices of interviews. If any such statements or notes have been or are intended to be discarded or destroyed, please identify such statements and notices, in sufficient detail to permit a request to the Court for appropriate relief in advance of trial. This demand includes notes of prosecutors, statements known by prosecutors, statements indicative of witness bias, notes of agents, police and informants.

20. Please inform me, either by furnishing the pertinent documents or otherwise, of any and all evidence of criminal conduct - state or federal - on the part of any person whom the prosecution intends to call as a witness at trial of which the prosecution, its agents and representatives have become aware. This request includes institutional disciplinary records, if such person was a federal or state inmate.

21. Please inform me, either by furnishing the pertinent documents or otherwise, of any and all promises, understandings or agreements, formal or informal, between the prosecution, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as witnesses at trial, together with copies of all documentation pertaining thereto. This request includes, but is not limited to, such promises, understandings or agreements as may have been made in connection with other cases or investigations. This request includes information concerning any payment of monies to any prospective witness.

22. Please inform me, either by furnishing the pertinent documents or otherwise, of any and all evidence that any person who is a government witness or prospective government witness in this case is or was suffering from any physical or mental disability or emotional or emotional disturbance, drug addiction or alcohol

addiction at any time during the period of the indictment to the present. This request includes records and reports of psychological or psychiatric testimony with respect to any such person who was an inmate of a federal or state prison or underwent such tests as a condition of entering the federal witness protection program.

23. Any and all statements - formal and informal, oral or written - by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action - state or federal, civil or criminal - or immigration matters against the witness, or anyone related by immigration matters against the witness, or anyone related by blood or marriage to the witness, or anyone associated in business with the witness, or any corporation, partnership, joint venture or other association employing the witness or in which the witness has an interest.

24. A written list of the names and addresses of all persons whom the prosecution, its agents and representatives believe to have relevant knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as a witnesses at trial, along with all statements of such persons made to government agents or the grand jury which pertain to the instant captioned defendant, any of his co-defendants or co-conspirators.

25. Set forth as precisely as possible the date, time and place of any utterances, statements or actions by the defendant upon which the prosecution intends to rely at trial in order to establish the offenses charged in the indictment.

26. Identify by name and address all persons said to have been present at or to have personal knowledge of the utterances, statements or actions of the defendant upon which the prosecution intends to rely at trial to establish the offenses charged in the indictment.

27. Please inform me of the names of any witnesses or prospective witnesses in this case who are or have been in the Witness Protection Program and furnish all documents pertaining to any offers by the government to any witness or prospective witness to enter the Witness Protection Program, and all psychological testimony, and polygraphing.

28. A list of all documents used, obtained or written in connection with the

investigation preceding the indictment that the government destroyed, for whatever reason, including but not limited to rough notes to interviews, reports, memoranda, subpoenaed documents and other documents.

29. A written list of the names and addresses of all government witnesses which the attorney for the government intends to call in the presentation of its case-in-chief, together with any record of prior convictions of any such witnesses which is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

30. Any statements or documents, including but not limited to grand jury testimony and federal, state and local tax returns made or executed by any potential government witness at the trial in this case which the government knows, or through reasonable diligence, should have reason to know is false.

31. Please inform me of any statements reflecting, relating or referring to any discussion or conversations in which the government suggested that an individual might possibly be afforded more favorable treatment in any regard in the event such individual offered evidence against defendant. This request includes a list of the date(s), time(s) and place(s) of each such occurrence and the name(s) of the person(s), including counsel, who were present.

32. A list of all persons (and their counsel) who were asked by the government or its representatives whether they or their clients would and/or could implicate the defendant in any criminal wrongdoing.

33. Please inform me of all judicial proceedings in any criminal cases involving (as a witness, unindicted co-conspirator or defendant) any person who is a potential government witness at the trial in this action.

34. Any and all actions, promises or efforts - formal or informal - on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the government considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association, labor union or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner, member, agent or servant. This request includes, but is not limited to: (a) letters to anyone informing the recipient of the witness' corporation; (b)

recommendations concerning federal aid or benefits; (c) recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment of a witness; (f) aid or effort concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

35. Please inform me whether or not the government has used informants, undercover agents or any such entity or individual. If so, provide the names of such individuals and a means by which such individual may be located.

