UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KEVIN PEREZ,
    a/k/a "Kay Flock,"
    a/k/a "Kay,"
    a/k/a "KK,"

              Defendant.

23 Cr. 99 (LJL)

**GOVERNMENT'S REQUESTS TO CHARGE**

                                        EDWARD Y. KIM
                                        Acting United States Attorney
                                        Southern District of New York
                                        26 Federal Plaza, 37th Floor
                                        New York, New York 10278

Michael R. Herman
James A. Ligtenberg
Patrick R. Moroney
Assistant United States Attorneys
      -Of Counsel-

# TABLE OF CONTENTS

Request No. 1:    General Requests ............................................................. 2

Request No. 2:    Cooperating Witnesses....................................................... 4

Request No. 3:    Defendant's Testimony ....................................................... 5

Request No. 4:    Particular Investigative Techniques Not Required ................................. 6

Request No. 5:    The Indictment ................................................................. 7

Request No. 6:    Unlawfully, Knowingly, Intentionally, Willfully ................................... 8

Request No. 7:    Count One: Racketeering Conspiracy: Elements.................................... 9

Request No. 8:    Count One: Racketeering Conspiracy: First Element –
                  Agreement.................................................................... 10

Request No. 9:    Count One: Racketeering Conspiracy: Second Element –
                  Membership in the Conspiracy ............................................... 13

Request No. 10:   Count One: Racketeering Conspiracy: Third Element –
                  Agreement to Commit Predicate Acts ........................................ 15

Request No. 11:   Count One: Racketeering Conspiracy: Special Interrogatories ............. 23

Request No. 12:   Count Two: Murder in Aid of Racketeering: Elements........................ 24

Request No. 13:   Count Two: Murder in Aid of Racketeering: First and Second
                  Elements.................................................................... 25

Request No. 14:   Count Two: Murder in Aid of Racketeering: Third Element –
                  Position in the Enterprise .................................................. 26

Request No. 15:   Count Two: Murder in Aid of Racketeering: Fourth Element –
                  Murder in Violation of New York Law .................................. 27

Request No. 16:   Count Two: Murder in Aid of Racketeering: Third Element –
                  Purpose to Gain Entrance or Maintain or Increase Position................. 28

Request No. 17:   Aiding and Abetting.......................................................... 29

Request No. 18:   Count Three: Violent Crimes in Aid of Racketeering—Elements ........ 31

Request No. 19:   Count Three: Violent Crimes in Aid of Racketeering: First
                  through Third Elements ..................................................... 32

i

Request No. 20:    Count Three: Attempted Murder in Aid of Racketeering: Fourth Element – Attempted Murder and Assault with a Dangerous Weapon in Violation of New York Law ................................. 33

Request No. 21:    Count Three: Attempted Murder in Aid of Racketeering: Fifth Element – Purpose to Gain Entrance or Maintain or Increase Position ............................................................... 34

Request No. 22:    Count Three:  Attempted Murder in Aid of Racketeering: Pinkerton Liability – Guilt of Substantive Offense ............................. 35

Request No. 23:    Count Three:  Violent Crimes in Aid of Racketeering – Special Interrogatory .......................................................... 36

Request No. 24:    Count Four: Firearms Offense:  Elements ............................................. 37

Request No. 25:    Count Four:  Firearms Offense:  First Element – Commission of the Predicate Offense .................................................. 38

Request No. 26:    Count Four: Firearms Offense:  Second Element – "Using," "Carrying," or "Possessing" ................................................... 39

Request No. 27:    Count Four:  Firearms Offense: Aiding and Abetting ......................... 40

Request No. 28:    Count Four:  Firearms Offense:  Special Interrogatory (Brandish and Discharge) ...................................................... 41

Request No. 29:    Venue ..................................................................................... 42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        - v. -<br><br>KEVIN PEREZ,<br>    a/k/a "Kay Flock,"<br>    a/k/a "Kay,"<br>    a/k/a "KK,"<br><br>              Defendant. | 23 Cr. 99 (LJL) |

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

The Indictment in the instant case charged, as Count Three, murder through the use of a firearm, in violation of Title 18, United States Code, Sections 924(j) and 2. Because Count Three is largely duplicative of Count Two, the Government does not intend to proceed on Count Three at trial and, accordingly, has not included instructions relating to that count in its proposed requests to charge. Additionally, the Government does not intend to proceed on the robbery predicate acts charged in Count One (racketeering conspiracy), and so has not included instructions relating to those predicate acts in its proposed requests to charge.

With the Court's permission, the Government intends to submit a trial indictment that renumbers the counts and removes the robbery predicate acts.

