UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KEVIN PEREZ,

Defendant.

23 Cr. 99 (LJL)

**THE GOVERNMENT'S PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

EDWARD Y. KIM
Acting United States Attorney
Southern District of New York
Attorney for the United States of America

Michael Herman
James Ligtenberg
Patrick Moroney
Assistant United States Attorneys
   -Of Counsel-

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude by asking whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

**Summary of the Case**

This is a criminal case. The defendant, Kevin Perez, has been charged in an Indictment with violating certain federal laws. The Indictment was returned by a grand jury sitting in this District.

The Indictment itself is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.

I will now summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment contains four counts or charges:

Count One charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations, or RICO, Act. More specifically, Count One charges that from at least in or about 2017, up to and including the date that the Indictment was returned, that is, on or about February 21, 2023, the defendant was a member of an enterprise, named in the Indictment as the "Sev Side," or "DOA" (short for "Dead on Arrival") which I will call "Sev Side/DOA" and that he agreed with others that members of the enterprise would conduct the affairs of the enterprise

through acts involving murder (including conspiracy to commit murder and attempted murder), bank fraud, and wire fraud.

Count Two charges that on or about December 16, 2021, the defendant, to maintain and increase his position in Sev Side/DOA, shot and killed Hwascar Hernandez in the vicinity of 151st Street and Amsterdam Avenue in Manhattan.

Count Three charges that on or about November 10, 2021, the defendant, along with two other men, to maintain and increase his position in Sev Side/DOA, shot at rival gang members, and aided and abetted the same, in the vicinity of Matthewson Road and Roberto Clemente State Park Bridge in the Bronx, New York.

Count Four charges that the defendant used and aided and abetted the use of a firearm, which was brandished and discharged, during and in relation to the assault and attempted murder charged in Count Four.

**Knowledge of Events**

1.Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them? Have you read or heard anything about this case? If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

**Ability to Sit as Jurors**

2.Does any juror have a problem with his or her hearing or vision, or any other medical problem, which would prevent him or her from giving full attention to all of the evidence at this trial?

3.Is any juror taking any medication that would prevent him or her from giving full attention to all the evidence at this trial?

4.      Does any juror have any difficulty reading or understanding the English language in any degree?

5.      Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict in a criminal case?

6.      After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case should last approximately two weeks. Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

**Ability to Render a Fair Verdict**

7.      Does any juror feel that he or she could not view fairly and impartially a case involving the charges in the Indictment? Has any juror formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

8.      Do you believe that you saw or read anything about the alleged shooting on December 16, 2021, in the vicinity of 151st Street and Amsterdam Avenue in Manhattan that resulted in the death of Hwascar Hernandez? If so, will you be able to set aside anything you might have heard or saw about the shooting and consider only the evidence presented to you during this trial?

9.      If this trial generates media attention, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook, Instagram, or X (formerly Twitter)—until after this case is over? If not, please raise your hand.

10.     Does the fact that the charges involve allegations of violent crime affect your ability to render a fair verdict?

11. Has any juror been involved—as a defendant, victim, or any other way—in a case involving a murder, shooting, or any other firearms offenses?

12. Do any of you feel that the fact that the charges involve the illegal use of firearms may affect your ability to render a fair verdict? Do any of you have any opinion about the enforcement of the federal firearms laws that might prevent you from being fair and impartial in this case?

13. Does any juror own a gun? Has any juror received training in the use of firearms? Do any of you believe that the laws governing the use and possession of firearms should not be enforced?

14. Has any juror been involved—as a defendant, victim, or any other way—in a case involving the illegal possession or sale of drugs?

15. Has any juror, juror's relative, close friend, or associate ever been involved in a gang? Has any juror, juror's relative, close friend, or associate ever had any experience of any kind, directly or indirectly, with a gang? Does the fact that the charges involve a gang affect your ability to render a fair verdict?

16. In this case, you may hear evidence of shootings at alleged gang members. Do any of you believe that an individual should not be punished for taking part in such a shooting, where the intended victim was a gang member?

