```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
UNITED STATES OF AMERICA                                            :
                                                                    :
            -v-                                                     :
                                                                    :   23-cr-99 (LJL)
KEVIN PEREZ,                                                        :
                                                                    :   MEMORANDUM AND
                              Defendant.                            :   ORDER
                                                                    :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Kevin Perez moves for orders (1) dismissing Count One of the Indictment against him; (2) requiring the Government to provide a bill of particulars; (3) disclosing Grand Jury transcripts; (4) directing the Government to provide any Rule 404(b) material; (5) severing Counts Six through Eleven of the Indictment; (6) directing the Government to disclose outstanding *Brady* and *Giglio* material; (7) requiring the early disclosure of Jencks and 3500 material three weeks prior to the testimony of the subject witness; (8) requiring the Government to disclose co-conspirator statements; (9) requiring the Government to provide an exhibit list; (10) requiring the Government to provide a witness list; (11) requiring the Government to preserve and produce all notes of law enforcement agents; (12) requiring expert notification; (13) directing the Government to provide Defendant's statements, an inspection of physical evidence, and reports of examinations and tests; (14) striking prejudicial surplusage from the Indictment; and (15) setting an audibility hearing. Dkt. No. 173. For the reasons that follow, Defendant's motions are denied.

## BACKGROUND

Defendant is charged in an indictment returned on February 21, 2023, with racketeering conspiracy in violation of Title 18 United States Code Section 1962(d) (count one); the commission of a violent crime in aid of racketeering on December 16, 2021, in violation of Title 18 United States Code Sections 1959(a)(1) and 2 (count two); murder through use of a firearm in violation of Title 18 United States Code Sections 924(j) and 2 (count three); the commission of a violent crime in aid of racketeering on November 10, 2021, in violation of Title 18 United States Code Sections 1959(a)(3), (a)(5), and 2 (count four); and the knowing use and carriage of a firearm and possession of a firearm which was brandished and discharged during and in relation to a crime of violence in violation of Title 18 United States Code Sections 924(c)(1)(A)(i), (ii), (iii) and 2.  Dkt. No. 1.

In brief, the indictment charges that, from at least in or about 2017 until the present, Perez was a member of a gang known as "Sev Side" or "DOA" (short for "Dead On Arrival") which operated principally in the Belmont neighborhood of the Bronx, New York, and which engaged in, among other activities, robberies, wire fraud, bank fraud, and acts involving murder and assault.  *Id.* ¶¶ 1, 6.  The indictment further charges that on or about December 16, 2021, Defendant knowingly murdered another individual as consideration for the receipt and promise and agreement to pay a thing of pecuniary value from Sev Side/DOA and for the purpose of maintaining and increasing his position in Sev Side/DOA, and that on November 10, 2021, Defendant, with others, knowingly assaulted and attempted to murder rival gang members for the same reasons.  *Id.* ¶¶ 11, 15.  The December 16, 2021 murder is charged as a special sentencing factor.  *Id.* ¶ 8.

Defendant was presented on February 23, 2023.  Dkt. No. 11.  He was arraigned on March 17, 2023.  Mar. 17, 2023, Minute Entry; Dkt. No. 31.

On September 19, 2023, the Court set a deadline for pretrial motions of November 30, 2023, with the motions to be heard on January 25, 2024. Sept. 19, 2023, Minute Entry; Dkt. No. 23 at 5. No pretrial motions were made. Trial of this case is scheduled for January 21, 2025. Dkt. No. 136. The instant motion was made on December 20, 2024, the deadline for motions in limine. Dkt. Nos. 150, 173.

## DISCUSSION

**I.    Motion to Dismiss Count One of the Indictment**

Defendant argues that Count One of the Indictment should be dismissed because it is "unconstitutionally vague and insufficiently particular." Dkt. No. 173-2 at 6. He complains that Count One of the Indictment fails to identify which of the predicate acts in the Indictment were within the scope of his alleged agreement and fails to particularize the predicate acts themselves by specifying when or where they occurred or who participated in them. *Id.* at 6, 11–17. The motion is untimely and without merit.

