

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 7, 2025

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

REQUEST DENIED.
Trial to proceed as scheduled on March 10, 2025.

1/15/2025   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:   *United States v. Kevin Perez*, 23 Cr. 99 (LJL)

Dear Judge Liman:

In a telephone conference earlier this afternoon, the Court rescheduled the trial date in this case from January 21, 2025, to March 10, 2025. For the reasons set forth below, after consulting with other parties that have trials scheduled before the Court, the Government respectfully requests that the trial be rescheduled for February 24, 2025, rather than March 10, 2025.

Trial in this case was initially scheduled for September 9, 2024, and undersigned counsel was prepared to appear for trial on that date. On July 24, 2024, Perez's then-counsel (Jack McMahon) moved for an adjournment of trial. (Dkt. 109). The Court granted this motion, rescheduling trial for November 12, 2024. Undersigned counsel was prepared to proceed to trial on that date.

Perez's current retained counsel (Thomas Ashley, Michael Ashley, and Husain Gatlin), joined the case at least as early as September 16, 2024. (Dkt. 122). On October 4, 2024, Perez's current counsel moved for a second adjournment of the trial date. (Dkt. 134). The Court granted the adjournment and rescheduled trial for January 21, 2025. Undersigned counsel was prepared to proceed to trial on that date.

This morning, on January 7, 2025, Perez's counsel moved for a third adjournment of the trial date. (Dkt. 184). The Government did not object to a short adjournment, but respectfully requested that the trial be scheduled for a date that would accommodate the schedules of the three undersigned prosecutors assigned to the case. At a conference this afternoon, the Court rescheduled the trial for March 10, 2024.

Unfortunately, due to preexisting conflicts, two of the three prosecutors assigned to this case cannot participate in a trial that begins on March 10, 2024. That trial date would thus necessitate significant and disruptive restaffing by the Government.

Based on information provided by Chambers, the Government understands that the Court has civil trials scheduled to end by February 21, 2025. In addition, the Government understands that the Court currently has two criminal trials scheduled for March 3, 2025: *United States v. Johnson*, 24 Cr. 315; and *United States v. Rodriguez*, 24 Cr. 417. Based on conversations with the

AUSAs responsible for those cases, the Government understands that each trial is expected to take approximately one week.

In order to accommodate the schedules of the AUSAs assigned to this case—without disrupting any of the Court's other cases—the Government respectfully requests that the trials in *Johnson* and *Rodriguez* (to the extent they go forward) be pushed back one week, to March 10, 2025. The Government has conferred with the AUSAs responsible for those trials, and they consent to the one-week adjournment. In addition, the AUSAs in those cases have conferred with all defense counsel in *Johnson* and *Rodriguez* as well. All defense counsel in those cases likewise consent to a one-week adjournment to March 10, 2025.

In the event that the Court is willing to adjourn *Johnson* and *Rodriguez* by one week, the Government respectfully submits that trial in this case could begin on February 24, 2025 (after the civil cases are completed), and be completed no later than March 7, 2025 (before *Johnson* or *Rodriguez*). This would accommodate the Government's scheduling conflicts, while causing no prejudice in the cases of *Johnson* and *Rodriguez*. Indeed, the Government understands that the defendant in *Johnson* is out on bail, and that the defendants in *Rodriguez* are detained on other very serious charges and thus will remain detained even if acquitted on all counts in the case before Your Honor.

Although Perez's counsel requested a slightly longer adjournment, the Government respectfully submits that they would have ample time to prepare for a February 24, 2025 trial. Perez's three attorneys will (as of February 24) have been handling his case for more than five months. Even assuming that Thomas Ashley is unavailable through February 24, both Michael Ashley and Husain Gatlin have 48 additional days to prepare for a February 24 trial. That is more than enough time to prepare for trial in this case, which does not involve a particularly complex set of facts. As the Court explained in its order denying Perez's motion for a bill of particulars, Perez's counsel has access to a detailed indictment, a RICO Enterprise Letter providing "extensive information about the charges against Defendant and the evidence that the Government intends to present," and well-organized discovery identifying dates, locations, videos, and NYPD files for each predicate act of violence. (Dkt. 185 at 5-6). "The indictment and the information provided by the Government is sufficient for the Defendant to prepare for trial and avoid surprise." (Dkt. 185 at 6). Given the specific information provided by the Government, and the nature of the conduct in this case, Perez's counsel can easily be prepared by February 24, 2025.

In short, the undersigned Government attorneys have been prepared to try this case on three separate dates. Those dates were all changed at the request of Perez. In order to avoid a disruptive restaffing, the Government respectfully requests a minor adjustment of the Court's schedule—effectively switching the order of this trial and the trial in *Johnson*/*Rodriguez* (a switch consented to by all parties in those other cases and which only moves this trial by two weeks). That outcome would accommodate the Government's scheduling conflicts without causing prejudice to anyone.[1]

---

[1] *Cf. United States v. Jones*, No. 18-42- CR, 2021 WL 727837, at *2 (2d Cir. Feb. 25, 2021) (noting that, in the Speedy Trial context, the district court properly "considered the unavailability of the prosecutor when granting the continuance, as it was entitled to do under the Speedy Trial Act").

For all these reasons, the Government respectfully requests that the trial in this case be scheduled for February 24, 2025.

                                            Respectfully submitted,

                                            EDWARD Y. KIM
                                            Acting United States Attorney

By:      /s/
                        Michael R. Herman / James A. Ligtenberg / Patrick R. Moroney
                        Assistant United States Attorneys
                        (212) 637-2221 / -2665 / -2330

cc:     All counsel of record (by ECF)