UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/5/2025___
```

-------------------------------------------------------------------- X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
              -v-                                   :            23-cr-99 (LJL)
                                                    :
KEVIN PEREZ,                                        :            ORDER
                                                    :
                          Defendant.                :
                                                    :
-------------------------------------------------------------------- X


LEWIS J. LIMAN, United States District Judge:

      The Court has attached to this Order a planned charge and verdict form based on the

submissions of the parties. The parties should be prepared to discuss the charge and verdict form

on the first morning of trial.

      SO ORDERED.

Dated: March 5, 2025
      New York, New York                    _____
                                                    LEWIS J. LIMAN
                                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 23-cr-99 (LJL) |
| *v.* | |
| KEVIN PEREZ, | **JURY CHARGE** |
| *Defendant.* | |

## I.    Introductory Instructions

You have now heard all of the evidence in the case as well as the final arguments of the parties.

### A.    Role of the Court and Jury

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If an attorney or a witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your role is to decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and

2

you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. I will later discuss with you how to consider the credibility—or believability—of the witnesses.

**B.      What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence. You may also consider the stipulations of the parties as evidence.

A question put to a witness is not evidence. It is only the answer that is evidence. However, if I directed you to disregard an answer, you should not consider it as evidence.

What the lawyers have said in their opening statements, closing arguments, objections, or questions is not evidence. If your recollection of the facts differs from the statements made in opening or closing, you should rely on your recollection. If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Nothing I may have said during the trial or may say during these instructions about a fact should be taken as a substitute for your own independent recollection. What I say is not evidence. Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and

3

certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

### C.    Presumption of Innocence and Burden of Proof

Now, I will instruct you on the presumption of innocence and the government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the government has the burden of proving the charges against the defendant beyond a reasonable doubt. The defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The government has the burden of proof in this case. The presumption of innocence is removed as to the defendant if and only if you, as members of the jury, are satisfied that the government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?" A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense. It is a

doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proven with mathematical certainty. The government's burden is to establish guilt beyond a reasonable doubt, not all possible doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict. On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

### D.    Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

Many material facts, such as a person's state of mind, are not easily proven by direct evidence. Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### E.    Redactions

[IF APPLICABLE Some of the exhibits admitted into evidence include redactions of certain information. "Redacted" means that part of the document was taken out. There is nothing unusual or improper about such redactions. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.]

### F.    Stipulations

[IF APPLICABLE In this case you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact or set of facts are true, and you must regard such agreed facts as true. It is for you to determine the effect or weight to give those agreed-upon facts.]

[IF APPLICABLE You have also heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called, a witness would have

given certain testimony.  You must accept as true the fact that the witness would have given that testimony in court.  However, it is for you to determine the effect to be given to that testimony.]

### G.    Limiting Instructions

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

### H.    Improper Considerations

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media platforms, or use any other electronic tools to obtain information about this case or to help you decide the case.  You must not visit any location mentioned in this case for the purpose of investigating it.  Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use any tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), Instagram, Threads, LinkedIn, Snapchat, TikTok, and YouTube.

If you become aware that any other juror is violating or has violated this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

8

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations. The only issue is whether the government has proven each of the elements of the charged offenses beyond a reasonable doubt.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. As I have explained to you, all persons are entitled to the presumption of innocence, and the government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted. The duty of imposing a sentence in the event of conviction rests exclusively with the court, and the issue of punishment may not affect your deliberations as to whether the government has proven the defendant's guilt beyond a reasonable doubt.

Under your oath as jurors, you are not to be swayed by sympathy.  I must make clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of the defendant beyond a reasonable doubt?

Reasonable doubt is not whim or speculation. A doubt based on any of the impermissible considerations I have just outlined for you is not a reasonable doubt. Similarly, a guilty verdict cannot be based on any of those impermissible considerations.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## I.    The Indictment

The defendant, Kevin Perez, has been formally charged in an Indictment.  An Indictment is not evidence.  As I instructed you at the outset of this case, the Indictment is a charge or accusation. It merely describes the charges made against a defendant.  An Indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment.  You may not consider an indictment as any evidence of the defendant's guilt.  The fact that the defendant is the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

## II.    Substantive Instructions

### A.    Summary of the Indictment

The Indictment contains four counts. Each count charges a separate offense or crime. You must, therefore, consider each count separately and you must return a separate verdict on each count.

Count One charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations, or RICO, Act. More specifically, Count One charges that from at least in or about 2017, up to and including the date that the Indictment was returned, that is, on or about February 21, 2023, the defendant was a member of an enterprise, named in the Indictment as "Sev Side," or "DOA" which I will call "Sev Side/DOA" and that he agreed with others that members of the enterprise would conduct the affairs of the enterprise through acts involving murder (including conspiracy to commit murder and attempted murder), bank fraud, and wire fraud.

