UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

      -v-

KEVIN PEREZ,

                Defendant.

------------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/07/2025
```

23-cr-99 (LJL)

<u>ORDER</u>

LEWIS J. LIMAN, United States District Judge:

    The Court has attached to this Order an updated voir dire for use at trial on Monday, March 10, 2025. Any requests for changes to the jury questionnaire shall be submitted by 8:00 p.m. tonight.

    SO ORDERED.

Dated: March 7, 2025
      New York, New York

                                    LEWIS J. LIMAN
                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | 23-cr-99 (LJL) |
| KEVIN PEREZ, | |
| *Defendant.* | |

## I.    Introduction

Good morning, ladies and gentlemen.  Welcome to the United States District Court for the Southern District of New York.  My name is Lewis Liman, and I will be presiding over the trial for which we are here today to select a jury.  The case is a criminal case entitled *United States of America v. Kevin Perez.*  I expect the trial to run for approximately two weeks.  Those of you who are selected to serve on the jury would then be excused from jury duty.  Those who are not selected to serve on the jury in this case will be eligible to serve on one of the other trials for which jury selection is scheduled to occur this week or next week.  I'll have more to say in a few moments about our schedule.

Before we get started, I want to thank you for being here.  Your presence reflects your serious commitment to your civic responsibilities.  I recognize that some of you are inconvenienced by this service.  Jury service, however, is one of the highest and most important duties of a citizen of the United States.  As the Supreme Court has recognized, "Jury service preserves the democratic element of the law, as it guards the rights of the parties and ensures continued acceptance of the laws by all of the people.  It affords ordinary citizens a valuable opportunity to participate in a process of government, an experience fostering, one hopes, a respect for law.  Indeed, with the exception of voting, for most citizens the honor and privilege of jury

duty is their most significant opportunity to participate in the democratic process." Our system of justice depends on you.

In a few minutes, if you have an extraordinary personal hardship that prevents you from serving in this case, you will have an opportunity to bring that to my attention. I emphasize the word "extraordinary" because, as I said, I know that many of you have jobs or other places that you would rather be. Unfortunately, it would be too hard for us to seat any jury at all if that were enough to excuse you from service. The parties would not get a fair trial. The hardship must be extraordinary for you to be excused. So I appreciate your full cooperation.

Our purpose today is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side. In order to do that, I am going to ask certain questions of you—questions about your personal background, your family, your beliefs and experiences, and things of that nature.

You should understand that my questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors who can listen to the evidence with an open mind and decide the issues in this case based only on the sworn testimony given in this courtroom, on whatever exhibits may be received in evidence, and on my instructions as to the law. If at any time you feel uncomfortable for any reason in answering a question in front of other jurors, just let me know and ask if you can discuss the question at the bench at sidebar, and I will discuss it with you in the presence of the attorneys and the court reporter only.

From your answers to my questions, I will be able to determine whether you should be excused "for cause"—that means, for a good reason. Your answers will also allow the parties to make informed use of their peremptory challenges. Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

My questions to you, and your answers to them, are not evidence in this case, and you should not regard them as having any bearing in this case. That said, it is very important that you not say in open court anything about the parties in this case or about any other matter that might affect the open-mindedness and fairness of the other jurors. If there are any matters that you feel should be disclosed to me that might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them. If you are excused, do not consider that a reflection on you personally. This is all part of our system of justice, which is intended to provide all parties with a fair and impartial jury. You will have done your duty by your presence here today and your readiness to serve if chosen.

## II.     Summary of the Case

Before we proceed, let me tell you a little bit about the case. As I told you a moment ago, however, nothing I say is evidence. The evidence that you will consider, if selected as a juror, will only come from the trial testimony of witnesses and from exhibits that are admitted into evidence.

This is a criminal case. The defendant has been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendant are contained in an Indictment that was voted by a Grand Jury. The Indictment is not evidence itself; instead, it is merely a document that contains certain charges that the Government is required to prove beyond a reasonable doubt. The defendant has pleaded not guilty to those charges and he is presumed to be innocent. That presumption of innocence remains with him now, and throughout the trial. The presumption of innocence is removed only if, at the conclusion of the case, after you have heard all the evidence and arguments and my instructions on the law, you decide the Government has proven the defendant's guilt beyond a reasonable doubt. You must keep in mind always that the

4

defendant is presumed innocent, that he has entered a plea of not guilty to the charges against him, and that the Government must prove beyond a reasonable doubt the charges in the Indictment.

