

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 7, 2025

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Kevin Perez,* **23 Cr. 99 (LJL)**

Dear Judge Liman:

      The Government respectfully submits this letter in response to the Court's order regarding proposed voir dire (Dkt. No. 212) and to raise several additional matters.

      With respect to the proposed voir dire, the Government has several minor proposed revisions:

- At page 5, the sentence: "More specifically, Count One charges that from at least in or about 2017, up to and including the date that the indictment was returned, that is, on or about February 21, 2023, the defendant was a member of an enterprise . . . ." The Government intends to narrow the time period of the racketeering conspiracy so that it ends in December 2021 (when the defendant was arrested for the murder of Hwascar Hernandez). Accordingly, the Government proposes revising the sentence to read: "More specifically, Count One charges that from at least in or about 2017, up to and including December 2021, the defendant was a member of an enterprise . . . ."[1]

---

[1] This narrowing of the charged time frame does not constructively amend the Indictment. *See United States v. Wallace*, 59 F.3d 333, 337 (2d Cir. 1995) ("Where charges are 'constructively narrowed' or where a generally framed indictment encompasses the specific legal theory or evidence used at trial, no constructive amendment occurs."); *accord United States v. Salmonese*, 352 F. 3d 608, 620 (2d Cir. 2003)        .

 The Government is prepared to submit a trial indictment to address this change, as well as the re-numbering of counts resulting from the Government's decision not to proceed on Count Three (as reflected in the Court's proposed jury instructions, *see* Dkt. No. 211). As the Court is aware, it is regular practice in this District to prepare a trial indictment when the Government proceeds to trial on a narrower set of charges than those set forth in the indictment. *See, e.g., United States v. Chan Lo*, No. S3 14-CR-491 (VSB), 2016 WL 9076234, at *1 (S.D.N.Y. Feb. 4, 2016), *aff'd*, 679 F.

- At page 5, the sentence: "Count Three charges that on or about November 10, 2021, the defendant, along with two other men, to maintain and increase his position in Sev Side/DOA, shot at rival gang members, and aided and abetted the same . . . ." Because video shows that a fourth, uncharged individual participated in the shooting, the Government proposes revising the sentence to read: "Count Three charges that on or about November 10, 2021, the defendant and several others, to maintain or increase his position in SevSide/DOA, shot at rival gang members, and aided and abetted the same . . . ."

- On page 10, in the list of people/entities, the Government no longer intends to call Kara Galinsky as a witness, so her name can be deleted, but the Government respectfully requests that the name "Kyle Aiello" be added.

Second, the Government seeks permission for its summary witness, Malcolm Hanchet—a paralegal at the U.S. Attorney's Office—to remain in the courtroom during the testimony of certain of the video custodians. The Government has spoken to the defense, who does not object to this request. Mr. Hanchet will testify regarding two video compilations, and his presence for the testimony of the witnesses who retrieved the video and verified the time stamps will allow Mr. Hanchet to testify more efficiently regarding the videos. Specifically, the Government seeks to allow Mr. Hanchet to be present in the courtroom for the testimony of Detective Andras Cserenyi, Detective Jameson Masker, Police Officer Matthew Jacobs, Detective Jean Francisco, Detective Charles Awani, Detective William Garcia, and Detective Kiesha Lawhorne.

Finally, early in the Government's case it intends to offer a brief portion of bodyworn camera footage from one of the first police officers who responded to the December 16, 2021 murder. The Government obtained a business records certification for the video from the NYPD, and the Government's first witness—Detective Eric Kim—who appears throughout the video (which is from the bodyworn camera of Detective Kim's partner, Tyler Morales) will authenticate and explain the events in the video. The Government has provided the Court (via USAFx) with a copy of the proposed exhibit, which is marked GX 1108. The Government contacted defense counsel this morning to ascertain counsel's position as to the admissibility of the exhibit, and counsel has not yet confirmed the defense's position. Because the Government intends to introduce GX 1108 early in its case, it respectfully requests a ruling as to the exhibit's admissibility in advance of Detective Kim's testimony.

The video sets the scene for the jury and shows, among other things, the layout of the block on which Mr. Hernandez was shot, the location where he was when he was shot, and the actions that members of the NYPD took in the immediate aftermath of the shooting. The video contains statements from bystanders, including frantic declarations that an individual had just been shot, a description of the perpetrator, and information about the perpetrator's direction of flight. Those statements are textbook excited utterances. *See* Fed. R. Evid. 803(2). To satisfy the excited-utterance exception to the hearsay rule, the proponent must establish the following: first, that a startling event occurred; second, that the declarant made the statement while under the stress of the excitement caused by the startling event; and third, that the declarant's statement relates to the

---

App'x 79 (2d Cir. 2017); *United States v. Espinal*, 96 F. Supp. 3d 53, 57 (S.D.N.Y. 2015); *United States v. Percoco*, 317 F. Supp. 3d 822, 826 n.6 (S.D.N.Y. 2018).

startling event. *United States v. Brown*, 254 F.3d 454, 458 (2d Cir. 2001). Here, the statements were made less than two minutes after Hernandez was shot (as separate surveillance video confirms), the declarants were yelling and clearly still under the stress of the shooting that had just taken place, and the statements all relate to the shooting and the person who committed it.[2]

Such statements are not "testimonial," and thus do not raise any issue under the Confrontation Clause. The statements in GX 1108 bear the hallmarks of non-testimonial statements that the Supreme Court described in *Davis v. Washington*, 547 U.S. 813, 827 (2006), including that the declarants were "facing an ongoing emergency"; their statements were necessary to "resolve the present emergency," including statements "to establish the identity of the assailant, so that the dispatched officers might know whether they would be encountering a violent felon"; and the statements were made in a "frantic" manner, "in an environment that was not tranquil," as opposed to the statements made "calmly, at the station house," that were at issue in *Crawford v. Washington*, 541 U.S. 36 (2004).

Accordingly, the Government respectfully requests that the Court admit GX 1108.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____/s/_____
Michael R. Herman
Patrick R. Moroney
Ni Qian
Assistant United States Attorneys
(212) 637-2221 / -2330 / -2364

cc: All counsel of record (by ECF)

---

[2] In the alternative, the statements are present sense impressions, that is, statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1).