**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITIED STATES OF AMERICA | : |
| Plaintiff, | : The Honorable Lewis J. Liman |
| v. | : |
| KEVIN PEREZ | : Criminal No. 23-99 |
| Defendant. | : |

**DEFENDANT KEVIN PEREZ'S MOTION FOR JUDGMENT OF ACQUITTAL**

THE LAW OFFICE OF THOMAS R. ASHLEY, ESQ.
50 PARK PLACE, SUITE 1400
NEWARK, NJ 07102
(P) 973.623.0501
(F) 973.623.0329
(E) ASHLEYLAW@TRAESQ.COM
*Attorneys for Defendant*
*KEVIN PEREZ*

Of Counsel:
    MICHAEL T. ASHLEY, ESQ. (NEW JERSEY ATTORNEY ID: 270032021)

On the Brief:
    MICHAEL T. ASHLEY, ESQ. (NEW JERSEY ATTORNEY ID: 270032021)

*Table of Contents*

*I.   Preliminary Statement..................................... 1*

*II.  Factual and Procedural Background......................... 1*

*III. Standard of Law.......................................... 2*

*IV.  Legal Argument........................................... 4*

*A.   There was Insufficient Evidence to Convict Defendant of
Possession of Ammunition by a Convicted Felon................. 4*

*V.   Conclusion............................................... 5*

I.   **Preliminary Statement**

**COMES NOW** the Defendant Kevin Perez ("Defendant" or "Mr. Perez"), by and through his undersigned counsel, and hereby moves this honorable Court, pursuant to Fed. R. Crim. P. 29(c) for a judgment of acquittal.

II.  **Factual and Procedural Background**

This matter arises from allegations that Mr. Perez was a member of a racketeering enterprise from in or about 2017 through 2021 in the Southern District of New York and committed violent acts in furtherance of said organization.  The Government charged Defendant by an indictment filed February 21, 2023 with participation in a racketeering conspiracy in violation of 18 U.S.C. 1962(d), murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(1), murder through use of a firearm in violation of 18 U.S.C. 924(j), assault and attempted murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(3) and 18 U.S.C. 1959(a)(5), and a firearm offense in violation of 18 U.S.C. 924(c)(1)(A)(i)-(iii).

The trial of Kevin Perez began on March 10, 2025 and on that date the count for murder through use of a firearm in violation of 18 U.S.C. 924(j) was withdrawn by the Government. On March 20, 2025 the jury returned a verdicts of guilty on the remaining counts excepting murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(1) for which Mr. Perez was acquitted.

Defendant asserts that there was insufficient evidence

1

presented at trial to support the convictions returned by the jurors. For the following reasons, Mr. Perez requests that the Court grant him a judgment of acquittal.

### III. Standard of Law

#### A. Judgement of Acquittal

When deciding a motion for a judgment of acquittal for insufficiency of the evidence after the jury has found a defendant guilty, the court must determine whether, in viewing the evidence in the light most favorable to the Government, whether they have presented substantial evidence upon which a rational juror could have found the essential elements of the offenses beyond a reasonable doubt. United States v. Brown, 3 F.3d 673, 680 (3d Cir.1993); see, United States v. Coleman, 811 F.2d 804, 807 (3d Cir.1986); United States v. Castro, 776 F.2d 1118, 1125 (3d Cir.1985); United States v. Dixon, 658 F.2d 181, 188 (3d Cir.1981); Fed.R.Crim.P. 29.

"The standard is the same when an appellate court reviews a jury verdict for insufficiency. In reviewing a jury verdict for sufficiency of the evidence, [the Court] must consider the evidence in the light most favorable to the Government and affirm the judgment if there is substantial evidence from which a rational trier of fact could find guilt beyond a reasonable doubt." Brown, 3 F.3d at 680 (citation and internal quotations omitted); see, United States v. Ntreh, 2003 U.S. Dist. LEXIS 25386, *2 (D.V.I.2003). A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Samuels, 741 F.2d 570, 573 (3d Cir.1984).

