

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 17, 2025

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Kevin Perez,* 23 Cr. 99 (LJL)

Dear Judge Liman:

      The Government respectfully submits this letter in opposition to defendant Kevin Perez's post-trial motion for a judgment of acquittal. (Dkt. 234 (the "Motion")). In the Motion, Perez appears to challenge only the sufficiency of the evidence supporting the two counts related to the November 10, 2021 shooting at River Park Towers ("RPT"), asserting that Perez should be acquitted of those counts because the evidence shows he was not the shooter. The Government has never argued that Perez was the shooter. Yet, the Motion ignores entirely the other theories of liability, such as aiding and abetting or *Pinkerton* liability, under which the jury could—and did— find Perez guilty even though he was not the shooter. The Court properly instructed the jury on those theories, and the evidence overwhelmingly supported Perez's guilt on both counts. Accordingly, the Motion should be denied.

      **I.**    **Background**

      The Indictment charged Perez with five counts. (Dkt. No. 1). Count One charged Perez with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), based on his participation in the Sev Side/DOA gang. Count Two charged Perez with murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, for the December 16, 2021 murder of Hwascar Hernandez. Count Three charged Perez with murder through the use of a firearm, in violation of 18 U.S.C. §§ 924(j) and 2, for the Hernandez murder. Count Four charged Perez with committing a violent crime in aid of racketeering—specifically, attempted murder and assault with a dangerous weapon—in violation of 18 U.S.C. §§ 1959(a)(3) and (5) and 2, based on his participation in the November 10, 2021 shooting at the River Park Towers housing complex in the Bronx (the "RPT Shooting"). Count Five charged Perez with a firearms offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) through (iii) and 2, based on the RPT Shooting.

      Perez proceeded to trial, which began on March 10, 2025. In advance of trial, the Government notified the Court that it did not intent to proceed on Count Three, murder through the use of a firearm. (For consistency with the trial indictment that was presented to the jury, this letter will refer to Counts Four and Five of the Indictment as Counts Three and Four, respectively). On March 20, 2025, the jury found Perez guilty of Count One (racketeering conspiracy) and

Counts Three and Four (the two counts related to the RPT Shooting). Perez was found not guilty of Count Two, the murder-in-aid of racketeering count.[1] (*See* Dkt. No. 231).

Viewed in the light most favorable to the Government,[2] the evidence at trial established that Sev Side/DOA is a gang based in the vicinity of East 187th Street in the Bronx, primarily between Park and Crotona Avenues, with its headquarters located at 4646 Park Avenue. (*See, e.g.*, Government Exhibit ("GX") 500A; Trial Tr. ("Tr.") 195, 267–69 (CW-1)). Sev Side/DOA had violent rivalries with other Bronx-based gangs, including the Drillys, the 800s, and River Park Towers. (Tr. 233, 246 (CW-1); Tr. 759–60 (CW-2)). To gain status or respect within Sev Side/DOA, members contributed money—which they generally earned through fraud, including by filing fraudulent unemployment claims outside of New York State—or committed acts of violence against gang rivals. (Tr. 198–99, 357–59 (CW-1)). To commit that violence, members of Sev Side/DOA frequently traveled together to rival gang territories to "spin" the block, meaning to shoot at rival gang members to gain respect. (*E.g.*, Tr. 264, 300 (CW-1)).

Perez was a member of Sev Side/DOA and one of the gang's leaders. (*E.g.*, Tr. 283–84, 448 (CW-1)). He participated in, or encouraged others to commit, multiple acts of gang-related violence, including a shooting on June 20, 2020, in the territory of the 800s gang in which four individuals were shot (GX 4101A and B, 4103, 4105, 401-4 through -8; Tr. 938–41 (Julien); Tr. 786–87, 806 (CW-2); a shooting on June 26, 2020, in which an individual in Drillys territory was struck in the mouth (GX 2357, 3102–04, 500C and 500C-A; Tr. 1002, 1012–13 (Caltabiano); Tr. 227, 231 (CW-1)); and the RPT Shooting on November 10, 2021, described further below. Perez was also an aspiring rap artist. In his music, Perez detailed and glorified acts of violence that he and his fellow gang members committed, and antagonized his gang rivals by threatening them, insulting them, and disrespecting members of their gangs who had been killed. (*E.g.*, GX 604, 604-T, 606; Tr. 809–10 (CW-2)).