36. In addition to the information and material requested above, any documents, books, papers, photographs, scientific tests or experiments, tangible objects, written or recorded statements or anyone, grand jury transcripts and oral statements of anyone, reports, memoranda, names and addresses of persons, or other evidence or information which either tends to exculpate defendant or tends to be favorable or useful to the defense as to either guilt or punishment, or tends to affect the weight or credibility of the evidence to be presented against defendant, or which will lead to evidence favorable to or exculpatory of defendant which is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government. This shall include any statements of any witness which conflicts with the government's theory of its case.

37. All photographs, video tapes and/or motion pictures taken in connection with this case.

38. Whether or not during the investigation of this matter, the defendant's photograph, likeness, image or voice recording was exhibited or played to anyone, not then employed by a law enforcement agency. This includes providing a list of the date(s), time(s) and place(s) of each occurrence and the name(s) of the person(s), including counsel who were present. This includes also providing a copy of any and all photographs, drawings, film, video, or audio tape exhibited or played either individually or as part of a group.

39. A copy of all writs, whether <u>ad prosequendum</u> or <u>ad testificandum</u> issued

to procure the presence of the defendant in the Southern District of New York.

40. Please state whether evidence of similar acts is intended to be introduced against the defendant or any co-defendant or co-conspirator and what that evidence is.

41. Please state whether or not during the course of the investigation of this matter, any foreign government, foreign police force, foreign intelligence agency or any other foreign agency participated, provided information, provided intelligence or in any other way assisted or furthered this investigation.

## BRADY DEMAND

In addition to the specific Brady request delivered to you on this date, with respect to government witnesses, the following material is demanded:

1. Any statements of the witness, reports of law enforcement officers or agents, transcripts, affidavits, declarations, other court filings, and any other documents or information that conflicts with the government's present theory of the case as outlined in the Indictment.

We request that you respond in writing to this letter as soon as possible and we expect your office to be both reasonable and cooperative.

Very truly yours,

By: /s/ R. Ashley
THOMAS R. ASHLEY, ESQ.
NJ BAR ID NO.: 242391967
50 Park Place, Suite 1400
Newark, New Jersey 07102
TEL: (973) 623-0501
FAX: (973) 623-0329
E-MAIL: Ashleylaw@traesq.com
Attorney for Defendant Kevin Perez

TRA/jvs
cc: All counsel of record

# EXHIBIT B



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

December 13, 2024

**By Email**
Thomas R. Ashley, Esq.
Law Office of Thomas R. Ashley
50 Park Place, Suite 1400
Newark, New Jersey 07102

Re:     ***United States v. Perez*, 23 Cr. 99 (LJL)**

Dear Mr. Ashley:

The Government writes this letter (the "RICO Enterprise Letter") to provide advance notice of its intention to introduce at trial evidence regarding the incidents listed below.[1] Evidence of the predicate crimes described below is admissible because it constitutes direct, substantive proof of the charges in the Indictment by demonstrating: (i) the nature, existence, and background of the racketeering enterprise alleged in the racketeering conspiracy charged in Count One and the violent crimes in racketeering charged in Counts Two through Five; (ii) the nature of the relationships, including positions of mutual trust, among the defendant and other members and associates of the racketeering enterprise; and (iii) the pattern of racketeering activity engaged in by the racketeering enterprise and the enterprise's effect on interstate commerce. Additionally, and in the alternative, the evidence described below is also admissible pursuant to Federal Rule of Evidence 404(b) because it demonstrates the defendant's knowledge, intent, motive, opportunity, modus operandi, and lack of mistake or accident with respect to the charged racketeering offenses. The Government reserves the right to supplement this letter in advance of trial as additional incidents are identified or if additional material information comes to light regarding the incidents listed below.