**Request No. 1:**          **General Requests**

The Government respectfully requests that the Court give instructions to the jury on the following matters consistent with the instructions the Court gave in *United States v. Ray*, 20 Cr. 110 (LJL):

      a.  Role of the Court

      b.  Role of the Jury

      c.  What Is and Is Not Evidence

      d.  Role of Counsel / Objections

      e.  Presumption of Innocence and Burden of Proof

      f.  Reasonable Doubt

      g.  Direct and Circumstantial Evidence

      h.  Redaction of Evidentiary Items [If Applicable]

      i.  Use of Charts

      j.  Use of Transcripts

      k.  Stipulations

      l.  Limiting Instructions

      m.  Evidence from Searches

      n.  Sympathy or Bias

      o.  Cannot Consider Punishment

      p.  Variance in Dates

      q.  Witness Credibility

      r.  Bias of Witnesses

      s.  Preparation of Witnesses

      t.  Law Enforcement Witnesses

      u.  Defendant's Testimony [If Defendant Does Not Testify]

v.  Expert Witnesses

w.  Uncalled Witnesses

x.  Persons Not on Trial

**Request No. 2:**        **Cooperating Witnesses**

You have heard testimony from witnesses who entered into agreements to cooperate with the government.  The government is permitted to enter into these kinds of agreements and is entitled to call cooperating witnesses. You may convict the defendant on the basis of a cooperating witness's testimony alone if you find that the testimony proves the defendant's guilt beyond a reasonable doubt.

You should examine the testimony of each of the cooperating witnesses with great care and caution.  You should look at all of the evidence and decide what credence and what weight, if any, to give to each witness's testimony.  You should ask yourself whether the witness would benefit more by lying or by telling the truth.  Did the witness believe that his interest would be best served by testifying truthfully or falsely?  If you believe that the witness was motivated by hope of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did that motivation color his testimony?

> Adapted from the charge of the Honorable Valerie E. Caproni in
> *United States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 3:**          **Defendant's Testimony**

**[Requested Only If the Defendant Testifies]**

      The defendant testified at trial.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

          Adapted from *United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2004).

**Request No. 4:**          **Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proved beyond a reasonable doubt.

> Charge given by this Court in *United States v. Garelick*, 23 Cr. 307 (LJL).

**Request No. 5:** **The Indictment**

I will now proceed to discuss the charges in this case, which include racketeering conspiracy, murder in aid of racketeering, violent crimes in aid of racketeering, and using, carrying, or possessing a firearm in connection with a crime of violence.  As I noted earlier, you must separately consider and return a verdict as to each count.  There is no significance to the order of the counts or to the number of counts charged.

Also as I have instructed you previously, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in a criminal case.  Before you begin your deliberations, you will be provided a copy of the Indictment.

> Adapted from the charge of the Honorable Katherine Polk Failla in
> Court's jury instructions in *United States v. Beltsin*, 21 Cr. 17
> (KPF).

**Request No. 6:**          **Unlawfully, Knowingly, Intentionally, Willfully**

Before I turn to a description of each offense, let me define several terms that I will use throughout these instructions. Those terms are unlawfully, knowingly, intentionally, and willfully.

Unlawfully simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proved by his conduct and by all the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully. That is, Mr. Perez's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

A person acts willfully when he acts intentionally and purposely with the intent to do something that the law forbids; that is, with the bad purpose to disobey or disregard the law. It is not necessary that the person knew he was violating a particular law; it is enough if he was aware that what he was doing was in general unlawful.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. You must consider the evidence and lack of evidence in making a determination as to Mr. Perez's state of mind.

Adapted from the Court's jury instructions in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 7:          Count One: Racketeering Conspiracy: Elements**

In Count One of the Indictment, the Government charges Mr. Perez with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d).  In order to sustain its burden of proof on this charge, the Government must prove, beyond a reasonable doubt, each of the following three elements:

<u>First</u>, that there was a conspiracy, that is, an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

<u>Second</u>, that Mr. Perez knowingly and willfully joined the conspiracy, that is, he agreed to be employed by or associated with the conspiracy; and

<u>Third</u>, that Mr. Perez agreed that either he or another member of the conspiracy would commit at least two acts of racketeering.

I'll now provide instructions as to each element.

> Adapted from the charge of the Honorable Katherine Polk Failla in Court's jury instructions in *United States v. Beltsin*, 21 Cr. 17 (KPF).

**Request No. 8:        Count One: Racketeering Conspiracy: First Element – Agreement**

The first element the Government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in an enterprise whose affairs would affect interstate commerce through a pattern of racketeering activity.

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy between two or more persons to participate in an enterprise whose affairs would affect interstate commerce through a pattern of racketeering activity.  A conspiracy is just an agreement between two or more persons to violate the law.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding.

It is rare that a conspiracy can be proved by direct evidence of an explicit agreement.  To establish the existence of a conspiracy, the government is not required to prove that two or more people sat around a table and entered into a formal agreement.  You also need not find that the alleged conspirator stated in words or in writing what the scheme was, its object or purpose, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished.

It is sufficient if two or more people in some way or manner reached a common understanding, either spoken or unspoken, to violate the law.  In this case, the unlawful goal was to participate in the affairs of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity.  I'll define those terms now.