17. In this case, you may hear evidence of schemes to defraud various banks, including TD Bank, Bank of America, and Chase. Has any juror or juror's close relative ever been employed by a bank? You may hear evidence that the schemes involved cashing fraudulent checks and using prepaid cash cards obtained through false applications for unemployment benefits. Does anyone

believe such conduct should not be a crime? Has any juror, juror's relative, close friend, or associate ever been the victim of fraud?

### Views on Certain Witnesses, Investigative Techniques, and Evidence

18.     The witnesses in this case will include law enforcement witnesses. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

19.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case? Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

20.     You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has now pled guilty to crimes and is testifying on behalf of the Government in the hope of receiving a lower sentence. I instruct you that the use of such cooperating witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

21. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

22. I will instruct you that the Government is not required to use any particular technologies or techniques when investigating and presenting evidence of a crime. Would you be unable to follow this instruction?

23. The defendant is charged with acting with others in committing the alleged crimes. Those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other people are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Knowledge of the Trial Participants

24. The defendant in this case is Kevin Perez, also known as "Kay Flock," "Kay," and "KK." [*Please ask the defendant to rise*.] Does any juror know, or has any juror had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

25. To your knowledge, do any of your relatives, friends, associates, or employers know or have any dealings with the defendant or with any relative, friend, or associate of the defendant?

26. Mr. Perez is represented by Thomas Ashley, Michael Ashley, and Hussain Gatlin. [*Please ask defense counsel to stand*.] Do any of you know any of Mr. Perez's attorneys? Has any juror had any dealings with him or with individuals in his office?

27. The prosecution, referred to as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York. The Acting United States Attorney is Edward Y. Kim. The conduct of the trial will be

in the immediate charge of Assistant United States Attorneys Michael Herman, James Ligtenberg, and Patrick Moroney. They will be assisted by Detective Matthew Lombardo of the New York City Police Department, Special Agent Rosanna Corrado of Homeland Security Investigations, and by Ananya Sarkar and David Naguib, paralegal specialists in the U.S. Attorney's Office. [*Please ask them to stand*]. Do any of you know Mr. Kim, Mr. Herman, Mr. Ligtenberg, Mr. Moroney, Ms. Sarkar, Mr. Naguib, Detective Lombardo, or Special Agent Corrado? To your knowledge, have you, your family members, or your close friends had any dealings with any of them?

28. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

*[List of names to be supplied]*

Do any of you know any of those people? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

## Knowledge of Locations

29. Events in this case took place at and around these locations:

*[List of places to be supplied]*

Are any of you particularly familiar with any of these locations?

## Relationship with the Government

30. Does any juror, or his or her relative or close friend, work in law enforcement, the justice system, or the courts? In what capacity? Has any juror had any contact with anyone in law enforcement, the justice system, or the courts that might influence his or her ability to evaluate this case?

31. Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the United States Attorney's Office for the Southern District of New York?

32. Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the New York City Police Department, commonly known as the "NYPD"?

33. Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of Homeland Security Investigations, commonly known as "HSI"?

34. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service? Have you had any legal, financial, or other interest in the outcome of such a dispute? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

35. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the City of New York, including the New York City Police Department? Have you had any legal, financial, or other interest in the outcome of such a dispute?

36. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the NYPD?

37. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against law enforcement more generally? Has any juror participated in any demonstrations in support of or against law enforcement?

### Prior Jury Service

38. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, did the jury reach a verdict?

39. Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

### Experience as a Witness, Defendant, or Crime Victim

40. Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

41. Have you or any relative or close friend ever been a witness or a complainant in any hearing or trial, whether state, local, or federal?

42. Are you or any member of your family now under subpoena, or, to the best of your knowledge, about to be subpoenaed in any criminal case?