Federal Rule of Criminal Procedure 12(c) permits the Court to set a deadline for the parties to make pretrial motions, including a motion under Federal Rule of Criminal Procedure 12(b)(3) alleging a defect in the indictment. Fed. R. Cr. P. 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). The motion may nonetheless be entertained if the defendant shows good cause. *See United States v. O'Brien*, 926 F.3d 57, 83 (2d Cir. 2019); Fed. R. Cr. P. 12(c)(3).

The Court set a deadline of November 30, 2023, for the making of pretrial motions. Sept. 19, 2023, Minute Entry; Dkt. No. 23 at 5. All of the arguments Defendant makes now for dismissal of Count One of the indictment were reasonably available to him on that date. Nonetheless, he failed to challenge the indictment on the date set by the Court. Nor has he shown any good cause for not making the Court's deadline and for waiting until over one year

3

later to level this challenge, on the eve of trial. The motion thus is denied for that reason alone. *See United States v. Ramos*, 2024 WL 4979204, at *6 (S.D.N.Y. Dec. 4, 2024); *United States v. Archuleta*, 2018 WL 8646703, at *2 (S.D.N.Y. July 31, 2018).

In any event, the motion is without merit. "A defendant seeking to challenge the sufficiency of an indictment on a motion to dismiss faces a high hurdle." *United States v. Silver*, 117 F. Supp. 3d 461, 464–65 (S.D.N.Y. 2015); *see also United States v. Pham*, 2022 WL 993119, at *3 (S.D.N.Y. Apr. 1, 2022) (Nathan, J.) ("A defendant faces a high standard in seeking to dismiss an indictment." (citation omitted)). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also id.* ("[A]n indictment need 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" (citation omitted)).

Count One of the indictment readily satisfies those standards, informing Defendant of the charge against which he must defend and providing sufficient information for him to plead a bar for future prosecutions for the same offense. It alleges the persons with whom Defendant is alleged to have conspired, the RICO enterprise with which Defendant was employed and associated (Sev Side/DOA), the time period of the alleged conspiracy (2017 to present), and the pattern of racketeering activity in which the defendant agreed to participate: murder, robbery, wire fraud, and bank fraud. Dkt. No. 1 ¶ 6. It further specifies that the purposes of Sev Side/DOA included the preservation and protection of the power and territory of Sev Side/DOA and its members and associates through murder and the enrichment of its members through

robberies and financial frauds, *id.* ¶ 4, and that Sev Side/DOA's means and methods included murder and assault, robberies and financial frauds, *id.* ¶ 5(a)–(c). The indictment also alleges that on or about December 16, 2021, Defendant murdered Hwascar Hernandez, *id.* ¶ 8, and that "[o]n or about November 10, 2021," Defendant "shot at rival gang members," *id.* ¶ 15.

## II.     Motion for a Bill of Particulars

Defendant argues, in the alternative, that if Count One of the indictment is not dismissed, the Government should be required to provide him a bill of particulars detailing (1) which conspirators agreed on which predicate racketeering act and (2) the dates, locations, and participants in each agreed-upon racketeering act within the scope of the charged conspiracy. Dkt. No. 173-2 at 18. He also seeks particulars regarding the persons "known and unknown" with whom he is alleged to have conspired, *id.* at 24, including the identities of all known co-conspirators, *id.* at 25, and the locations defined in the indictment as "and elsewhere" where the conspiracy took place, *id.* at 24. He asserts that, without a bill of particulars, he will be "left to guess which of the purported criminal racketeering acts the Government will seek to prove" he conspired to commit or had someone else commit and that he will be left to speculate about the particulars of each of the predicate acts. *Id.* at 22.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to permit a defendant "to identify with sufficient particularity the nature of the charges pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *see also United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). "Courts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not

5

advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)); *see United States v. Wey*, 2017 WL 237651, at *17 (Nathan, J.) (S.D.N.Y. Jan. 18, 2017) ("[T]he question in determining whether to grant one 'is not whether the information would be *useful* to the defense' but rather whether it is '*necessary* for the preparation of the defense.'" (quoting *United States v. Chalmers*, 410 F. Supp. 2d 278, 286–87 (S.D.N.Y. 2006))).