Count Two charges that on or about December 16, 2021, the defendant, to maintain and increase his position in a racketeering enterprise, namely Sev Side/DOA, shot and killed Hwascar Hernandez in the vicinity of 151st Street and Amsterdam Avenue in Manhattan.

Count Three charges that on or about November 10, 2021, the defendant, along with two other men, to maintain and increase his position in the racketeering enterprise Sev Side/DOA, shot at rival gang members, and aided and abetted the same, in the vicinity of Matthewson Road and Roberto Clemente State Park Bridge in the Bronx, New York.

Count Four charges that the defendant used and aided and abetted the use of a firearm, which was brandished and discharged, during and in relation to the assault and attempted murder charged in Count Three.

## B.    Variance in Dates

You will note that the Indictment alleges that certain acts occurred on or about various dates. It does not matter if the evidence you heard at trial indicates that a particular act occurred

on a different date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

### C. Multiple Counts

You must return a separate verdict of guilty or not guilty for each count charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other count. You must analyze and evaluate the evidence separately as to each count.

### D. General Definitions: Unlawfully, Knowingly, Intentionally, Willfully

Before I turn to a description of each offense, let me define several terms that I will use throughout these instructions. Those terms are unlawfully, knowingly, intentionally, and willfully.

Unlawfully simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proved by his conduct and by all the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully. That is, Mr. Perez's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

A person acts willfully when he acts intentionally and purposely with the intent to do something that the law forbids; that is, with the bad purpose to disobey or disregard the law. It is not necessary that the person knew he was violating a particular law; it is enough if he was aware that what he was doing was in general unlawful.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a

manner of looking into a person's mind and knowing what that person is thinking. You must consider the evidence and lack of evidence in making a determination as to Mr. Perez's state of mind.

### E.    Count One: Racketeering Conspiracy

In Count One of the Indictment, the government charges Mr. Perez with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d).  The government alleges that Mr. Perez was a member of "Sev Side/DOA," and that he agreed with others that members of the enterprise would conduct the affairs of the enterprise through acts involving murder (including conspiracy to commit murder and attempted murder), bank fraud, and wire fraud.

"Racketeering," as used in this statute, is a purely technical term that is defined specifically for this statute.  The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven. The term is only a word used by Congress to describe the statute.  You should put out of your mind whatever meaning the term may have for you in ordinary English, and the term should not influence your determination of whether the government has proven Mr. Perez guilty beyond a reasonable doubt on Count One or any other count.  All that matters is whether the government has proved beyond a reasonable doubt each of the elements that make up a violation of this statute, as I'm going to define them for you.

### i.    Elements

In order to sustain its burden of proof on this charge, the government must prove, beyond a reasonable doubt, each of the following three elements:

First, that there was a conspiracy, that is, an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that Mr. Perez knowingly and willfully joined the conspiracy, that is, he agreed to be employed by or associated with the conspiracy; and

Third, that Mr. Perez agreed that either he or another member of the conspiracy would commit at least two acts of racketeering.

I'll now provide instructions as to each element.

ii.    <u>First Element: Conspiracy</u>

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in an enterprise whose affairs would affect interstate commerce through a pattern of racketeering activity.

A conspiracy is an agreement between two or more persons to violate the law. To establish the existence of a conspiracy, the government is not required to prove that two or more people sat around a table and entered into a formal agreement. You also need not find that the alleged conspirator stated in words or in writing what the scheme was, its object or purpose, every precise detail of the scheme, or the means by which its object or purpose was to be accomplished. It is sufficient if two or more people in some way or manner reached a common understanding, either spoken or unspoken, to violate the law.

In this case, the unlawful act was to participate in the affairs of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity. I will define those terms now.

a)    Enterprise

For the purposes of this case, an enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have a core of personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

In this case, the government has charged that the enterprise is Sev Side/DOA, and it is alleged to have existed as an enterprise from at least in or about 2017 to in or about February 2023.

b) Interstate Commerce

The definition of interstate commerce is the movement of goods, services, money, and individuals between states, or between states and the District of Columbia or a U.S. Territory.

Although the government must prove that the enterprise did or would affect interstate commerce, the effect need not be substantial. A minimal effect is enough. It is sufficient, for example, that in the course of the racketeering activities, members of the enterprise used wires or telephone facilities interstate. Interstate commerce includes the movement of goods, services, money, and individuals between states. The commerce affected or potentially affected need not be lawful commerce.

The government is not required to prove that Mr. Perez knew that interstate commerce was or would be affected. All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise affected or would affect interstate commerce in some minimal way.