The defendant in this case is Kevin Perez.  I will summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment charges Defendant with four crimes.  Count One charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations, or RICO, Act. More specifically, Count One charges that from at least in or about 2017, up to and including the date that the Indictment was returned, that is, on or about February 21, 2023, the defendant was a member of an enterprise, named in the Indictment as "Sev Side," or "DOA" which I will call "Sev Side/DOA" and that he agreed with others that members of the enterprise would conduct the affairs of the enterprise through acts involving murder (including conspiracy to commit murder and attempted murder), bank fraud, and wire fraud.

Count Two charges that on or about December 16, 2021, the defendant, to maintain and increase his position in Sev Side/DOA, shot and killed Hwascar Hernandez in the vicinity of 151st Street and Amsterdam Avenue in Manhattan.

Count Three charges that on or about November 10, 2021, the defendant, along with two other men, to maintain and increase his position in Sev Side/DOA, shot at rival gang members, and aided and abetted the same, in the vicinity of Matthewson Road and Roberto Clemente State Park Bridge in the Bronx, New York.

Count Four charges that the defendant used and aided and abetted the use of a firearm, which was brandished and discharged, during and in relation to the assault and attempted murder charged in Count Three.

The defendant denies the charges and has entered a plea of not guilty.

### III.    Trial Schedule

Let me now tell you a little more about our schedule.  I expect to complete jury selection promptly today.  Trial will then begin with opening statements.  We will sit every weekday until trial is over.  Counsel have advised me that they expect that this trial will last approximately two weeks.  I share that expectation.  Obviously, of course, it is possible that the trial could last a little longer, although I do not expect that it will.

Each day from Monday to Thursday, the jury sits between 9:30 a.m. and 5:00 p.m. We try to make the experience as pleasant as possible.  Each day, a light breakfast is available before trial in the jury room at 8:30 a.m. for jurors who want it.  If you are selected to serve, I will encourage you to arrive early—or at least on time—so as not to delay the other jurors and participants in the trial.  We will take a lunch break at approximately 1:00 p.m., will take a short mid-morning comfort break, and will take a midday comfort break at which refreshments will be served.  On Friday, we will sit from 9:30 a.m. to 1:30 p.m., and will take a short mid-morning break.  I make every effort to move trials along promptly and to make efficient use of your time.  As I said earlier, following the trial, you would be excused from your jury service.  Those of you who are not chosen to sit on this case will be eligible to be chosen to serve on the jury in a different case.

### IV.  Oath

We will now be handing out a questionnaire.  I will go through it with you in just a moment, and I will read aloud each question.  Please do not write on it just yet, and please do not read ahead.  But before we proceed any further, I will ask Mr. Fishman, my courtroom deputy, to administer the oath to all of you and then to fill the box.

*[Mr. Fishman administers the oath and fills the box.]*

6

## IV.    Filling the Box

Please listen carefully as I explain how we are going to proceed.

To begin, I am going to ask Juror Number One, each of the questions on the form, except for the questions on the last page under the heading "Questions for Individual Prospective Jurors," which we will get to later. Even though I will be speaking directly to Juror Number One at that time, all of you sitting in this courtroom should be paying close attention and following along on your questionnaire. If your answer to any question I ask to Juror Number One is "yes," please use your pen or pencil to circle the number of that question. Do not write your name or make any other marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."

When I finish going through the questions with Juror Number One, I will ask Juror Number Two if [**he/she**] had any "yes" answers to any of the questions. After doing so with Juror Number Two, I will do the same for Juror Number Three and so on down the line.  After Juror Number One, however, I will not re-read the questions aloud.  That is why it is very important that you listen carefully the first time and that, *as I read each question* to Juror Number One, you circle the number of the question if your answer is "yes."  It will save time for all of us if you pay attention now.