The Court is not tasked with assessing the credibility of witnesses or re-weighing the evidence but, rather, is held to the jury's verdict absent a showing the prosecution failed to carry its burden to establish the essential elements of the crime at trial. United States v. Wasserman, 418 F.3d 225, 237 (3d Cir.2005); see United States v. Applewhaite, 1999 U.S.App. LEXIS 28149 (3d Cir.1999); United States v. Davis, 1999 U.S.App. LEXIS 16653 (3d Cir.1999); United States v. Thomas, 114 F.3d 403 (3d Cir.1997); United States v. Fredericks, 38 F.Supp.2d 396 (D.V.I.1999). The court must presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences. Wasserman, 418 F.3d at 237; see also, United States v. Casper, 956 F.2d 416, 421 (3d Cir.1992) (citations omitted) ("In determining whether evidence is sufficient, we will not weigh the evidence or determine the credibility of witnesses").

It is the defendant's burden to show a complete failure of the prosecution to establish the essential elements of the claim. See, Newton v. Gov't of the Virgin Islands, 2005 U.S. Dist. LEXIS 43809 (D.V.I.2005); see also, United States v. Syme, 276 F.3d 131,156 (3d Cir.2002) ("[O]nly when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict"); Casper, 956 F.2d at 421 ("Acquittal on the grounds of insufficient evidence should be confined to those cases where the failure of the prosecutor is clear"). The propriety of a post-judgment verdict of acquittal

3

is determined by whether the evidence, when viewed in the light favorable to the Government, supports the verdict. <u>Government of the Virgin Islands v. Greene</u>, 708 F.2d 113 (3d Cir. 1983), rehearing denied, 712 F.2d 824 (3d Cir. 1983), cert. denied 465 U.S. 1008 (1984).

In other words, the standard to be used in determining a motion for judgment of acquittal is whether, in the light most favorable to the Government, there is substantial evidence from which a jury could find guilt beyond a reasonable doubt. See <u>U.S. v. Jenkins</u>, 90 F.3d 814 (3d Cir. 1996). However, it is not for the judge, ruling on a motion for judgment of acquittal to assess the credibility of witnesses, weigh the evidence, or draw inferences of fact from the evidence.

**IV.   Legal Argument**

    **A.   There was Insufficient Evidence Presented at Trial for a Rational Juror to Conclude that Defendant Brandished and Discharged a Weapon**

The evidence presented at trial, when viewed in the light most favorable to the Government was sufficient to allow a reasonable trier of fact to find that:

1. Perez was never discovered in possession of a firearm connected to the November 10, 2021 shooting ("RPT Shooting");
2. Defendant was not identified by any person to be the assailant in the RPT Shooting;
3. The individual in the 4646 Park Avenue Surveillance footage wearing a blue jacket was not Mr. Perez;

4

    4.    The assailant in the RPT shooting was the individual wearing a blue jacket in the 2626 Park Avenue surveillance footage;

There is no evidence in the record, however, which would lead a rational juror to reasonably infer that Defendant brandished or discharged a firearm in connection with the RPT Shooting.

The Jury's findings in this case are cascading. The convictions are interrelated, in the sense that they are all based on the finding that Mr. Perez brandished and discharged a firearm. But for that finding, there can be no conviction for assault and attempted murder in aid of racketeering and the firearm offense. Consequently, the convictions for these offenses should be entered as acquittals.

## V. Conclusion

The jury's verdict in this case is based on mere speculation, conjecture, and suspicion, and because there is insufficient evidence for the jury's verdict to stand, Defendant Perez is entitled a judgments of acquittal as described hereinabove. For the foregoing reasons, Defendant Perez requests that this honorable Court grant his motion.

```
                                        THE LAW OFFICE OF THOMAS R. ASHLEY
                                        ATTORNEYS FOR DEFENDANT PEREZ

                                        By:
                                              _____
                                              M
```

Dated: April 3, 2025