Specifically with respect to the RPT Shooting, video from the early hours of November 10, 2021, showed that a gray sedan with tinted windows (the "Gray Sedan") dropped off Perez at 4646 Park Avenue—Sev Side/DOA's headquarters—pulled further up the street, and waited. (GX 2106). Perez met two other Sev Side/DOA members ("EJ" and "Nick Saint") inside the lobby of 4646 Park Avenue, then they walked out to the Gray Sedan together, which drove away. (GX 2204, 2206–07, 2106; Tr. 202–03, 226, 229–31 (CW-1); Tr. 600–07 (Hanchet)). "EJ" was wearing a bright blue sweatsuit. (GX 2206, 2106; Tr. 229–30 (CW-1)).

At approximately 2:30 a.m. that evening, a police officer who was parked in a marked police car, with its police lights on, in the River Park Towers complex observed a gray BMW—which appears to be the Grey Sedan—circle through River Park Towers several times. (GX 2106; Tr. 584–85 (Sanchez Ramirez)). The third time that the Gray Sedan circled through River Park Towers, an individual wearing bright blue clothing—consistent with "EJ"—stood up through the Gray Sedan's sunroof and fired multiple times toward a group of men who were standing on the corner in River Park Towers, before the Gray Sedan sped away. (GX 2104A through C, 2106; Tr.

---

[1] Count One (the racketeering conspiracy count) also included a special sentencing factor for the murder of Hernandez, which the jury found was not proven.

[2] *See, e.g.*, *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014).

584–89 (Sanchez Ramirez)). About six minutes after the shooting, the Gray Sedan returned to 4646 Park Avenue and parked. (GX 2106; Tr. 637–42 (Hanchet)). Perez, EJ, and Nick Saint walked back into 4646 Park Avenue, this time accompanied by a fourth Sev Side/DOA member, Devon Mason, who had presumably been driving the Gray Sedan. (GX 2106, 2205; Tr. 201–02, 229 (CW-1)). They walked into 4646 Park Avenue, through the lobby, and toward the apartment of another Sev Side/DOA member, "Meech," where the gang members often hung out. (GX 2106, 2203; Tr. 269–71 (CW-1)).

Videos from Perez's phone, which were saved down later on November 10, 2021, showed him displaying multiple firearms while wearing the same clothing as the clothing he wore during the RPT Shooting. (GX 402-1 and 402-1A through -1C; Tr. 666–71 (Reda)). Two days later, on November 12, 2021, Perez sent a message, saying "I was in rpt playing that," followed by a "party" emoticon that Perez had used elsewhere to signify the commission of a shooting in the context of a dispute with the gang based in River Park Towers. (GX 402-3, 2406, 2406A; Tr. 665–66 (Reda); Tr. 368–72)). Shortly after sending the message, Perez was arrested by members of the Yonkers Police Department for possessing a firearm while he was a passenger in a different BMW being driven by Mason. (Tr. 657–62 (Reda)).

Fellow Sev Side/DOA gang member CW-1 testified that, sometime in late 2020 or late 2021, he recalled being in Meech's apartment in 4646 Park Avenue when Perez described committing a shooting at River Park Towers. (Tr. 424–29, 544). Specifically, CW-1 recalled that, while hanging out in Meech's apartment, Perez and other Sev Side/DOA members returned to the apartment and said that they had just shot at a group of individuals in River Park Towers, and Perez showed CW-1 the gun used in the shooting. (Tr. 424–29). CW-1 testified that Perez said that they committed the shooting because rival gang members had kicked over the candles at the memorial of a deceased friend of Sev Side/DOA. (Tr. 424–29).

## II. Argument

### A. Applicable Law

#### 1. Legal Standards for Rule 29 Motions

Federal Rule of Criminal Procedure 29 ("Rule 29") permits a district court, upon a defendant's motion, to set aside the verdict and enter a judgment of acquittal. A court evaluating a Rule 29 motion must review the evidence presented at trial "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999). "A judgment of acquittal is warranted only if the evidence that [the defendant] committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013). The burden is on the defendant to make this showing, and the Second Circuit has repeatedly described that burden as "very heavy." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002); *see also United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010) (same). A defendant's burden is even heavier in the case of a conspiracy conviction, where "deference to a jury's findings is especially important . . . because a conspiracy is by its very nature a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court." *United States v. Snow*, 462 F.3d 55, 68 (2d Cir. 2006) (quoting *United States v. Morgan*,

3

385 F.3d 196, 204 (2d Cir. 2004)). A defendant may be guilty of conspiracy "even if he knows only one other member of the conspiracy, and a single act may be sufficient for an inference of involvement in a criminal enterprise . . . if the act is of a nature justifying an inference of knowledge of the broader conspiracy." *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1112 (2d Cir. 1975)).

### 2. Sufficiency of the Evidence

A defendant challenging the "sufficiency of the evidence to support his conviction 'bears a heavy burden.'" *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (quoting *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001)). "The question is not whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt, but rather, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013). A "court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004).