1. The defendant was a member, and eventually the leader of, a violent street gang known as "Sev Side" or "DOA" (referred to as "Sev Side" in this letter). Sev Side operated primarily on 187th Street between Park Avenue and Southern Boulevard in the Bronx. Members and associates of Sev Side had rivalries with several other street gangs, which often resulted in acts of violence, including murders and attempted murders. Sev Side's rivals included the 800 YGz, the Drillys, River Park Towers ("RPT"), the OYz, and others. Sev Side allied with other gangs over time, which included Third Side, Reyway, and others. In connection with their attacks on rival gang members, Sev Side members (along with, at times, members from their allied gangs) traveled together to rival gang territories to "spin the block," meaning to shoot at gang rivals and others located in the rival gang's territory. The defendant and other Sev Side members frequently posted

---

[1] *See United States v. Sierra*, No. 11 CR. 1032 PAE, 2012 WL 2866417, at *8 (S.D.N.Y. July 11, 2012) (noting that "RICO enterprise letter[s] . . . have been productively utilized in numerous racketeering cases in this District, as a means of particularizing the allegations in an indictment or the evidence the Government intends to introduce at trial.").

    videos and photos on social media declaring their affiliation with Sev Side. The defendant also frequently put out rap songs and videos glorifying his leadership in Sev Side and his desire to harm rival gang members.

2. On December 16, 2021, in connection with one of Sev Side's gang disputes, the defendant murdered Hwascar Hernandez in the vicinity of West 151st Street and Amsterdam Avenue in Manhattan, as charged in Counts Two and Three of the Indictment.

3. On multiple occasions throughout the pendency of the racketeering conspiracy, the defendant and other members of Sev Side participated in multiple fraud offenses, including applying for COVID-related Small Business Association ("SBA") loans and filing unemployment claims, using the identities of other individuals in order to obtain funds to which the defendant and other Sev Side members were not entitled. Moreover, the defendant and others in Sev Side and their allied gangs participated in multiple offenses involving check fraud and bank fraud, in which stolen and counterfeit checks were deposited into bank accounts controlled by members of Sev Side, and money was withdrawn from the accounts before the checks were rejected by the bank.

4. On or about November 10, 2021, the defendant, as well as Sev Side members Devon Mason and Ervin Beamon, traveled to RPT territory in a BMW (the "BMW") and shot at rival RPT gang members in the vicinity of Matthewson Road and Roberto Clemente State Park Bridge in the Bronx, as charged in Counts Four and Five of the Indictment.

5. On or about October 23, 2021, Perez received traffic citations while operating the BMW on Astoria Boulevard in Queens.

6. On or about June 20, 2020, the defendant, and allied Third Side members Michael Gant and Iszayah Rowson, committed a shooting in 800 YGz territory, hitting four victims, including Elyesha Cook, a member of the 800 YGz who was shot in the face in the vicinity of 2048 Mapes Avenue in the Bronx.[2]

7. On or about August 10, 2020, the defendant and other allied gang members shot at 800 YGz in the vicinity of 2048 Mapes Avenue in the Bronx, striking, among other individuals, Elyesha Cook in the foot.[3]

8. On or about June 26, 2020, after rival gang members shot a Sev Side member near 4646 Park Avenue, Sev Side Members Nicholas Johnson and Phillip Santiago shot at members of the rival Drilly gang in retaliation, in the vicinity of 2591 Briggs Avenue,

---

[2] The Government produced law enforcement reports related to this shooting in its May 8, 2023 production beginning with identification numbers USAO_057429 through USAO_058055, in which Elyesha Cook's name (along with the names of other victims) is redacted.

[3] The Government produced law enforcement reports related to this shooting in its November 14, 2024 production beginning with identification numbers USAO_081055 through USAO_081197, in which Elyesha Cook's name is not redacted.

in the Bronx, striking an individual in the cheek, as charged in Counts Eight and Nine of the Indictment.

9. On or about July 18, 2020, and November 12, 2021, Perez illegally possessed firearms, in front of the 2345 Crotona Avenue in the Bronx (on July 18) and in the vicinity of Main Street and Buena Vista Avenue in Yonkers (on November 12).

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Michael R. Herman
James A. Ligtenberg
Patrick R. Moroney
Assistant United States Attorneys
(212) 637-2221 / -2665 / -2330

cc (by e-mail):   Michael Ashley, Esq.
                  Husain Gatlin, Esq.