**a)  "Enterprise"**

An "enterprise" is a group of people formally or informally associated together for a common purpose of engaging in a course of conduct over a period of time.  In addition to having a common purpose, the group must have an ongoing organization, either formal or informal, and

it must have a core of personnel that functions as a continuing unit. A group of individuals who are associated in fact can constitute an enterprise. The enterprise must continue to exist in substantially similar form throughout the period charged.

It does not have to have exactly the same membership throughout the period charged, but the enterprise must have a recognizable core that continues during a substantial period within the time frame charged.

The enterprise may have been organized for a legitimate and lawful purpose, or for an unlawful purpose, or for both. It need not have a hierarchical structure or a chain of command, and its members need not have fixed roles. It need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.

In this case, the enterprise alleged in the Indictment is SevSide/DOA, and it is alleged to have existed as an enterprise from at least in or about 2017 to in or about February 2023.

**b) Effect on Interstate Commerce**

The definition of "interstate commerce" is the movement of goods, services, money, and individuals between states, or between states and the District of Columbia or a U.S. territory. Although the government must prove that the enterprise did or would affect interstate commerce, the effect need not be substantial. A minimal effect is enough. It's sufficient, for example, that in the course of the racketeering activities, members of the enterprise used wire or telephone facilities interstate.[1]

---

[1] This proposed charge omits the last two sentences of this paragraph from the charge as given in *United States v. Ray*, 20 Cr. 110 (LJL), since the Government's interstate commerce theory in this case relates to the use of interstate wires, not the movement of people or goods across state lines.

The government is not required to prove that Mr. Perez knew that interstate commerce was or would be affected. All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise affected or would affect interstate commerce in some minimal way.

### c) **Pattern of Racketeering**

Finally, to prove that the acts constituted a pattern of racketeering activity, the Government must prove that the acts of racketeering are related to each other and that they amount to or pose a threat of continued criminal activity. It is not sufficient for the government to prove only that two of the racketeering acts I will describe were committed. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity. To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events. To prove that the racketeering acts amount to or pose a threat of continued racketeering activity, the government must establish either that there were a series of related predicate acts that extended over a substantial period of time or that there is a threat of continued activity, for example, because the acts are part of a long-term association that exists for criminal purposes, or that they are a regular way of conducting the affairs of the enterprise.

> Introduction and part (a) adapted from the charge of the Honorable Katherine Polk Failla in *United States v. Beltsin*, 21 Cr. 17 (KPF). Parts (b) and (c) adapted from the Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 9:**          **Count One: Racketeering Conspiracy: Second Element –
                            Membership in the Conspiracy**

The second element that the government must prove beyond a reasonable doubt with respect to Count One is that at some point Mr. Perez knowingly and willfully became a member of the conspiracy charged in the Indictment.

If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether Mr. Perez was, in fact, a member of the conspiracy, you should consider whether Mr. Perez knowingly and wilfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objectives as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Mr. Perez had such an interest, that is a fact that you may properly consider in determining whether or not Mr. Perez was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before Mr. Perez can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether Mr. Perez joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement. It is important to note that Mr. Perez's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged conspirators, and the reasonable inferences that may be drawn from them.

A person's knowledge is a matter of inference from the facts proved. I instruct you that to become a member of the conspiracy, that person need not have known the identities of each and

every other member, nor need he have been apprised of all of their activities. Moreover, that person need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a person without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that person a member. More is required under the law. What is necessary is that the person have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, Mr. Perez, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. If you find that the government has proven beyond a reasonable doubt that he has done so, then he thereby becomes a knowing and willing participant in the unlawful agreement— that is to say, a conspirator.

> Adapted from the Court's jury instructions in *United States v. Ray*,
> 20 Cr. 110 (LJL).

**Request No. 10:**        **Count One: Racketeering Conspiracy: Third Element – Agreement to Commit Predicate Acts**

The third element the government must prove beyond a reasonable doubt is that Mr. Perez or another member of the conspiracy agreed to commit two racketeering acts. The focus of this element is on Mr. Perez's agreement to participate in the objectives of the enterprise to engage in a pattern of racketeering activity and not on Mr. Perez's agreement to commit the individual criminal acts. For a racketeering activity, the government must prove that Mr. Perez participated in some manner in the overall objectives of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that Mr. Perez agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges three types of racketeering acts, which I will instruct you on shortly. Again, the government must prove that two racketeering acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that Mr. Perez committed or agreed to commit any of these acts, as long as the government proves that he knew about and agreed to facilitate in some manner the overall objective of the conspiracy.

I will now explain the law governing the three types of racketeering acts that the government has alleged. In order to convict Mr. Perez of the racketeering conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity Mr. Perez agreed, explicitly or implicitly, would be committed, either by himself or a co-conspirator. For example, at least two acts of the following types: murder and attempted murder under state law; bank fraud under federal law, and wire fraud under federal law. If you find that the conspiracy did not exist, or that it did not affect interstate commerce, or that Mr. Perez was not a member of the

conspiracy or enterprise, you should not consider whether the government has established any of the racketeering acts.