43. Have you, any member of your family, or any of your close friends ever been charged with a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire at sidebar into the circumstances of each crime.*]

44.     Has any juror or any friend, associate, or relative ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire at sidebar into the circumstances of each crime.*]

45.     Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a congressional committee? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire at sidebar into the circumstances of each investigation or accusation.*]

### Experience with Experts

46.     You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

### Basic Legal Principles

47.     Under the law, the facts are for the jury to decide and the law is for the Court. The two areas are separate and distinct. At the end of the case, I will instruct the jury on the law, and the jury is required to accept and apply the law as I explain it. If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law. Do any of you believe that you would have any difficulty following this instruction? If so, please raise your hand.

48.     Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

49. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

50. In a criminal case the burden of proof remains with the prosecution. It never shifts to the defendant. For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

51. I will also instruct the jury that as you consider whether the Government has met its burden of proof, you must consider each count of the Indictment separately. Is there anyone who feels he or she cannot evaluate each count separately? If so, please raise your hand.

52. You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

53. A defendant in a criminal case has the right to testify and the right not to testify. If a defendant does not testify, the jury may not draw any inference against her or him based on that decision. The fact that a defendant chooses not to testify may not enter into a jury's deliberation at all. If you have any difficulty accepting this legal principle, please raise your hand.

54. Under the law, the question of punishment, if any, is for the Court—that is, for me—to decide, and thus the issue of possible punishment must not enter into your deliberations as to whether the defendant on trial here has been proven guilty beyond a reasonable doubt. Are any of you unable to accept that instruction? If so, please raise your hand.

55. Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense? If so, please raise your hand.

56. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that, even if the evidence established the guilt of the defendant beyond a reasonable doubt, you might not be able to render a guilty verdict against the defendant for reasons unrelated to the law and the evidence, including any religious, philosophical, or other belief? If so, please raise your hand.

57. In the alternative, if the Government fails to prove the defendant's guilt beyond a reasonable doubt, is there any juror who feels he or she could not render a verdict of not guilty with respect to the defendant? If so, please raise your hand.

58. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you? If so, please raise your hand.

59. From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess. Please understand that

while you are waiting, we are working. The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. You should not speculate about what the lawyers and I are working on. Does anyone believe they will not be able to follow that instruction?

## Questions for Individual Jurors

60. I am now going to ask each of you a few questions designed to give the parties a better idea of you as a person. Again, these questions are not designed to embarrass you or make you feel uncomfortable. They are simply meant to give the parties a little more information about you.

   a. What is your county of residence? How long have you lived there? *[If Manhattan or the Bronx, it is requested that the Court inquire as to the general neighborhood.]*

   b. What is the highest level of schooling you have completed?

   c. What is your present employment? How long have you held your current position? If retired, what did you do before?

   d. Do you have a spouse or partner? If so, how is he or she employed?

   e. Do you have any children? How old are they? If they are adults, how are they employed?

   f. Is there anyone else living in your household? Who? What do they do for a living?

   g. Which magazines, newspapers, and other periodicals do you read on a regular basis?

h. What television, streaming service shows, radio or podcast programs do you watch or listen to on a regular basis? Which, if any, do you rely on for news?

i. What Internet websites do you visit on a regular basis? What Internet sources, if any, do you rely on for news?

j. Do you use online social media sites, such as Facebook, X (formerly, Twitter), LinkedIn, or Instagram?

k. Will you be able to follow my instructions not to "post" or "message" or "chat" or communicate in any way on social networking sites about the case during your service as a juror?

l. Will you be able to follow my instructions not to do online research about the defendant, witnesses, or charges in this case?

m. Have you ever served in the military?

n. Do you belong to or volunteer your time to any associations, organizations, clubs or unions?

o. What else do you do in your spare time?

**Summary Question**

61. As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you one final time, is there anything—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

**Requested Instructions Following Empanelment of the Jury**

From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated: New York, New York
December 20, 2024

        Respectfully submitted,

        EDWARD Y. KIM
        Acting United States Attorney
        Southern District of New York

By:   /s/_____
        Michael Herman
        James Ligtenberg
        Patrick Moroney
        Assistant United States Attorneys