Defendant's motion is untimely. Federal Rule of Criminal Procedure 7(f) provides that a motion for a bill of particulars may be made "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Defendant's motion was not made within 14 days of the date of his arraignment, nor did he ask for leave to make it at a later date. To the contrary, it is made on the eve of trial. The date of Defendant's motion alone is basis for its denial. *See United States v. Russo*, 2021 WL 1723250, at *4 (E.D.N.Y. Apr. 30, 2021); *United States v. Kozel*, 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17, 2020).

The motion is also without merit. A motion for a bill of particulars is properly denied "if the information sought by the defendant is provided in the indictment or in some acceptable alternate form." *Bortnovsky*, 820 F.2d at 574. It simply is not correct that, without particulars, Defendant will be left to guess which criminal racketeering acts the Government will seek to prove. *See* Dkt. No. 173-2 at 22. The indictment itself specifies two shootings in which Defendant was involved, one of which resulted in the death of the victim, with the name of that victim and the dates and locations of the shootings. Dkt. No. 1 ¶¶ 8, 15. In addition, on December 13, 2024, the Government provided the defense a RICO Enterprise Letter. Dkt. No. 173-1 at 14.[1] The RICO Enterprise Letter provides the defense extensive information about

---

[1] ECF pagination.

the charges against Defendant and the evidence that the Government intends to present. Among other things, it sets forth that (1) Defendant was a member and eventually the leader of Sev Side/DOA in the Bronx, which had rivalries with several other street gangs including 800 YGz, the Drillys, River Park Towers, the OYz, and others, which often resulted in acts of violence; (2) that Sev Side/DOA members would travel to rival gang territories to "spin the block," by shooting at gang rivals; (3) that on or about June 20, 2020, the defendant and allied gang members committed a shooting in 800 YGz territory; (4) that on or about August 10, 2020, the defendant and allied gang members shot at 800 YGz; (5) that on or about November 10, 2021, Defendant and other Sev Side members shot at rival RPT gang members in RPT territory; and (6) that on December 16, 2021, in connection with one of Sev Side/DOA's gang disputes, the Defendant murdered Hwascar Hernandez in the vicinity of West 151st Street and Amsterdam Avenue in the Bronx. Dkt. No. 173-1 at 14–16. Finally, the Government has represented that it has provided the defendant with a "clearly marked folder[]" for each predicate act of violence containing all of the NYPD files for that case, including the dates and locations of each predicate act and, where available, videos of the incidents, as well as more than a dozen detailed search warrants describing the Sev Side/DOA criminal enterprise and the racketeering acts Defendant and his co-conspirators committed in further of the enterprise. Dkt. No. 182 at 8.

    The indictment and the information provided by the Government is sufficient for the Defendant to prepare for trial and to avoid surprise. "[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied." *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001); *see United States v. Brewster*, 2021 WL 3423521, at *2 (S.D.N.Y. Aug. 5, 2021); *United States v. Helbrans*, 547 F. Supp. 3d 409, 432 (S.D.N.Y. 2021); *United States v. Lopez*, 2019 WL

4733603, at *8 (S.D.N.Y. Sept. 27, 2019). "The identity of co-conspirators in particular has been held to be outside the function of a bill of particulars in cases with similar facts to the instant case." *United States v. Guerrero*, 669 F. Supp. 2d 417, 426 (S.D.N.Y. 2009) (collecting cases). Indeed, "[t]he nature of the crimes is such that the defendant can be expected to have met, and thus already know the identities of his co-conspirators." *Id.* at 428.