c) Pattern of Racketeering

Finally, to prove that the acts constituted a pattern of racketeering activity, the government must prove that the acts of racketeering are related to each other and that they amount to or pose a threat of continued criminal activity. It is not sufficient for the government to prove only that two of the racketeering acts I will describe were committed. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity. To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events. To prove that the racketeering activities amount to or pose a threat of continued racketeering activity, the government must establish either that there were a series of related predicate acts that extended over a substantial period of time or that there is a threat of continued activity, for example because the acts are part of a long-term association that exists for criminal purposes, or that they are a regular way of conducting the affairs of the enterprise.

### iii.    Second Element: Membership

The second element that the government must prove beyond a reasonable doubt with respect to Count One is that at some point Mr. Perez knowingly and willfully became a member of the conspiracy charged in the Indictment.

If you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether Mr. Perez was, in fact, a member of the conspiracy, you should consider whether Mr. Perez knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objectives as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Mr. Perez had such an interest, that is a fact that you may properly consider in determining whether or not Mr. Perez was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before Mr. Perez can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether Mr. Perez joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement. It is important to note that Mr. Perez's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged conspirators, and the reasonable inferences that may be drawn from them.

A person's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, that person need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, that person need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a person, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that person a member. More is required under the law. What is necessary is that the person must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, Mr. Perez, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. If you find beyond a reasonable doubt that he has done so, then he thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

iv.    Third Element: Racketeering Acts

The third element the government must prove beyond a reasonable doubt is that Mr. Perez or another member of the conspiracy agreed to commit two racketeering acts. The focus of this element is on Mr. Perez's agreement to participate in the objectives of the enterprise to engage in a pattern of racketeering activity and not on Mr. Perez's agreement to commit the individual criminal acts. For a racketeering activity, the government must prove that Mr. Perez participated in some manner in the overall objectives of the conspiracy, and that the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that Mr. Perez himself agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the purposes of this count, the indictment alleges three types of racketeering acts, which I will instruct you on shortly. Again, the government must prove that two racketeering acts were, or were intended to be, committed as part of the conspiracy, although it need not prove that Mr. Perez committed or agreed to commit any of these acts, as long as the government proves that he knew about and agreed to facilitate in some manner the overall objective of the conspiracy.

I will now explain the law governing the three types of racketeering acts that the government has alleged. In order to convict Mr. Perez of the racketeering conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity Mr. Perez agreed,

explicitly or implicitly, would be committed, either by himself or a co-conspirator. If you find that the conspiracy did not exist, or that it did not affect interstate commerce, or that Mr. Perez was not a member of the conspiracy or enterprise, you should not consider whether the government has established any of the racketeering acts.

I'm now going to explain to you the specific types of racketeering acts that are alleged in the Indictment, which I will sometimes refer to as "predicate acts." I'm going to go through them one by one.

    a) Murder, including attempted murder and conspiracy to commit murder, in violation of New York Penal Law Sections 125.25, 105.15, 110.00, and 20.00;

    b) Wire fraud, in violation of Title 18, United States Code, Section 1343; and

    c) Bank fraud, in violation of Title 18, United States Code, Section 1344.

In a moment, I will instruct you on the substantive law of each of these offenses. Before I do, let me remind you that the government must prove beyond a reasonable doubt that Mr. Perez agreed that either he or a co-conspirator would commit two acts in violation of these statutes within 10 years of each other as part of the charged RICO conspiracy.

You will also note that for some of the charged categories of predicate offenses, the Indictment charges a violation of more than one statute. I instruct you that, in order to find that a given predicate offense was an object of the charged RICO conspiracy, you need not find that the object of the conspiracy involved violations of all the listed statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes, but you must be unanimous as to which one or ones.

    A) Murder

Under New York State law, there are two ways in which murder can be committed. Murder is committed if an individual causes the death of another, or aids and abets the killing of another, with the intent to cause the death of the victim or another person.

An individual also commits murder when, under circumstances showing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of that person or of a third person.

A person recklessly engages in conduct which creates a grave risk of death to another person when he engages in conduct which creates a grave and unjustifiable risk that another person's death will occur, and when he is aware of and consciously disregards that risk, and when that grave and unjustifiable risk is of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

Reckless conduct that results in death, however, is not enough to constitute murder. The evidence must also show that the defendant acted under circumstances evincing a depraved indifference to human life. Depraved indifference to human life refers to a person's state of mind in recklessly engaging in conduct which creates a grave risk of death. A person has a depraved indifference to human life when that person has an utter disregard for the value of human life—a willingness to act, not because he means to cause grievous harm, but because he simply does not care whether or not grievous harm will result. Depraved indifference is shown by conduct that is devoid of regard for the life or lives of others, and so blameworthy as to justify the same criminal liability that the law imposes on a person who intentionally kills.