To those individuals who are in the gallery, you should also listen carefully to my questions and follow along, and also circle the number of any question to which you have a yes answer, because some of you may be called upon to take the place of a prospective juror who has been excused for cause.  If you do end up taking a seat, I will ask you to quickly tell me if you have any affirmative, or yes, answers to the questions I have asked.

If at any time those of you in the back of the room, or anyone cannot hear me, please

7

raise your hand.

After each juror tells me whether they have any "yes" answers to these questions, I will ask that juror to tell me what those answers are. If there are matters that you believe you should disclose but that might tend to influence the other jurors, I will ask you to approach the bench to discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in court, simply tell me that you would like to approach the bench.

Once I have resolved all the challenges for cause, I will ask each prospective juror the background questions at the end of the questionnaire; and the parties will then exercise their peremptory challenges.

**V.    Questions for Jurors**

<u>**Knowledge of the Case**</u>

1.    Do you believe you have personal knowledge of the charges contained in the Indictment as I have described it?

2.    Have you heard anything about this case, in the newspaper, on the radio, on the Internet, on television, in podcasts, or from others?

3.    Do you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

<u>**General Questions**</u>

4.    Do you have any difficulty in understanding or reading or speaking English?

5.    Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

6.    Do you have any other medical problems that might interfere with your service as a juror in this case?

<u>**The Parties**</u>

7.      As I noted before, the defendant in this case is Kevin Perez, also known as "Kay Flock," "Kay," and "KK."  [*Please ask the defendant to rise when identified.*] Do you know, or have you had any dealings, directly or indirectly, with Mr. Perez, or with any relative, friend or associate of Mr. Perez? To your knowledge, do any of your relatives, friends or associates know Mr. Perez?

8.      The defendant is represented by Michael Ashley, of the Law Office of Thomas R. Ashley.  Do you know or have you had any dealings with Mr. Ashley or any member of his firm?

9.      The United States is represented in this case, as in all cases, by the United States Attorney for this District.  The Acting United States Attorney is Matthew Podolsky. Appearing on his behalf in this case will be Assistant United States Attorneys Michael Herman, Ni Qian, and Patrick Moroney.  They will be assisted by Detective Matthew Lombardo of the New York City Police Department, Special Agent Rosanna Corrado of Homeland Security Investigations, and by Ananya Sankar and David Naguib, paralegal specialists in the U.S. Attorney's Office.  Do any of you know Mr. Podolsky, Mr. Herman, Ms. Qian, Mr. Moroney, Ms. Sankar, Mr. Naguib, Detective Lombardo, or Special Agent Corrado?

### **Other Persons and Entities**

10.      Do you know any of the following people or are you familiar with the following places that you may hear from or about over the course of the trial?  Please listen carefully to the list.

1.  Amanda Garrett

2.  Andras Cserenvi

3.  Anthony Caltabiano

4.  Arion Howard, a/k/a Dougie B

5. Ashanti Washington

6. Camrin Williams, a/k/a C Blu

7. Charles Awani

8. Darrell Julien

9. Demetris Lopez, a/k/a Meech

10. Devon Mason a/k/a BJ

11. Edin Bacovic

12. Ednise Sanchez-Ramirez

13. Edot Baby

14. Elyesha Cook, a/k/a Eli

15. Eric Kim

16. Ervin Beamon a/k/a EJ

17. Gabriela Salerno

18. George Hines

19. Gerard Jones, a/k/a Set Da Trend

20. Hwascar Hernandez

21. Iszayah Rowson, a/k/a Zay Munna

22. Jameson Masker

23. Jean Francisco

24. Jerel Soto

25. Jossi Castro a/k/a Jesse

26. Kara Galinsky

27. Kiesha Lawhorne

28. Leslie Briccetti

29. Lincoln Archambeau

30. Shaun O'Donnell

31. Malcolm Hanchet

32. Matthew Jacobs

33. Michael Gant, a/k/a AP

34. Miguel Alvarez

35. Nicholas Zingas

36. Nas EBK

37. Nisayah Sanchez, a/k/a Lil Nazy

38. Nicholas Johnson a/k/a Nick

39. Peter Lin

40. Rachel Crawford

41. Shaun Jaikissoon

42. Sean Smith a/k/a Sticky

43. Susan Colon

44. Vincent Reda

45. Vance Brockington

46. Xavier Rosado

47. William Garcia

A.  4646 Park Avenue, Bronx, New York

B.  151st Street and Amsterdam Avenue, New York, New York

C.  Matthewson Road and Roberto Clemente State Park Bridge, the Bronx, New York

D.  Webster Avenue and East Fordham Road, the Bronx, New York

E.  Briggs Avenue and East Kingsbridge Road, the Bronx, New York

F.  2048 Mapes Avenue, the Bronx, New York

G.  183rd Street and Prospect Avenue, the Bronx, New York

H.  Oakland Place and Prospect Avenue, the Bronx, New York

I.  824 East 181st Street, the Bronx, New York

J.  River Park Towers, the Bronx, New York

Do you know any of those people or are you familiar with any of those places?