In considering the sufficiency of the evidence, the Court "must view the evidence in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014). The Court must analyze the pieces of evidence "not in isolation but in conjunction." *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994); *see also United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). Doing so entails applying the test for sufficiency of the evidence "to the totality of the government's case and not to each element, as each fact may gain color from others." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999). The credibility of a testifying witness is particularly within the province of the jury. *See United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011).

### B. Discussion

Perez's three-paragraph argument (Dkt. 234 at 4-5) appears solely related to his Count Three and Four convictions for the RPT Shooting. For the reasons set forth below, Perez's brief argument is meritless and the Court should deny his motion.

As the Court is aware, Count Three (of the trial indictment) charged Perez with committing an attempted murder and assault with a deadly weapon in aid of racketeering in connection with the November 10, 2021 shooting, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 2, and Count Four was a firearms offense tied to that shooting, in violation of 18 U.S.C. § 924(c). Perez was charged both as a principal and under an aiding-and-abetting theory. In addition to traditional aiding-and-abetting liability, the Court properly instructed the jury that it could convict Perez via *Pinkerton* liability. (Dkt. 229 (Jury Charge) at 28-29 (aiding and abetting); 29-30 (*Pinkerton* liability); *see Rosemond v. United States*, 572 U.S. 65, 70 (2014) ("[A] person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission."); *United States v. Gershman*, 31 F.4th 80, 99 (2d Cir. 2022) (explaining that under *Pinkerton*, a jury "may find a defendant guilty of a substantive offense that he did not personally commit if it was committed by a co-conspirator

4

in furtherance of the conspiracy, and if commission of that offense was a reasonably foreseeable consequence of the conspiratorial agreement").

In his Motion, Perez has not disputed the overwhelming trial evidence of the following facts:

- The shooting occurred on November 10, 2021 at the territory of the rival River Park Towers ("RPT") gang;

- At that time, Sev Side / DOA had a gang dispute with rival gang members in the RPT gang, the location of the shooting;

- Perez was with other Sev Side/DOA members prior to the shooting, got into the Gray Sedan with them, was still in the car when they committed the shooting, then returned to 4646 Park Avenue—the gang's headquarters—shortly after the shooting in that same car;

- Sev Side/DOA gang members gain status and/or maintain their status and position within the gang by committing acts of violence;

- Perez stated to CW-1 that he committed the shooting because rival gang members had kicked over the candles at the memorial of a deceased friend of Sev Side/DOA;

- Video from Perez's phone which were saved down later on November 10, 2021, showed him displaying multiple firearms while wearing the same clothing as the clothing he wore during the RPT Shooting; and

- Two days after the shooting, Perez sent a message saying "I was in rpt playing that" followed by a "party" emoticon that Perez had used elsewhere to signify the commission of a shooting.

Under these facts, there was ample basis for the jury to find Perez liable for aiding and abetting the November 10, 2021 shooting or under *Pinkerton*. The Supreme Court has made clear that a defendant need not provide more than a "minimal" amount of aid to qualify as an aider and abettor: "all assistance rendered by words, acts, encouragement, support, or presence" qualifies as an aider and abetter. *Rosemond*, 572 U.S. at 73; *see also Gershman*, 31 F.4th at 99 (explaining *Pinkerton* liability). Here, the evidence overwhelmingly showed that Perez was part of the team of gang members who committed that shooting, and who, at a minimum, planned it or at least encouraged it. The Gray Sedan circled the block multiple times before shooting, and Perez was part of the team that committed the shooting. After the shooting, he confided in CW-1 that he had the gun that committed the shooting. After the shooting, Perez sent a text message glorifying that he was at RPT "playing that" with a party emoji, signifying his role in committing the shooting. And the following morning Perez posted videos in same clothing of him holding multiple guns, and texted that he was in River Park Towers, using an emoticon associated with committing an act of violence. Under these facts, the jury was entitled to draw the rational—indeed, inescapable— conclusion that Perez was an aider-and-abettor and/or liable under a *Pinkerton* theory for the November 10, 2021 RPT shooting. As a result, a "rational trier of fact could have found" Perez's

guilty on Counts Three and Four. *Mi Sun Cho*, 713 F.3d at 720. Perez's Motion, therefore, should be denied.

### III. Conclusion

For the foregoing reasons, the Court should deny Perez's post-trial motion.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:       /s/
Michael R. Herman
Patrick R. Moroney
Ni Qian
Assistant United States Attorneys
(212) 637-2221 / -2665 / -2364

cc: All counsel of record (by ECF)