I'm now going to explain to you the specific types of racketeering acts that are alleged in the Indictment, which I will sometimes refer to as "predicate acts." I'm going to go through them one by one.

(a)    Murder, including attempted murder and conspiracy to commit murder, in violation of New York Penal Law Sections 125.25, 105.15, 110.00, and 20.00;

(b)    Wire fraud, in violation of Title 18, United States Code, Section 1343; and

(c)    Bank fraud, in violation of Title 18, United States Code, Section 1344.

In a moment, I will instruct you on the substantive law of each of these offenses. Before I do, let me remind you that the government must prove beyond a reasonable doubt that Mr. Perez agreed that either he or a co-conspirator would commit two acts in violation of these statutes within 10 years of each other as part of the charged RICO conspiracy. As I have said, the government need not prove that Mr. Perez himself committed or agreed to personally commit any of these offenses.

You will also note that for some of the charged categories of predicate offenses, the Indictment charges a violation of more than one statute. I instruct you that, in order to find that a given predicate offense was an object of the charged RICO conspiracy, you need not find that the object of the conspiracy involved violations of all the listed statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes, but you must be unanimous as to which one or ones.

a)    **Murder**

Under New York State law, murder is committed if: (1) an individual causes the death of another, or aids and abets the killing of another, and (2) the individual does so with the intent to cause the death of the victim or another person; or when, under circumstances showing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of that person or of a third person.

Attempted murder is committed if a person unlawfully, knowingly, and intentionally attempts to cause the death of another and takes some act that is a substantial step towards accomplishing the murder. I have already instructed you on the concepts of acting unlawfully, knowingly, and intentionally, and those instructions apply here as well.

A person recklessly engages in conduct which creates a grave risk of death to another person when he engages in conduct which creates a grave and unjustifiable risk that another person's death will occur, and when he is aware of and consciously disregards that risk, and when that grave and unjustifiable risk is of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. Depraved indifference to human life refers to a person's state of mind in recklessly engaging in conduct which creates a grave risk of death.   A person has a depraved indifference to human life when that person has an utter disregard for the value of human life—a willingness to act, not because he means to cause grievous harm, but because he simply does not care whether or not grievous harm will result.

The Indictment also alleges that Mr. Perez conspired to commit murder.  In order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under New York State law, the Government must show the following:

First, that the individual agreed with one or more other persons to engage in or cause the performance of the crime;

Second, that the individual did so with the intent that such crime be performed; and

Third, that the individual, or one of the people with whom he agreed to conspire or cause the performance of the conduct committed an overt act in furtherance of the conspiracy.

The term "intent" under New York conspiracy law has its own special meaning. "Intent" means conscious objective or purpose. That is, a person acts with intent that crime be committed when his conscious objective or purpose is that the crime should occur. Under New York law, the government must also prove that one of the conspirators committed an overt act in furtherance of the conspiracy. The agreement to engage in or cause the performance of a crime is not itself an overt act. The overt act must be an independent act that tends to carry out the conspiracy. The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

Finally, the Indictment alleges that Mr. Perez aided and abetted attempted murder. In a moment, I will instruct you on what it means to aid and abet a crime. You should apply those instructions here. Thus, you may find that murder was a predicate act if you find that the defendant agreed that he or a co-conspirator would commit or attempt to commit murder under New York law, or because you find that he agreed that he or a co-conspirator would aid or abet or conspire with another to do so.

### b)  Wire Fraud

The government has also alleged that the pattern of racketeering activity included acts of wire fraud in violation of federal law. To prove wire fraud, the government must prove the following three elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud others, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

Second, that a person participated in the scheme to defraud knowingly and with intent to defraud;

And, third, that in execution of the scheme or artifice, a person used, or caused the use by one or more others, interstate or international wires.

A scheme or artifice is simply a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Fraud is a general term. It is a term that includes all the various means by which a person tries to gain some unfair advantage over another person or entity by false representations, false suggestions, false pretenses, or concealment of the truth. A pretense, representation, statement, or document is fraudulent if it was made falsely and with an intent to deceive. The deception need not be premised on spoken or written words alone.

This element does not require that any particular person actually relied on or actually suffered damages as a consequence of any fraudulent representation or concealment of facts, nor need you find that a person profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading was made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be a concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that if you find

19

a particular statement or representation was false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision.

The government must prove that a person devised or participated in the fraudulent scheme knowingly, willfully, and with a specific intent to defraud. The words "devised" and "participated" are words that you are familiar with, and, therefore, I do not need to spend much time defining them for you. I have previously defined the terms "knowingly" and "willfully," and you are to follow those instructions here.