The defense points to the large amount of information provided by the Government in discovery. Dkt. No. 173-2 at 22. While the volume of discovery is a factor that may support requiring a bill of particulars, *see Brewster*, 2021 WL 3423521, at *2 (citing *Davidoff*, 845 F2d at 1155), that factor alone is not enough where, as here, the defendant has been provided sufficient information through other means to prepare for trial.[2]

### III. Disclosure of the Grand Jury Minutes

Defendant also seeks disclosure of the grand jury minutes. Dkt. No. 173-2 at 26–30.

"[G]rand jury proceeding[s] [are] accorded a presumption of regularity." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991) (internal quotation marks omitted). To promote regularity, there has been a "long-established policy that maintains the secrecy of grand jury proceedings in the federal courts." *Dennis v. United States*, 384 U.S. 855, 869 (1966) (internal quotation marks omitted). Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure "at the request of the defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P.

---

[2] *United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y. Mar. 15, 2000), upon which the Defendant relies, is easily distinguishable. There, the court ordered disclosure of alleged co-conspirators where the "geographical scope of the conspiracies charged in the Indictment [wa]s unusually vast," involving overt acts in twelve countries, was long-running, and involved a large number of co-conspirators, many of whom were identifiable only by code names. *Id.* at 234, 241; *see United States v. Rose*, 2021 WL 2117119, at *15 n.2 (S.D.N.Y. May 24, 2021) (distinguishing *Bin Laden*).

6(e)(3)(E)(ii). However, "a defendant seeking disclosure of grand jury minutes has the burden of showing a particularized need that outweighs the default need for secrecy in grand jury deliberations." *United States v. Phillips*, 2023 WL 6812286, at *2 (S.D.N.Y. Oct. 16, 2023) (quoting *United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010)). "[A] defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity" that outweighs the Government's and the Grand Jury's substantial interest in secrecy. *United States v. Gibson*, 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001); *see also United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). "This standard applies both to in camera review and disclosure to the parties of grand jury minutes." *United States v. Dunn*, 2005 WL 1705303, at *1 (S.D.N.Y. July 19, 2005).

Defendant's motion is based on the premise that the indictment is deficient and that the grand jury must have been "not properly instructed" on racketeering law. Dkt. No. 173-2 at 30. But the premise is faulty—the indictment is not deficient. And, in any event, the Government need not provide the jury with legal instructions at all. *See Phillips*, 2023 WL 6812286, at *1. Defendant offers nothing but speculation that some impropriety occurred before the grand jury. The motion accordingly is denied. *See United States v. Henry*, 861 F. Supp. 1190, 1194 (S.D.N.Y. 1994) ("[A] defendant's mere speculation as to what occurred in front of the Grand Jury does not warrant inspection of the minutes by defense counsel.").

## IV.    Rule 404(b) Evidence

Defendant asks that the Court order the Government to provide notice of any prior bad acts it intends to offer under Federal Rule of Evidence 404(b). Dkt. No. 173-2 at 31–32.

The Government responds that it provided Rule 404(b) notice within its RICO enterprise letter and has produced all of the underlying discovery. Dkt. No. 182 at 14. Accordingly, the motion is denied as moot.

## V.     Severance of Counts Six Through Eleven

Defendant seeks an order severing Counts Six through Eleven of the indictment in which he is not named. Dkt. No. 173-2 at 33–34. Those counts charge Defendant's co-defendants with crimes ranging from violent crime in aid of racketeering to firearm offenses, to possession of a firearm with a defaced serial number and possession of a firearm after a felony conviction. Dkt. No. 1 ¶¶ 17–26. Those defendants have already resolved their cases, however, and will not be proceeding to trial with Defendant. Accordingly, the motion is moot. The jury will be provided a copy of the indictment redacted to exclude any reference to Counts Six through Eleven.