Attempted murder is committed if a person unlawfully, knowingly, and intentionally attempts to cause the death of another and takes some act that is a substantial step towards

accomplishing the murder. I have already instructed you on the concepts of acting unlawfully, knowingly, and intentionally, and those instructions apply here as well.

The Indictment also alleges that Mr. Perez conspired to commit murder. In order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under New York State law, the Government must show the following:

First, that such person agreed with one or more other persons to engage in or cause the performance of the crime;

Second, that the person did so with the intent that such crime be performed; and

Third, that the person, or one of the people with whom he agreed to conspire or cause the performance of the conduct committed an overt act in furtherance of the conspiracy.

The term "intent" under New York conspiracy law has its own special meaning. "Intent" means conscious objective or purpose. That is, a person acts with intent that crime be committed when his conscious objective or purpose is that the crime should occur. Under New York law, the government must also prove that one of the conspirators committed an overt act in furtherance of the conspiracy. The agreement to engage in or cause the performance of a crime is not itself an overt act. The overt act must be an independent act that tends to carry out the conspiracy. The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

Finally, the Indictment alleges that Mr. Perez aided and abetted attempted murder. In a moment, I will instruct you on what it means to aid and abet a crime. You should apply those instructions here. Thus, you may find that murder was a predicate act if you find that the defendant agreed that he or a co-conspirator would commit or attempt to commit murder under New York law, or because you find that he agreed that he or a co-conspirator would aid or abet or conspire with another to do so.

B)  Wire Fraud

The government has also alleged that the pattern of racketeering activity included acts of wire fraud in violation of federal law. To prove wire fraud, the government must prove the following three elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud others, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

Second, that a person participated in the scheme to defraud knowingly and with intent to defraud;

And, third, that in execution of the scheme or artifice, a person used, or caused the use by one or more others, interstate or international wires.

A scheme or artifice is simply a plan for the accomplishment of an object. A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Fraud is a general term. It is a term that includes all the various means by which a person tries to gain some unfair advantage over another person or entity by false representations, false suggestions, false pretenses, or concealment of the truth. A pretense, representation, statement, or document is fraudulent if it was made falsely and with an intent to deceive. The deception need not be premised on spoken or written words alone.

This element does not require that any particular person actually relied on or actually suffered damages as a consequence of any fraudulent representation or concealment of facts, nor need you find that a person profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading was made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be a concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that if you find a particular statement or representation was false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision.

The government must prove that a person devised or participated in the fraudulent scheme knowingly, willfully, and with a specific intent to defraud. The words "devised" and "participated" are words that you are familiar with, and, therefore, I do not need to spend much time defining them for you. I have previously defined the terms "knowingly" and "willfully," and you are to follow those instructions here.

To act with intent to defraud means to act willfully, and with specific intent to deceive for the purpose of causing some financial or property loss to another. An individual acts with specific intent to defraud if he engages or participants in a fraudulent scheme with some realization of its fraudulent or deceptive character, and with an intension to be involved in the scheme to defraud, and to help it succeed with the purpose of causing harm to the victim.

The government need not prove that the intended victims were actually harmed, only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions, so when the necessary result of the act or scheme is to injure others, fraudulent intent may be inferred from the scheme itself. The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine. This question involves one's state of mind. Direct proof is not required to establish a person's state of mind. You may rely on circumstantial evidence to establish a person's state of mind.

The term "wire facilities" includes telephones, emails, and wire transfers. The use of the wire facilities must be between two or more states, such as a telephone call between New York and another state. It is not necessary for an individual to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged fraudulent scheme.

Thus, it is sufficient if the individual acts with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can be reasonably foreseen.

C)  Bank Fraud

The last category of criminal violations that Count One alleges was committed as part of the RICO conspiracy was bank fraud, in violation of federal law.

To prove that an individual committed bank fraud, the government must prove the following three elements:

That there was a scheme to defraud a bank;

That the individual executed or attempted to execute the scheme with the intent to defraud the bank; and

That at the time of the execution of the scheme the bank had deposits insured by the Federal Deposit Insurance Corporation.

A scheme to defraud a bank is a pattern or a course of conduct that is designed to deceive a bank into releasing money or property with the intent to expose the bank to an actual or potential loss. A scheme to defraud can be accomplished through trickery, deceit, deception or swindle. It may involve intentional misrepresentation and false suggestion or suppression or concealment of the truth.

v.    Special Interrogatories

If, and only if, you find the defendant guilty of Count One, you must then answer on the verdict sheet which racketeering acts the government has proven beyond a reasonable doubt. You must also answer whether the government has proven beyond a reasonable doubt that the pattern of racketeering that Mr. Perez agreed would be committed included the December 16, 2021, murder of Hwascar Hernandez. Each of your answers to these questions must be unanimous.