11.     During this trial, you will also see me and members of the Court's staff, including Matt Fishman, the courtroom deputy, and my law clerks, Leah Samuel, Miriam Bial, and Bo Malin-Mayor.  Do you know any of us?

12.     Do you know anyone else in this courtroom, including other prospective jurors?

### Relationship with Government

13.     Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York, the New York City Police Department, or Homeland Security Investigations?

14.     Have you, any member of your family, or any close friend ever been employed by any law enforcement agency – federal, state, or local?

15.     Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office, the New York City Police Department, or Homeland Security Investigations?

12

16.     Have you, either through any experience or through anything you have seen or read, developed any bias, prejudice, or other feelings for or against law enforcement more generally?

17.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States? Have you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

18.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the New York City Police Department?

### Experience as a Witness, Defendant, or Crime Victim

19.     Have you ever been a witness or a complainant in any federal or state prosecution?

20.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

21.     Have you, any member of your family, any associate, or close friend, ever been charged with a crime, or ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

22.     Have you, or any of your close friends or relatives, ever been a victim of a crime?

### Case-Specific Questions

23.     During this trial, you will hear evidence regarding an alleged shooting on December 16, 2021, in the vicinity of 151st Street and Amsterdam Avenue in Manhattan that resulted in the death of Hwascar Hernandez.  Do you believe you have seen or read anything about this shooting?

24.     The charges in this case involve the illegal use of firearms.  Do you have any views about firearms or the laws making it illegal under certain circumstances to use or possess a firearm

that would make you unable to render a fair verdict on such charges?

25.     The charges in this case involve gang activity. Have you, a relative, close friend, or associate ever been involved in a gang? Have you, a relative, close friend, or associate ever had any experience of any kind with a gang? Does the fact that the charges involve a gang affect your ability to render a fair verdict?

26.     In this case, you may hear evidence of schemes to defraud various banks, including TD Bank, Bank of America, and Chase. Have you or any of your close relatives ever been employed by a bank? Have you, a relative, close friend, or associate ever been the victim of fraud?

27.     Mr. Perez has released rap music under the name "Kay Flock," and this music may be referenced at trial. Do you have prior knowledge of Mr. Perez's music? Have you heard of or read about a rap artist named "Kay Flock"?

## Witnesses

28.     The Government witnesses in this case may include agents and analysts from the U.S. Attorney's Office for the Southern District of New York and other law enforcement agencies. A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness. Would you be more or less likely to believe a witness merely because he or she works in law enforcement?

29.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case? Would you have a bias for or against the

Government because the Government conducted such a search, or used evidence obtained from such a search?

30.     You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has now pled guilty to crimes and is testifying on behalf of the Government in the hope of receiving a lower sentence. I will instruct you that the use of such cooperating witnesses is perfectly legal.  You are not required to believe or disbelieve such a witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unreliable based on your common sense and experience. Do you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

31.     You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Have you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

32.     You may hear evidence in this trial of criminal activity committed by people other than Mr. Perez.  Those other individuals are not on trial here. I will instruction you that you may not draw any inference, favorable or unfavorable, towards the Government or Mr. Perez from that fact and you also may not speculate as to the reason why other persons are not on trial. Would you have any difficulty following my instruction in this regard?