To act with intent to defraud means to act willfully, and with specific intent to deceive for the purpose of causing some financial or property loss to another. An individual acts with specific intent to defraud if he engages or participants in a fraudulent scheme with some realization of its fraudulent or deceptive character, and with an intension to be involved in the scheme to defraud, and to help it succeed with the purpose of causing harm to the victim.

The government need not prove that the intended victims were actually harmed, only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions, so when the necessary result of the act or scheme is to injure others, fraudulent intent may be inferred from the scheme itself. The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine. This question involves one's state of mind. Direct proof is not required to establish a person's state of mind. You may rely on circumstantial evidence to establish a person's state of mind.

The term "wire facilities" includes telephones, emails, and wire transfers. The use of the wire facilities must be between two or more states, such as a telephone call between New York

and another state.  It is not necessary for an individual to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged fraudulent scheme.

Thus, it is sufficient if the individual doesn't act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can be reasonably foreseen.

### c)    Bank Fraud

The last category of criminal violations that Count One alleges was committed as part of the RICO conspiracy was bank fraud, in violation of federal law.

To prove that an individual committed bank fraud, the government must prove the following three elements:

That there was a scheme to defraud a bank;

That the individual executed or attempted to execute the scheme with the intent to defraud the bank; and

That at the time of the execution of the scheme the bank had deposits insured by the Federal Deposit Insurance Corporation.

A scheme to defraud a bank is a pattern or a course of conduct that is designed to deceive a bank into releasing money or property with the intent to expose the bank to an actual or potential loss.  A scheme to defraud can be accomplished through trickery, deceit, deception or swindle. It may involve intentional misrepresentation and false suggestion or suppression or concealment of the truth.

> Introductory section adapted from the Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).  Murder predicate section adapted from the charge of the Honorable Valerie E. Caproni in *United States v. Garcia*, 19 Cr. 862 (VEC).  Wire fraud section adapted

from the charge of the Honorable Edgardo Ramos in *United States v. Jones*, 21 Cr. 505 (ER) (with certain redundant and irrelevant provisions deleted).  Bank fraud section adapted from the charge of the Honorable P. Kevin Castel in *United States v. Joseph*, 20 Cr. 603 (PKC).

**Request No. 11:**          **Count One: Racketeering Conspiracy: Special Interrogatories**

If, and only if, you find the defendant guilty of Count One, you must then answer on the verdict sheet which racketeering acts the Government has proven beyond a reasonable doubt. You must also answer whether the Government has proven beyond a reasonable doubt that the pattern of racketeering that Mr. Perez agreed would be committed included the December 16, 2021 murder of Hwascar Hernandez. Each of your answers to these questions must be unanimous.

> Adapted from the charge of the Honorable Valerie E. Caproni in
> *United States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 12:**          **Count Two: Murder in Aid of Racketeering: Elements**

Count Two charges Mr. Perez with murder in aid of the racketeering enterprise charged in Count One, in violation of Section 1959 of Title 18 of the United States Code.

For you to find Mr. Perez guilty of Count Two, the Government must establish beyond a reasonable doubt each of the following elements:

<u>First</u>, that SevSide/DOA, which is the charged enterprise, existed, and that it engaged in or its activities affected interstate commerce;

<u>Second</u>, that the enterprise was engaged in racketeering activity;

<u>Third</u>, that Mr. Perez had, or was seeking, a position in the enterprise;

<u>Fourth</u>, that Mr. Perez committed a murder or aided and abetted the commission of a murder; and

<u>Fifth</u>, that the Mr. Perez's general purpose in committing this offense was to maintain or increase his position in the enterprise.

> Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL), with language about murder from the charge of the Honorable Valerie E. Caproni in *United States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 13:**     **Count Two: Murder in Aid of Racketeering: First and Second Elements**

I have already defined for you in connection with Count One the concepts of the enterprise,

racketeering activity, and interstate commerce, and you should apply those instructions here.

> Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 14:**     **Count Two: Murder in Aid of Racketeering: Third Element –**
**Position in the Enterprise**

To establish the third element, the Government must establish beyond a reasonable doubt that Mr. Perez had (or was seeking) a position in the enterprise.  To establish this element, the government must prove that Mr. Perez was actively engaged in promoting the illegal activities of the enterprise.

> Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 15:**     **Count Two: Murder in Aid of Racketeering: Fourth Element –**
**Murder in Violation of New York Law**

The Fourth element that the Government must prove in connection with Count Two is that

the defendant murdered Hwascar Hernandez in violation of New York law.

I have already explained for you the content and elements of the laws that define murder

in the State of New York.  I instruct you to follow those definitions here to determine if the

Government has satisfied its burden as to this element of Count Two.

Adapted from the charge of the Honorable Valerie E. Caproni in
*United States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 16:**          **Count Two: Murder in Aid of Racketeering: Third Element –**
                             **Purpose to Gain Entrance or Maintain or Increase Position**

The fifth element the government must prove beyond a reasonable doubt with respect to Count Two is that Mr. Perez's general purpose in committing the murder was to increase or maintain or increase his position in the SevSide/DOA enterprise.