## VI.    Disclosure of *Brady*/*Giglio* and Jencks Material

Defendant asks that the Court order that all *Brady* and *Giglio* material be provided to it "forthwith," Dkt. No. 173-2 at 36, and order "the immediate disclosure of Jencks Act material, *id.* at 37.

The Court already ordered the Government to disclose *Brady* material. Dkt. No. 21. The Government represents that "[s]hould any exculpatory material come into the Government's possession, it will be disclosed promptly." Dkt. No. 182 at 14. If the Government does not do so, it runs the risk of violating the order at Dkt. No. 21. There is no evidence that the Government has fallen short in its *Brady* obligations. No further order is needed. *See United States v. Cordoba Ruiz*, 2023 WL 6811646, at *3 (S.D.N.Y. Oct. 16, 2023).

The Court has no authority to order pretrial disclosure of witness statements producible only under the Jencks Act. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). Moreover, "courts in this Circuit have refused to compel disclosure of impeachment or *Giglio* material well in advance of trial." *Helbrans*, 547 F. Supp. 3d at 436.

The Government represents that it will produce *Giglio* and Jencks Act material at least one week before trial. Dkt. No. 182 at 16. That time frame should be sufficient to permit the

Defendant to make effective use of the *Giglio* material at trial. *See United States v. Castillero*, 2024 WL 4815672, at *5 (S.D.N.Y. Nov. 18, 2024).

### VII. Disclosure of Statements Made to Co-Conspirators

Defendant asks that the Court order the Government to disclose all statements made by him to any other person or alleged co-conspirator which the Government will seek to admit under Federal Rule of Evidence 801(d)(2)(e). Dkt. No. 173-2 at 38. The Government represents that it has produced all known statements of Perez and his co-conspirators. Dkt. No. 182 at 16. Accordingly, the motion is moot.

### VIII. Disclosure of Exhibit List

Defendant moves for production of an exhibit list in advance of trial and for "a list of recordings on a rolling basis commencing immediately." Dkt. No. 173-2 at 39.

Federal Rule of Criminal Procedure 16 requires the Government to provide discovery of documents and objects "the government intends to use . . . in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E)(ii). To facilitate compliance with this rule and "an efficient presentation at trial," *United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004), "courts have regularly required pretrial disclosure of the government's exhibit list in complex cases involving voluminous discovery," *United States v. Freeman*, 2019 WL 2590747, at * 4 (S.D.N.Y. June 25, 2019); *United States v. Chalmers*, 474 F. Supp. 2d 555, 573 (S.D.N.Y. 2007); *United States v. Vilar*, 530 F. Supp. 2d 616, 639–40 (S.D.N.Y. 2008).

The Government represents that it will provide an exhibit list no later than one week before trial. Dkt. No. 182 at 17. Given the demands of this case, that is adequate. Defendant's only argument to the contrary is that he needs time to review any designated recordings and transcripts and to determine whether any motions in limine are necessary. *See* Dkt. No. 173-2 at 39. But the Government states it has already "sent the defense a number of proposed exhibits—

11

including YouTube videos and other records." Dkt. No. 182 at 18; *see* Dkt. No. 176 at 12 n.3 (noting that a "representative sample of the music videos the Government seeks to introduce," and "corresponding lyrics," have been submitted to the Court and defense via USAfx). The Court will not order earlier production of an exhibit list.

IX.     **Disclosure of Witness List**

Defendant moves for immediate disclosure of the Government's witnesses. Dkt. No. 173-2 at 40–41.

"[D]istrict courts have authority to compel pretrial disclosure of the identity of government witnesses." *United States v. Cannon*, 528 F.2d 296, 300 (2d Cir. 1975). In deciding whether to require a witness list, courts consider whether the defendant has made "a specific showing that [it is] both material to the preparation of the defense and reasonable in light of the circumstances." *United States v. Bejasa*, 904 F.2d 137, 139–40 (2d Cir. 1990); *see United States v. Maxwell*, 534 F. Supp. 3d 299, 324 (S.D.N.Y. 2021) (Nathan, J.); *United States v. Prussick*, 2021 WL 4902529, at *5 (E.D.N.Y. Oct. 21, 2021). Among the factors the court must consider is whether the case "involves charges of violent crimes[] where the witnesses will include cooperating individuals and victims." *United States v. Robles*, 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005) (Lynch, J.).