### F.    Count Two: Murder in Aid of Racketeering

#### i.    <u>Elements</u>

Count Two charges Mr. Perez with murder in aid of the racketeering enterprise charged in Count One, in violation of Section 1959 of Title 18 of the United States Code.

For you to find Mr. Perez guilty of Count Two, the government must establish beyond a reasonable doubt each of the following elements:

First, that SevSide/DOA, which is the charged enterprise, existed, and that it engaged in or its activities affected interstate commerce;

Second, that the enterprise was engaged in racketeering activity;

Third, that Mr. Perez had, or was seeking, a position in the enterprise;

Fourth, that Mr. Perez committed a murder or aided and abetted the commission of a murder; and

Fifth, that Mr. Perez's general purpose in committing this offense was to maintain or increase his position in the enterprise.

I have already defined for you in connection with Count One the concepts of the enterprise, racketeering activity, and interstate commerce, and you should apply those instructions here.

To establish the third element, the government must establish beyond a reasonable doubt that Mr. Perez had (or was seeking) a position in the enterprise. To establish this element, the

government must prove that Mr. Perez was actively engaged in promoting the illegal activities of the enterprise.

The fourth element that the government must prove in connection with Count Two is that the defendant murdered Hwascar Hernandez in violation of New York law. I have already explained for you the content and elements of the laws that define murder in the State of New York. I instruct you to follow those definitions here to determine if the government has satisfied its burden as to this element of Count Two.

The fifth element the government must prove beyond a reasonable doubt with respect to Count Two is that Mr. Perez's general purpose in committing the murder was to increase or maintain or increase his position in the SevSide/DOA enterprise.

Your focus on this element is on the general purpose of Mr. Perez. The government does not need to prove that maintaining or increasing his position in the enterprise was Mr. Perez's sole or principal motive so long as one of those purposes was a substantial motivating factor in his decision to participate in the underlying crime. In determining whether Mr. Perez's purpose in committing the murder was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination. For example, this element is satisfied if you find that Mr. Perez committed the underlying crime because he knew it was expected of him by reason of his membership in or association with the enterprise, or because it would maintain or enhance his position or prestige in the enterprise. This element could also be satisfied if you find that the Mr. Perez committed the underlying crime to enhance his reputation within the enterprise, or to avoid losing power within the enterprise. This list of examples is not exhaustive.

### G.    Aiding and Abetting

Before we turn to Count Three, I want to instruct you on the concept of aiding and abetting. This instruction applies to Count Two. It also applies to Counts Three and Four. In each of these counts, Mr. Perez is charged with committing certain criminal acts and also with aiding and abetting the commission of those acts.

Aiding and abetting is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime. Thus, Mr. Perez may be guilty of a substantive offense if he aid and abets, which means essentially that he assists another person in committing the offense. The principle that an aider and abettor of a crime is also liable applies both under federal law, where it is contained in a statute called Title 18, United States Code, Section 2, and under New York State law. The standards under federal and state law for aiding and abetting liability are the same.

Under the federal aiding and abetting statute, whoever aids, abets, counsels, commands, induces, or procures the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To counsel means to give advice or recommend. To induce means to lead or move by persuasion or influence as to some answer or state of mind. To procure means to bring about by unscrupulous or indirect means. To cause means to bring something about, to effect something.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime

was committed by the other person.  But if you do find that a crime was committed by another person, then you must consider whether Mr. Perez aided or abetted the commission of the crime.

In order to aid and abet a crime, a person must willfully and knowingly associate himself in some way with the crime, and he must willfully and knowingly participate in the crime by doing some act to help make the crime succeed.  The government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.  The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether Mr. Perez aided and abetted the commission of the crime with which he is charged, ask yourself these questions: First, did he participate in the crime charged as something he wished to bring about? Second, did he associate himself with the criminal venture knowingly and willfully? Third, did he seek by his actions to make the criminal venture succeed?

If he did, then Mr. Perez is an aider and bettor and therefore guilty of the offense.  If he did not, then Mr. Perez is not an aider and abettor and is not guilty as an aider and abettor.

### H.    Count Three: Violent Crime in Aid of Racketeering

The next count you are to consider is Count Three. Count Three charges Mr. Perez with attempted murder and assault with a deadly weapon in aid of racketeering, as well as aiding and abetting the same, in connection with the November 10, 2021, River Park Towers shooting.

####     i.    Elements

The elements of Count Three are very similar to the elements of Count Two, except that instead of considering whether Mr. Perez committed murder, you must consider whether he committed, or aided and abetted, attempted murder or assault with a dangerous weapon.