**Evidence**

33.    I will instruct you that the Government is not required to use any particular technologies or techniques when investigating and presenting evidence of a crime. Would you be unable to follow this instruction?

### Function of the Court and Jury

34.    The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant is guilty as charged in the Indictment. With this in mind, do you feel that for any reason you are not either willing or able to apply the law as stated by the Court?

35.    Under the law, a defendant is presumed to be innocent.  That presumption of innocence remains with him now, and throughout the trial.  The defendant cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

36.    In a criminal case the burden of proof remains with the prosecution. It never shifts to the defendant. For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A

person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would you have difficulty accepting and applying this rule of law?

37.    A defendant in a criminal case has an absolute right not to testify and if the defendant chooses not to testify, I will instruct you that you may not hold that fact against him or draw a negative inference from his choice not to testify. Would you have difficulty accepting and applying this rule of law?

38.    The question of punishment is for the Court alone to decide, and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent. Would you have difficulty accepting and applying this rule of law?

39.    Sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant. Would you have difficulty accepting and applying this rule of law?

40.    It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do you feel that even if the evidence established Mr. Perez's guilt beyond a reasonable doubt, you might be unable or unwilling to render a guilty verdict for reasons unrelated to the law and the evidence?

41.    Do you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

42.    I will instruct you that you should absolutely avoid reading about this case or any participants in the case in the newspapers or on the Internet or listening to any radio or television reports or podcasts concerning the case until after it is over. Would you have difficulty following this instruction?

## **Other Biases**

43.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Do you have any extraordinary personal hardship that would prevent you from serving on this jury?

44.     Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve on a jury in this case, to do so conscientiously, fairly and impartially, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

*[Discuss and resolve for-cause challenges at sidebar.]*

*[Replace struck jurors.  Ask replacement jurors if they have any affirmative answers to the questionnaire.  Resolve any additional for-cause challenges.]*

We are now going to turn to the page of the questionnaire headed: "Questions for Individual Prospective Jurors."  We will go in order starting with Juror #1.  When it is your turn, the microphone will be brought over to you.  Please answer the questions on that page.  It shouldn't take you very long.  To help guide you as to the length and type of responses I have in mind, I will briefly illustrate by answering the questions myself using more or less the answers that I would give were I in your seat.

## Questions for Individual Prospective Jurors

45.    Please provide the following background information:

(a)    How old are you?

(b)    In what counties have you lived in the past five years?

(c)    What is the highest level of schooling you have completed?

(d)    Who else lives in your home with you, if anyone?

(e)    Do you have any children? If so, what are their ages and what do they do?

(f)    What is your current employment status?

(g)    If employed, how have you been employed in the past five years? If retired or unemployed, what was your most recent occupation?

(h)    What is your spouse's or partner's profession, business or occupation?

(i)    What newspapers, magazines or websites do you read?

(j)    What television programs, streaming, radio, or podcasts do you watch or listen to?

(k)    Have you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

(l)    Have you ever at any time served as a member of a grand jury, whether in the federal, state, or county courts?

(m)    Have you ever served as a juror in either the state or federal courts?

   i.    If so, when and in what court did you serve? What type of case – criminal or civil?

   ii.    Without revealing the verdict, did the jury reach a verdict?

## VI.    Wrap-Up

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Now, we will be going to the robing room for the parties to exercise their peremptory challenges.

*[Peremptory challenges:]*

A.

- First 28 are the jury pool;
  Last 8 are the alternate pool.

- First 4 rounds [Rule 24(b)]
  Def't exercises 2 peremptories;
  Gov't exercises 1.

- Last 2 rounds
  Def't exercises 1;
  Gov't exercises 1.

- For a total of
  10 for Def't and 6 for the Gov't.

B.

- Alternates [Rule 24(c)(4)]
  Final 8 for the 4 peremptories.
  Def't exercises 2;
  Gov't exercises 2.
      = Two rounds of 1 each beginning with the defendant.

*[Excuse the sixteen strikes from the panel and the four alternate strikes.  Leaves a jury of twelve*

*and four alternates.]*

*[To the attorneys]*

Does either side have any objection to the procedures used to choose the jury in this case?