Your focus on this element is on the general purpose of Mr. Perez. The government does not need to prove that maintaining or increasing his position in the enterprise was Mr. Perez's sole or principal motive so long as one of those purposes was a substantial motivating factor in his decision to participate in the underlying crime. In determining whether Mr. Perez's purpose in committing the murder was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, this element is satisfied if you find that Mr. Perez committed the underlying crime because he knew it was expected of him by reason of his membership in or association with the enterprise, or because it would maintain or enhance his position or prestige in the enterprise. This element could also be satisfied if you find that the Mr. Perez committed the underlying crime to enhance his reputation within the enterprise, or to avoid losing power within the enterprise. This list of examples is not exhaustive.

That completes my description of Count Two.

Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 17:**        **Aiding and Abetting**

Before I move on to the next count of the Indictment, I want to instruct you on the concept of aiding and abetting.

In connection with each of the counts, Mr. Perez is charged with committing certain criminal acts and also with aiding and abetting the commission of those acts. Aiding and abetting is its own theory of criminal liability. In effect, it's a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Thus, Mr. Perez may be guilty of a substantive offense if he aid and abets, which means essentially that he assists another person in committing the offense. The principle that an aider and abettor of a crime is also liable applies both under federal law, where it is contained in a statute called Title 18, United States Code, Section 2, and under New York State law. The standards under federal and state law for aiding and abetting liability are the same.

Under the federal aiding and abetting statute, whoever aids, abets, counsels, commands, induces, or procures the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To counsel means to give advice or recommend. To induce means to lead or move by persuasion or influence as to some answer or state of mind. To procure means to bring about by unscrupulous or indirect means. To cause means to bring something about, to effect something.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed by

another person, then you must consider whether Mr. Perez aided or abetted the commission of the crime.

I emphasize, however, that to aid and abet another to commit a crime, it is necessary that Mr. Perez willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done, that is to say, with a bad purpose either to disobey or disregard the law.

An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime. The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether Mr. Perez aided and abetted the commission of the crime with which he is charged, ask yourself these questions: First, did he participate in the crime charged as something he wished to bring about? Second, did he associate himself with the criminal venture knowingly and willfully? Third, did he seek by his actions to make the criminal venture succeed?

If he did, then Mr. Perez is an aider and bettor and therefore guilty of the offense. If he did not, then Mr. Perez is not an aider and abettor and is not guilty as an aider and abettor.

Adapted from the Court's jury instructions in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 18:**        **Count Three[2]: Violent Crimes in Aid of Racketeering—Elements**

The next count you are to consider is Count Three.  Count Three charges Mr. Perez with attempted murder and assault with a deadly weapon in aid of racketeering, as well as aiding and abetting the same, in connection with the November 10, 2021 River Park Towers shooting.

The elements of Count Three are very similar to the elements of Count Two, except that instead of considering whether Mr. Perez committed murder, you must consider whether he committed, or aided and abetted, attempted murder or assault with a dangerous weapon.

For you to find Mr. Perez guilty of Count Three, the Government must establish beyond a reasonable doubt each of the following elements:

<u>First</u>, that SevSide/DOA, which is the charged enterprise, existed, and that it engaged in or its activities affected interstate commerce;

<u>Second</u>, that the enterprise was engaged in racketeering activity;

<u>Third</u>, that Mr. Perez had, or was seeking, a position in the enterprise;

<u>Fourth</u>, that Mr. Perez committed attempted murder, assault with a dangerous weapon, or aided and abetted either of those crimes; and

<u>Fifth</u>, that the Mr. Perez's general purpose in committing this offense was to maintain or increase his position in the enterprise.

> Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

---

[2] To be updated to Count Four if the Court prefers to preserve the numbering in the original indictment.

**Request No. 19:**         **Count Three: Violent Crimes in Aid of Racketeering: First through Third Elements**

I have already defined for you the meaning of "enterprise," "affecting interstate commerce," and "racketeering activity," as well as what it means for Mr. Perez to have a position in the charged enterprise.  Those definitions apply here as well.

**Request No. 20:**        **Count Three: Attempted Murder in Aid of Racketeering: Fourth Element – Attempted Murder and Assault with a Dangerous Weapon in Violation of New York Law**

The fourth element is that Mr. Perez committed attempted murder, assault with a dangerous weapon, or aided and abetted those crimes.  I've already instructed you on the elements of attempted murder and you should apply those instructions here.

Under New York State law, assault with a dangerous weapon may be committed by committing menacing.  A person is guilty of committing menacing if the Government proves beyond a reasonable doubt:

First, that Mr. Perez placed or attempted to place another person in reasonable fear of physical injury, serious physical injury, or death by displaying a dangerous instrument; and

Second, that Mr. Perez did so intentionally.

Under New York State law, a person intends to cause physical injury to another person when his conscious objective is to cause physical injury to another person.  "Physical injury" means impairment of a person's physical condition or substantial pain.