The Government represents that it will provide a witness list no later than one week before trial. Dkt. No. 182 at 17. That timing is appropriate in a case such as this involving violent crimes. The Defendant has not made any showing why any earlier disclosure is necessary to prepare a defense.

X.  **Production of Notes of Law Enforcement Agents**

Defendant moves for an order requiring the Government to preserve rough notes and handwritten drafts of reports made during the course of the investigation and during witness interviews as well as for production of such notes. Dkt. No. 173-2 at 42.

The Government represents that it will produce any law enforcement agent notes that are required to be produced and that are in its possession with its production of the *Giglio* and Jencks Act material. Dkt. No. 182 at 17. Accordingly, the motion is moot.

XI.  **Notification of Expert Witnesses**

Defendant moves for pretrial notification of expert testimony under Federal Rule of Evidence 702. Dkt. No. 173-2 at 43.

On October 28, 2024, the Court ordered the Government to make expert witness disclosures no later than December 20, 2024, and the defense to make its expert disclosures by January 3, 2025. Dkt. No. 150. The Government provided notice of its three expert witnesses on November 21, 2024, in advance of the court deadline of December 20, 2024, for expert witnesses. Dkt. No. 182 at 17–18. The motion is moot.

XII.  **Provision of Rule 16 Discovery**

The defense moves for Rule 16 discovery. Dkt. No. 173-2 at 44–46. The Government represents that it has provided all Rule 16 discovery. Dkt. No. 182 at 18. Accordingly, the motion is moot.

XIII. **Motion to Strike Alleged Surplusage from the Indictment**

Defendant requests that the Court strike as surplusage the phrase "and elsewhere" from paragraphs 6, 11, 15 and 16 of the indictment and the phrase "and others known and unknown" from paragraphs 6, 11, and 15 of the indictment. Dkt. No. 173-2 at 47.

In general, "and elsewhere" or similar language is not understood as mere surplusage. *United States v. Olmeda*, 461 F.3d 271, 283–84 (2d Cir. 2006). Rather, it expresses a belief by prosecutors that "places or persons other than those specifically alleged are involved in the charged conduct, even if the particulars of those places or persons are not yet known." *Id.* at 284. There is also nothing inherently "inflammatory or prejudicial" about such language, which simply states that the conduct may have involved unknown people or places. *United States v. Lester*, 1995 WL 656960, at *12 (S.D.N.Y. Nov. 8, 1995).

Here, the use of "others known and unknown" in paragraphs 6, 11, and 15, of the indictment expresses the belief that others besides the named defendants may have been involved in Sev Side/DOA and participated in the relevant crimes. This is not surplusage. The same is true of the use of "and elsewhere" in paragraph 6, which reflects that racketeering activity may have occurred outside of the Southern District. Although other uses of "and elsewhere" may constitute surplusage, the language is not inflammatory, and Defendant has not shown a realistic possibility it would confuse the jury. The motion is denied.

### XIV. Audibility Hearing

Defendant "preserves the right" to seek court intervention with regard to audibility concerns in recordings to be admitted at trial. Dkt. No. 173-2 at 51. If any such concerns arise, Defendant should "submit the specific portions of the identified recordings which [he] contend[s] are inaudible" in any motion for a hearing. *United States v. Mullen*, 243 F.R.D. 54, 76 (W.D.N.Y. 2006), *aff'd in part sub nom. United States v. Funderburk*, 243 F.R.D. 53 (W.D.N.Y. 2007).

SO ORDERED.

Dated: January 7, 2025  
      New York, New York

                                          LEWIS J. LIMAN  
                                      United States District Judge