For you to find Mr. Perez guilty of Count Three, the government must establish beyond a reasonable doubt each of the following elements:

First, that SevSide/DOA, which is the charged enterprise, existed, and that it engaged in or its activities affected interstate commerce;

Second, that the enterprise was engaged in racketeering activity;

Third, that Mr. Perez had, or was seeking, a position in the enterprise;

Fourth, that Mr. Perez committed attempted murder, assault with a dangerous weapon, or aided and abetted either of those crimes; and

Fifth, that the Mr. Perez's general purpose in committing this offense was to maintain or increase his position in the enterprise.

I have already defined for you the meaning of "enterprise," "affecting interstate commerce," and "racketeering activity," as well as what it means for Mr. Perez to have a position in the charged enterprise. Those definitions apply here as well.

The fourth element is that Mr. Perez committed attempted murder, assault with a dangerous weapon, or aided and abetted those crimes. I've already instructed you on the elements of attempted murder and you should apply those instructions here.

The government charges that Mr. Perez committed assault with a dangerous weapon by committing menacing.  Mr. Perez is guilty of committing menacing if the government proves beyond a reasonable doubt:

First, that Mr. Perez placed or attempted to place another person in reasonable fear of physical injury, serious physical injury, or death by displaying a dangerous instrument; and

Second, that Mr. Perez did so intentionally.

Under New York State law,  a person intentionally places another person in reasonable fear of physical injury when that person's conscious objective or purpose is to do so.

A "dangerous instrument" is any instrument, article, or substance that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury, although death or other serious physical injury need not, in fact, be caused. Almost any object which, as used or attempted to be used, may endanger life or inflict great bodily harm can be a dangerous instrument.

    ii.    *Pinkerton* Liability

There is another method by which you may evaluate the possible guilt of Mr. Perez of Count Three (violent crimes in aid of racketeering) even if you do not find that the government has satisfied its burden that Mr. Perez personally committed or aided and abetted the commission of those offenses.

If you find, beyond a reasonable doubt, that the defendant was a conspirator and hence guilty of the RICO conspiracy under Count One, then you may also, but you are not required to, find him guilty of a substantive offense committed by a co-conspirator, provided that the government has proven the following elements beyond a reasonable doubt:

First, that the attempted murder or assault with a dangerous weapon charged in the count you are considering was committed;

Second, that the person or persons you find actually committed the attempted murder were members of the RICO conspiracy;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that Mr. Perez was a member of the conspiracy at the time the crime was committed; and

Fifth, that Mr. Perez could reasonably have foreseen that the crime might be committed by his co-conspirators as a consequence of the conspiracy.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find Mr. Perez guilty of the substantive crime charged against him, even if he did not personally participate in the acts constituting the crime and even if he did not have actual knowledge of it.

        iii.    <u>Special Interrogatory</u>

If, but only if, you find Mr. Perez guilty of Count Three, you should indicate on your verdict sheet whether your verdict on Count Three is based on attempted murder, assault with a dangerous weapon, or both.

**I.    Count Four: Firearms Offense**

Finally, the Indictment charges Mr. Perez with knowingly using and carrying a firearm during and in relation to the crime of violence charged in Count Three, or possessing a firearm in furtherance of that crime, and aiding and abetting the same. You should consider this count only if you have found Mr. Perez guilty of Count Three. If you find him not guilty of Count Three, you must also find him not guilty of the firearms offense charged in Count Four.

        i.    <u>Elements</u>

To sustain its burden of proof on this charge, the government must prove beyond a reasonable doubt each of the following elements:

First, that Mr. Perez committed a crime of violence for which he could be prosecuted in a court of the United States, that is, the attempted murder or assault with a dangerous weapon in aid of racketeering charged in Count Three;

Second, that Mr. Perez knowingly used or carried the firearm during and in relation to the crime of violence, or possessed the firearm in furtherance of that crime of violence.

The first element that the government must prove, beyond a reasonable doubt, is that Mr. Perez committed a crime of violence that can be charged in federal court. You are instructed that the attempted murder and assault with a dangerous weapon in aid of racketeering in Count Three are both crimes of violence that can be charged in federal court. If you find that the government has proven Count Three, this element will have been proven.

The second element that the government must prove beyond a reasonable doubt is that Mr. Perez knowingly used or carried a firearm during the crime of violence or that he knowingly possessed a firearm in furtherance of the crime of violence.

Most guns are firearms, although BB guns, toy guns, replica guns, and pellet guns are not. A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive. In order to prove that Mr. Perez used the firearm, the government must prove some active employment of the firearm during the crime of violence. This does not mean that Mr. Perez must have actually fired or attempted to fire the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that Mr. Perez had a firearm all constitute "use" of the firearm.

In order to prove that Mr. Perez carried the firearm during the crime of violence charged in Count Four, the government must prove that he had the weapon within his control so that it was available to him during the attempted murder. In order to prove that Mr. Perez possessed the firearm in furtherance of the attempted murder, the government must prove that Mr. Perez physically possessed the firearm or had dominion and control over its location.