*[Return to open court]*

Ladies and gentlemen, if you are not seated on the jury panel, I thank you for your service. Please return your questionnaire and retrieve your jury card from Mr. Fishman. You can then return to the jury assembly room.

## VII.    Second Oath

Mr. Fishman will now swear in the jury.

*[After the oath, the Court will give the following preliminary instructions to the jury.]*

## VIII.    Preliminary Instructions to the Jury

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### A.    Impartiality

To begin with, you are here to administer justice in this case according to the law and the evidence. You are to perform this task with complete fairness and impartiality, and without bias, prejudice, or sympathy for or against any of the parties.

### B.    Finding the Facts

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as the Court will give it to you. You must follow that law whether you agree with it or not. Nothing the Court may say or do during the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The Court will give you instructions on the substantive law at the end of the case. For now, you are to listen closely to the evidence.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, as well as any facts that the parties agree to or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

First, statements, arguments, and questions by lawyers are not evidence. Nor are my own statements to you evidence. Only the answers given by the witnesses and the documents admitted as exhibits are evidence.

Second, objections to questions are not evidence. The lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the Court's ruling on an objection. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

When you are determining the facts, keep in mind that there are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an

eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact. An inference is to be drawn only if it is logical and reasonable to do so, and not by speculation or guesswork.

In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.

Here is an example to help you think about the difference between direct and circumstantial evidence. Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors. Also assume that the courtroom blinds were drawn and you could not look outside. Assume further that, as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, and because no witness has testified that it is raining, you would have no direct evidence of the fact that it was raining. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both direct and circumstantial evidence.

### C.    Credibility of Witnesses

One of your most important tasks as jurors is to evaluate the credibility of the witnesses who will testify before you—that is, how truthful and believable they are.  Listen carefully as each witness testifies during both direct and cross examination and consider whether the witness is telling the truth.  It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Now, how do you decide what to believe and what not to believe?  You are to listen to the witnesses, observe their testimony, and then decide as you would decide such questions in your own life.  Did they know what they were talking about?  Were they candid, honest, open, and truthful?  Did they have a reason to falsify, exaggerate, or distort their testimony?  Sometimes it is not what a witness says, but how he or she says it, that may give you a clue as to whether or not to accept that witness's version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness's testimony as reliable.

### D.    Conduct as Jurors

Now, a few words about your conduct as jurors.

First, during the trial, you are not to discuss the case with anyone, nor are you to permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate, you simply are not to talk about this case with anyone—including your spouse or partner, family, or close friends.  Do not even discuss the case with each other, your fellow jurors, until you begin your actual deliberations at the end of the trial.  This includes posting anything on the Internet about the case, whether it be on personal blogs, Facebook, Twitter (or

"X"), Instagram, LinkedIn, Youtube, TikTok, or any other form of social media. I know that many of you use cell phones, smart phones, social media, the Internet and other tools of technology. I emphasize that you must not use these tools to communicate electronically with anyone about the case in any way. This includes your family and friends.

Second, please do not, while you are serving as jurors in this trial, have any conversations with the parties, the attorneys, or any witnesses in this case, whether in the courtroom, in the hallways, in the elevators, outside, or anywhere else. By this, I mean not only to avoid talking about the case; do not talk at all, even to say "good morning" or to acknowledge any of these people. Someone seeing a juror in conversation with a party, lawyer, or witness might think that something improper was being discussed. To avoid even the appearance of impropriety, then, avoid any such contact or conversations. So I can tell you that, when the parties, lawyers, or witnesses pass you in the halls without even acknowledging your presence, they do not mean to be rude—they are simply following my instruction.

Third, do not read or listen to anything outside the courtroom that relates to this case in any way. Similarly, you are not to allow anyone to speak to you about this case. If you are approached by anyone to speak about it, politely but firmly tell them that the judge has directed you not to do so. If any person seeks to contact you about this case, you are required to report the incident promptly to me by sending me a note through my courtroom deputy, Mr. Fishman.