A "dangerous instrument" is any instrument, article, or substance that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury, although death or other serious physical injury need not, in fact, be caused.  Almost any object which, as used or attempted to be used, may endanger life or inflict great bodily harm can be a dangerous instrument.

Adapted from this Court's charge in *United States v. Ray*, 20 Cr. 110 (LJL).

**Request No. 21:**        **Count Three: Attempted Murder in Aid of Racketeering: Fifth Element – Purpose to Gain Entrance or Maintain or Increase Position**

The fifth element of Count Four is that the Mr. Perez's general purpose in committing this offense was to maintain or increase his position in the enterprise.  I have previously instructed you on the meaning of committing a crime to maintain or increase one's position within an enterprise.  You should apply that instruction here.

**Request No. 22:**      **Count Three:  Attempted Murder in Aid of Racketeering:**
                         <u>**Pinkerton**</u> **Liability – Guilt of Substantive Offense**

There is another method by which you may evaluate the possible guilt of Mr. Perez of Count Three (violent crimes in aid of racketeering) even if you do not find that the Government has satisfied its burden that Mr. Perez personally committed or aided and abetted the commission of those offenses.

If you find, beyond a reasonable doubt, that the defendant was a conspirator and hence guilty of the RICO conspiracy under Count One, then you may also, but you are not required to, find him guilty of a substantive offense committed by a co-conspirator, provided that the Government has proven the following elements beyond a reasonable doubt:

> <u>First</u>, that the attempted murder or assault with a dangerous weapon charged in the count you are considering was committed;

> <u>Second</u>, that the person or persons you find actually committed the attempted murder were members of the RICO conspiracy;

> <u>Third</u>, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

> <u>Fourth</u>, that Mr. Perez was a member of the conspiracy at the time the crime was committed; and

> <u>Fifth</u>, that Mr. Perez could reasonably have foreseen that the crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find Mr. Perez guilty of the substantive crime charged against him, even if he did not personally participate in the acts constituting the crime and even if he did not have actual knowledge of it.

> Adapted from the charges of the Honorable Sidney H. Stein in *United States v. Pabon*, 18 Cr. 319 (SHS).

**Request No. 23:**          **Count Three:  Violent Crimes in Aid of Racketeering – Special Interrogatory**

If, but only if, you find Mr. Perez guilty of Count Three, you should indicate on your verdict sheet whether your verdict on Count Three is based on attempted murder, assault with a dangerous weapon, or both.

**Request No. 24:          Count Four: Firearms Offense:  Elements**

Finally, the Indictment charges Mr. Perez with knowingly using and carrying a firearm during and in relation to the crime of violence charged in Count Three, or possessing a firearm in furtherance of that crime, and aiding and abetting the same.  You should consider this count only if you have found Mr. Perez guilty of Count Three.  If you find him not guilty of Count Three, you must also find him not guilty of the firearms offense charged in Count Four.

To sustain its burden of proof on this charge, the Government must prove beyond a reasonable doubt each of the following elements:

<u>First</u>, that Mr. Perez committed a crime of violence for which he could be prosecuted in a court of the United States, that is, the attempted murder in aid of racketeering charged in Count Three;

<u>Second</u>, that Mr. Perez knowingly used or carried the firearm during and in relation to the crime of violence, or possessed the firearm in furtherance of that crime of violence.

> Adapted from the charge of the Honorable Valerie E. Caproni in *United States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 25:**       **Count Four:  Firearms Offense:  First Element – Commission of the Predicate Offense**

The first element that the Government must prove, beyond a reasonable doubt, is that Mr. Perez committed a crime of violence that can be charged in federal court.  You are instructed that the attempted murder and assault with a dangerous weapon in aid of racketeering in Count Three are both crimes of violence that can be charged in federal court.

If you find that the Government has proven Count Four, the attempted murder in aid of racketeering, this element will have been proven.

> Adapted from the charge of the Honorable Valerie E. Caproni in *United States v. Garcia*, 19 Cr. 862 (VEC); *see also United States v. Pastore*, 83 F. 4th 113, 119–20 (2d Cir. 2023) (affirming that attempted murder in aid of racketeering "is a valid predicate crime of violence under section 924(c)"); *United States v. Lovick*, 671 F. Supp. 3d 468, 472–73 (S.D.N.Y. May 3, 2023) (concluding that menacing under New York law is categorically a crime of violence for purposes of 924(c)).

**Request No. 26:**         **Count Four: Firearms Offense:  Second Element – "Using,"
                             "Carrying," or "Possessing"**

The second element that the government must prove beyond a reasonable doubt is that Mr. Perez knowingly used or carried a firearm during the crime of violence or that he knowingly possessed a firearm in furtherance of the crime of violence.

Most guns are firearms, although BB guns, toy guns, replica guns, and pellet guns are not. A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive.  In order to prove that Mr. Perez used the firearm, the government must prove some active employment of the firearm during the crime of violence.  This does not mean that Mr. Perez must have actually fired or attempted to fire the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that Mr. Perez had a firearm all constitute "use" of the firearm.