Finally, the government must prove that Mr. Perez used or carried the firearm knowingly. I have previously charged you on what it means to act knowingly and that definition applies here, as well.

ii.    <u>Aiding and Abetting</u>

Mr. Perez may also be found guilty of Count Four on an aiding and abetting theory. To convict Mr. Perez of the firearm offense charged in Count Four on an aiding and abetting theory, you must also find beyond a reasonable doubt that Mr. Perez had advance knowledge that a participant in the crime of violence would use, carry or possess a firearm in furtherance of that crime.

"Advance knowledge" means knowledge at a time when the defendant can attempt to alter the plan or withdraw from it. Knowledge of the gun may but does not have to exist before the underlying crime has begun.  It is sufficient if knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it.  However, if the defendant only becomes aware the gun after he realistically could have opted out of the crime, he may not be held liable for aiding and abetting the firearm offense charged in Count Four.

You may but need not infer that Mr. Perez had sufficient advance knowledge if you find that Mr. Perez continued his participation in the crime after learning about the use, carrying or possession of a gun by a person he was aiding and abetting.

In other words, as to aiding and abetting the offense charged in Count Four, the government must prove beyond a reasonable doubt that Mr. Perez facilitated either the use, carrying or possession of the firearm or the commission of the charged crime of violence and had knowledge of the firearm when he still had a realistic opportunity to withdraw from the crime of violence.

### iii.    Special Interrogatory (Brandish or Discharge)

If, but only if, you find Mr. Perez guilty of Count Four, then you will have to make a separate determination whether the government proved the firearm was brandished or discharged.

To "brandish" a firearm means to display all or part of the firearm, or to otherwise make known to another person that a firearm is present in order to intimidate that person, regardless of whether the firearm is directly visible to that other person.  A person is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the crime of violence would display the firearm or make the presence of the firearm known for purposes of intimidation.

To "discharge" a firearm means to fire or shoot, whether intentionally or accidentally.  The defendant is guilty of using, possessing, or carrying a firearm that was discharged if you find the government has proven beyond a reasonable doubt, first, that the defendant committed the firearms offense or aided and abetted the commission of the firearms offense; and two, that the firearm in question was discharged.

If you have found the defendant guilty of the firearms offense, you must indicate on your verdict sheet whether you find the firearm was brandished, discharged, or both.

### J.    Venue

In addition to all of the elements that I have described for you, in order to convict Mr. Perez on any count of the Indictment, you must also decide whether any act in furtherance of that crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan and the Bronx.

The government need not prove that any crime was committed entirely in this district or that Mr. Perez was present here. It is sufficient to establish venue if any act in furtherance of the crime

you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to Mr. Perez that the act would take place in the Southern District of New York.

I should note that on this issue—and this issue alone—the government's burden is not proof beyond a reasonable doubt, but only proof by a preponderance of the evidence. Thus, the government has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act in furtherance of the crime charged in that count occurred in the Southern District of New York. By contrast, if you find that the government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.

## III.    Additional Instructions

### A.    Credibility of Witnesses

I'm now going to briefly discuss evaluating the credibility of witnesses.

You have had the opportunity to observe the witnesses. It is now your job to decide how believable or credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. How do you judge the credibility of witnesses? There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. You should

use your common sense, your good judgment, and your everyday experiences in life to make credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole or in part.

i.    <u>Interested Witnesses</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

      i.    <u>Prior Inconsistent Statements</u>

[IF APPLICABLE You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement.  If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness testimony.]

      ii.    <u>Government Employees</u>

You have heard the testimony of government employees. The fact that they are employed by the government does not mean that their testimony is deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness. At the same time, in considering the credibility of such witnesses, you are entitled to consider whether their testimony may be colored by personal or professional interests in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of these government employee witnesses, and to give that testimony whatever weight, if any, that you find it deserves.

### iii.    Law Enforcement Officials

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

### iv.    Cooperating Witnesses

[IF APPLICABLE You have heard testimony from witnesses who entered into agreements to cooperate with the government. The government is permitted to enter into these kinds of agreements and is entitled to call cooperating witnesses. You may convict the defendant on the basis of a cooperating witness's testimony alone if you find that the testimony proves the defendant's guilt beyond a reasonable doubt.

You should examine the testimony of each of the cooperating witnesses with great care and caution. You should look at all of the evidence and decide what credence and what weight, if any, to give to each witness's testimony. You should ask yourself whether the witness would

benefit more by lying or by telling the truth. Did the witness believe that his interest would be best served by testifying truthfully or falsely? If you believe that the witness was motivated by hope of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did that motivation color his testimony? ]

        v.     <u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

        vi.     <u>Number of Witnesses</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  Keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.  At the same time, the government is not required to prove the essential elements of either offense by any particular number of witnesses.  The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are

considering if you believe that the witness has truthfully and accurately related what they have told you.