Also, be sure that I am informed if any person that you know comes into this courtroom. This is a public trial so this could happen. But it is important that you do not hear from them what may have happened in the court while the jury was not present. If you should see a friend or relative come into court, please send me a note through Mr. Fishman at your first opportunity.

Fourth, do not try to do any research or make any investigation about the case, the

participants in the case, the locations in this case, or the issues presented by this case. For example, do not go onto the Internet tonight and research any matters relating to this case, or any of the parties or lawyers in this case. Do not call up your lawyer friends to ask about the type of matters at issue in this case.

Finally, do not form any opinion until all the evidence is in. A case can be presented only step by step, witness by witness, until all the evidence is before you. After the evidence is presented in the case, the parties will make closing statements and then I will give you your instructions on the law. It is only at that point that you will retire to deliberate. Keep an open mind until you start your deliberations at the end of the case.

### E.    Notes

You are permitted to take notes during the trial. Mr. Fishman has given each of you a notepad and pen or pencil. Please write your name on the cover of the pad. If you do take notes, please do so only in these pads.

Remember that any notes you take are for your use only, and they are only to be used as an aid for your memory. Your memory controls. If you do take notes, be careful not to get so involved in taking notes that you are not listening to the evidence. Once you are in your deliberations, if there is a disagreement between one juror's notes and another juror's notes, or between one juror's notes and another juror's recollection, you can ask to have the court reporter read back the testimony, or to have that portion of the transcript sent to you, for it is the official court transcript that controls, not any particular juror's notes.

During the course of the trial, exhibits will be received into evidence. They will be marked by exhibit number. If there is an exhibit that you are particularly interested in seeing during your deliberations, write down the exhibit number. At the end of trial, as you begin your

deliberations, we will provide each of you with a list of all witnesses who testified during the trial, as well as a list of all exhibits that have been received in evidence.

### F.      Course of the Trial

We will now begin the trial.  As I told you earlier, the trial is expected to be done by the end of the week.  Let me tell you about the trial day.  We will begin each day Monday to Thursday at 9:30 a.m.  Please be on time.  To help ensure that we start on time, please be in the jury room by 9:15 a.m. at the latest so that we begin without delay.  I will add that a light breakfast will be available in the jury room each morning at 8:30 a.m.  You are not required to take us up on our hospitality, but in my experience, many jurors do.  The key thing is that nobody be late.  If any of you are late, we will have to wait, for we cannot start unless all of you are here, and all of us—myself, the lawyers, the parties, the witnesses, and your fellow jurors— will have to wait.  And if we lose 10 or 20 minutes every day, we may not be able to get the trial completed on time.  As to the rest of the trial days Monday to Thursday, we will take a lunch break around 1:00 p.m. and brief mid-morning and mid-afternoon comfort breaks with refreshments provided for you in the mid-afternoon.  As I mentioned, we will sit a half-day on Friday, from 9:30 a.m. to 1:30 p.m.

Now, let me tell you how the trial will proceed.  First, we will have opening statements. An attorney for the Government will make an opening statement.  Then an attorney for the defendant will have the opportunity to make an opening statement.  The opening statements are neither evidence nor argument; they are simply outlines of what the attorneys believe the evidence will show, and they are given to help you follow the evidence as it is presented.

After the opening statements, the Government will present its case.  The Government will call its witnesses, and after each witness testifies, counsel for the defendant will have an

opportunity to examine the witness.

Following the Government's case, the Government will rest.  The defendant will then have the opportunity to present a defense case should he choose to do so.  The defendant is under no obligation to present a defense.  The burden remains at all times on the Government to prove the elements of each offense beyond a reasonable doubt.  Should the defendant present a defense case, the defense witnesses will testify, and the Government will have the opportunity to cross-examine them.

After the evidence is completed and all sides have rested, the attorneys will give their summations.  This is the opportunity for the lawyers to summarize the evidence and to give their closing arguments.

Following the summations, I will give you instructions on the law.  You will then, finally, retire to deliberate on your verdict.  Then, and only then, will you discuss the case among yourselves.

You have a tremendously important task as jurors.  It is to determine the facts.  You, and not the Court, are the sole judge of the facts.  The Constitution itself recognizes your unique role in our system of justice.  So please, pay careful attention to the witnesses and evidence received at trial, as well as my instructions on the law.