In order to prove that Mr. Perez carried the firearm during the crime of violence charged in Count Four, the Government must prove that he had the weapon within his control so that it was available to him during the attempted murder.  In order to prove that Mr. Perez possessed the firearm in furtherance of the attempted murder, the Government must prove that Mr. Perez physically possessed the firearm or had dominion and control over its location.

Finally, the government must prove that Mr. Perez used or carried the firearm knowingly. I have previously charged you on what it means to act knowingly and that definition applies here, as well.

> Adapted from the charge of the Honorable Valerie E. Caproni in *United
> States v. Garcia*, 19 Cr. 862 (VEC).

**Request No. 27:          Count Four:  Firearms Offense: Aiding and Abetting**

Mr. Perez may also be found guilty of Count Four on an aiding and abetting theory.  To convict Mr. Perez of the firearm offense charged in Count Four on an aiding and abetting theory, you must also find beyond a reasonable doubt that Mr. Perez had advance knowledge that a participant in the crime of violence would use, carry or possess a firearm in furtherance of that crime.

"Advanced knowledge" means knowledge at a time when the defendant can attempt to alter the plan or withdraw from it.  Knowledge of the gun may but does not have to exist before the underlying crime has begun.  It is sufficient if knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.

You may but need not infer that Mr. Perez had sufficient advanced knowledge if you find that Mr. Perez continued his participation in the crime after learning about the use, carrying or possession of a gun by a co-conspirator.  In other words, as to aiding and abetting the offense charged in Count Four, the government must prove beyond a reasonable doubt that Mr. Perez facilitated either the use, carrying or possession of the firearm or the commission of the charged crime of violence and have knowledge of the firearm when he still had a realistic opportunity to withdraw from the crime of violence.

Adapted from the charge of the Honorable P. Kevin Castel in *United States v. Joseph*, 20 Cr. 603 (PKC).

40

**Request No. 28:**         **Count Four:  Firearms Offense:  Special Interrogatory (Brandish and Discharge)**

If, but only if, you find Mr. Perez guilty of Count Four, then you will have to make a separate determination whether the Government proved the firearm was brandished or discharged.

To "brandish" a firearm means to display all or part of the firearm, or to otherwise make known to another person that a firearm is present in order to intimidate that person, regardless of whether the firearm is directly visible to that other person.  A person is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the crime of violence would display the firearm or make the presence of the firearm known for purposes of intimidation.

To "discharge" a firearm means to fire or shoot, whether intentionally or accidentally.  The defendant is guilty of using, possessing, or carrying a firearm that was discharged if you find the Government has proven beyond a reasonable doubt, first, that the defendant committed the firearms offense or aided and abetted the commission of the firearms offense; and two, that the firearm in question was discharged.

If you have found the defendant guilty of the firearms offense, you must indicate on your verdict sheet whether you find the firearm was brandished, discharged, or both.

> Adapted from the charge of the Honorable Valerie E. Caproni in *United States v. Garcia*, 19 Cr. 862 (VEC).

41

**Request No. 29:**      **Venue**

In addition to all of the elements that I have described for you, in order to convict Mr. Perez on any count of the Indictment, you must also decide whether any act in furtherance of that crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan and the Bronx.

The Government need not prove that any crime was committed entirely in this district or that Mr. Perez was present here.  It is sufficient to establish venue if any act in furtherance of the crime you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to Mr. Perez that the act would take place in the Southern District of New York.

With respect to Count Two, the Murder in Aid of Racketeering charge, because the existence of the racketeering conspiracy in Count One is an element of the crime charged in Count Two, if you find venue is proper with respect to Count One, then you must find that venue is proper with respect to Count Two as well.  In other words, if you find venue is proper for the racketeering conspiracy charged in Count One, then you must also find that venue is proper for Count Two.  Similarly, with respect to Count Four, the firearms offense, because Mr. Perez's commission of the attempted murder in aid of racketeering charged in Count Three is an element of the crime charged in Count Four, if you find venue is proper with respect to the attempted murder, then you must find that venue is proper with respect to Count Four as well.

I should note that on this issue—and this issue alone—the Government's burden is not proof beyond a reasonable doubt, but only proof by a preponderance of the evidence.  Thus, the Government has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act in furtherance of the crime charged in that count occurred in the Southern

District of New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.

>   Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Marquez-Alejandro*, et al., S13 16 Cr. 387 (JMF) and the Honorable J. Paul Oetken in *United States v. Bimbow*, 21 Cr. 48 (JPO).

.

* * *

Dated: New York, New York
          December 20, 2024

                              Respectfully submitted,

                              EDWARD Y. KIM
                              Acting United States Attorney
                              Southern District of New York


                    By:      _____/s/_____
                              Michael R. Herman
                              James A. Ligtenberg
                              Patrick R. Moroney
                              Assistant United States Attorneys