###### vii.    Defendant as Witness

[IF APPLICABLE In this case, the defendant testified, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.]

[IF APPLICABLE The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not speculate as to why the defendant did not testify. There are many reasons why a defendant may decide not to testify. You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.]

###### viii.    Uncalled Witnesses

[IF APPLICABLE You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the government bears the burden of proof; the defendant does not. You should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called. Their absence should not affect your judgment in any way.]

ix.    <u>Testimony of Experts</u>

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

x.    <u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

xi.    <u>Particular Investigative Techniques Not Required</u>

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the

government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial, and law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

## IV. Instructions Regarding Deliberations

Your function now is to weigh the evidence in this case and to determine if the government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. You have been chosen to reach a verdict on the basis of the evidence or lack of evidence. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

You are about to go into the jury room and begin your deliberations. A list of exhibits that were received into evidence will be provided to you in the jury room. If you want to see an exhibit, you may request that. If you want any of the testimony read back to you, you may also request that. If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can so that we can identify the correct exhibit and because, in the case of testimony, the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must

resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals or the court security officer.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.  I say this not because I think it is necessary, but I remind you to be polite and respectful to each other, as I am sure you will be in the course of your deliberations, so that each juror may have his or her position made clear to all the others.

When you are deliberating, all twelve jurors must be present in the jury room.  A group of fewer than twelve jurors is just an assemblage of persons; it is not a jury.  If a juror is absent, you

must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs for the purpose of returning a unanimous verdict.

If you are divided, do <u>not</u> report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal or court security officer that the jury has reached a verdict, and you will come into open court and give the verdict.

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal or court security officer outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in

court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

At this time, the first twelve jurors will begin their deliberations in the case. The final jurors, who are alternates, will not deliberate at this time. Nevertheless, the alternate jurors are not quite excused. While the jury conducts its deliberations, you do not have to be in court, but you should give Mr. Fishman phone numbers where you can be reached, because it is possible that you could be needed to deliberate if a juror is unable to continue. Mr. Fishman will call you when deliberations are completed so that you will know you are completely finished.

Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including the other jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else. And until a verdict is reached, as I have already instructed, you may not communicate with anyone about the case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me, through Mr. Fishman, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise. The reason for this of course is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in this courtroom during the trial. Please accept my heartfelt gratitude for your service.

I am sorry that you will likely miss the experience of deliberating with the jury, but the law provides for a jury of twelve persons in this case. So before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start. Without discussing the case, you may also say your goodbyes to

your fellow jurors.

*          *          *

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow

jurors and if you apply your own common sense, you will reach a fair verdict here.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                     23-cr-99 (LJL)

KEVIN PEREZ,

                          Defendant.

## **JURY VERDICT**

Please indicate each of your verdicts with a check mark ( ✓ )

### **Count One: Racketeering Conspiracy**

As to Count One, how do you find defendant KEVIN PEREZ?

                 Not Guilty _____          Guilty _____

If and only if you find defendant KEVIN PEREZ guilty of Count One, which types
of racketeering acts do you find were involved in the offense?

    Acts Involving Murder (Committed, Attempted, Aided and Abetted, Caused Another to
    Commit, Conspiracy to Commit)

              Not Proved _____          Proved _____

    Acts Involving Wire Fraud

              Not Proved _____          Proved _____

    Acts Involving Bank Fraud

              Not Proved _____          Proved _____

If and only if you find defendant KEVIN PEREZ guilty of Count One, did the pattern of
racketeering activity include the murder of Hwascar Hernandez?

                 No_____          Yes _____

**Count Two: Murder in Aid of Racketeering – Hwascar Hernandez**

As to Count Two, how do you find defendant KEVIN PEREZ?

Not Guilty _____          Guilty _____

**Count Three: Violent Crimes in Aid of Racketeering**

As to Count Three, how do you find defendant KEVIN PEREZ?

Not Guilty _____          Guilty _____

If and only if you find defendant KEVIN PEREZ guilty of Count Three, indicate whether the Government has proven the following:

Assault with a Dangerous Weapon

Not Proved _____          Proved _____

Attempted Murder

Not Proved _____          Proved _____

**Count Four: Firearms Offense**

As to Count Four, how do you find defendant KEVIN PEREZ?

Not Guilty _____          Guilty _____

If and only if you find defendant KEVIN PEREZ guilty of Count Four, was the firearm:

Brandished?

NO_____          YES _____

Discharged?

NO _____          YES _____

_____          _____
Foreperson                                Date

_____          _____

_____          _____

_____    _____

_____    _____

_____    _____

_____